Case No. 25-3163

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARC WOLSTENHOLME,
*Appellant,*

v.

RIOT GAMES, INC.,
*Appellee.*

Appeal from the United States District Court For The Central District

**DEFENDANT-APPELLEE RIOT GAMES, INC.'S
SUPPLEMENTAL EXCERPTS OF RECORD
VOLUME 1 OF 6**

MITCHELL SILBERBERG & KNUPP LLP
Aaron J. Moss
Joshua M. Geller
Hannah G. Shepherd
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Appellee
RIOT GAMES, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, | ) Case No. CV 25-0053 FMO (BFMx) |
| Plaintiff, | ) |
| v. | ) **JUDGMENT** |
| RIOT GAMES, INC., | ) |
| Defendant. | ) |

IT IS ADJUDGED that the above-captioned case is dismissed with prejudice.  The parties shall bear their own fees and costs.

Dated this 12th day of May, 2025.

/s/
Fernando M. Olguin
United States District Judge

**SER 2**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|---|---|---|---|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):          Attorney Present for Defendant(s):

None Present                        None Present

**Proceedings:**        **(In Chambers) Order Re: Motion to Dismiss [80]**

Having reviewed and considered all the briefing filed with respect to Riot Games, Inc.'s ("Riot" or "defendant") Motion to Dismiss Second Amended Complaint, (Dkt. 80, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15, Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND AND PLAINTIFF'S ALLEGATIONS[1]

Marc Wolstenholme ("plaintiff" or Wolstenholme"), appearing pro se, filed his initial complaint in state court, (see Dkt. 1-1, Complaint), which Riot removed on January 3, 2025. (See Dkt. 1, Notice of Removal). After defendant filed a motion to dismiss, (see Dkt. 7), plaintiff filed a First Amended Complaint (see Dkt. 11,"FAC"), and after defendant filed a motion to dismiss the FAC, (see Dkt. 19), plaintiff filed the operative 1,218-page Second Amended Complaint ("SAC"), asserting claims for: (1) copyright infringement, 17 U.S.C. § 501; (2) vicarious copyright infringement; (3) violations of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; and (4) intentional infliction of emotional distress ("IIED"). (See Dkt. 58, SAC at 4, 7-8).

Plaintiff alleges that he owns the exclusive copyright to the manuscript, "Bloodborg: The Harvest" ("Bloodborg"), which was created between 2018 and 2019. (See Dkt. 58, SAC at 2, 5). He alleges that Riot "infringed his copyright by using the manuscript of 'Bloodborg' submitted to Riot Forge, Curtis Brown Group, and others in 2019 and 2020 to create the animated series, Arcane," which premiered on Netflix in November 2021. (Id. at 2, 5). According to plaintiff, Arcane and its promotional materials "derive narrative elements, themes, scenes, chapter/episode titles, aesthetics, trauma writing, central premise, macro and micro details, actual writing converted to visual mediums, expert skill depictions, distinct color usage, deeply nuanced motifs

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

**SER 3**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|---|---|---|---|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

and allegories, symbolism, character arcs, character personalties and backstories, and more, from plaintiff's copyrighted work." (Id. at 3); (see also id. at 5). Plaintiff alleges that "much of the trauma writing in Bloodborg, alleged to have been reused in Arcane, is derived from plaintiff's fictionalized therapeutic journaling of his deeply complex personal trauma history both in and out of the British Army." (Id. at 3). Riot's "misuse and monetization of Plaintiff's trauma and deep psychological exploration along with three years of bad faith negotiations and prolonged litigations, and malicious communications, discrimination, intimidation and harassment via email and other forms, alleged to have been sent by Riot employees, Fortiche Production employees and the wider toxic cultural climate they foster, is alleged to have caused, and continues to cause further emotional-psychological harm and suffering and financial burden on the plaintiff." (Id. at 3); (see also id. at 6).

### LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (cleaned up), "specific facts are not necessary; the [complaint] need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (cleaned up); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those

---

[2] All further "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|---|---|---|---|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

drafted by a lawyer. Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); 2 Moore's Federal Practice § 12.34[4][b] (Matthew Bender 3d Ed.) ("Dismissal under Rule 12(b)(6) . . . is also appropriate when a successful affirmative defense or other bar to relief on the claim is conclusively established on the face of the complaint.").

## DISCUSSION

I.    COPYRIGHT INFRINGEMENT.

To state a claim for copyright infringement, plaintiff must plausibly allege two elements: (1) ownership of a valid copyright; and (2) unlawful copying. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991); Rentmeester v. Nike, Inc., 883 F.3d 1111, 1116-17 (9th Cir. 2018), overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020) (en banc) (same). Unlawful copying "contains two separate components: copying and unlawful appropriation." Skidmore, 952 F.3d at 1064 (cleaned up).

Riot contends that plaintiff has failed to plausibly allege access. (See Dkt. 80, Motion at 16). The court agrees. "When the plaintiff lacks direct evidence of copying, he can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." Rentmeester, 883 F.3d at 1117. "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016) (internal quotation marks omitted).

Here, plaintiff alleges that he submitted Bloodborg to "Riot Forge, Curtis Brown Group, and others[.]" (Dkt. 58, SAC at 5); (see id. at 29) (alleging Bloodborg was submitted to "Literary, Film and Gaming talent agencies," and through "wide dissemination via email"). The SAC includes an exhibit purporting to be a "Chronology of Wide Dissemination and Access of Bloodborg the Harvest." (See id. at 32); (Dkt. 58, Exh. B ("Chronology") at 46-70). In his chronology, plaintiff claims that he submitted Bloodborg to "Riot via their online portal." (See Dkt. 58, Exh. B (Chronology) at 48, 50). But the SAC does not identify the "online portal" or other information regarding plaintiff's alleged submissions. (See, generally, id.). The chronology also lists emails that attached a copy of Bloodborg that plaintiff allegedly sent to various individuals and agencies.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 3 of 6 |
|---|---|---|

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|---|---|---|---|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

(See id. at 48-58). However, as defendant notes, (see Dkt. 80, Motion at 17-18), the SAC does not allege a nexus between Riot and any individual or agency who allegedly received a copy of Bloodborg. (See, generally, Dkt. 58, SAC); see, e.g., Loomis, 836 F.3d at 995 (access not shown by "merely . . . showing bare corporate receipt of [subject] work by an individual who shares a common employer with the alleged copier") (internal quotation marks omitted).

In his Opposition, plaintiff does not respond to defendant's arguments regarding the SAC's deficient allegations relating to access. (See, generally, Dkt. 83, Plaintiff's Opposition to Defendant Riot Games, Inc.'s Motion to Dismiss the Second Amended Complaint ("Opp") at 4-5). Indeed, rather than directly addressing Riot's contentions, plaintiff devotes the majority of his Opposition to attacking Riot and its purported litigation conduct. (See Dkt. 83, Opp at 6-9, 13-15); (id. at 12) ("Plaintiff has been the target of ongoing psychological abuse and harassment during this litigation, including impersonations, discrimination, criminal threats, bomb threats, doxxing, and child exploitation blackmail."); (id. at 13) ("Plaintiff cannot get justice without court, CIA and Government oversight into their behaviors. It is alleged that Riot Games poses a public risk and a risk to the Plaintiff."). Plaintiff's failure to address defendant's contentions regarding access is tantamount to a concession on those issues. See GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (when plaintiff failed to oppose a motion as to a particular issue, "the Court construes as a concession that this claim element [is] not satisfied;" Hall v. Mortg. Investors Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose . . . on this basis serves as a concession[.]"). Accordingly, the court will grant Riot's Motion as to the copyright infringement claim.

## II.   VICARIOUS COPYRIGHT INFRINGEMENT.

"[T]o succeed in imposing vicarious liability, a plaintiff must establish that [1] the defendant exercises the requisite control over the direct infringer and that [2] the defendant derives a direct financial benefit from the direct infringement." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1173 (9th Cir. 2007) ("Perfect 10 II"). Here, plaintiff has failed to plausibly allege that Riot exercised the "requisite control" over Netflix or any other entity that may have directly infringed his copyright. (See, generally, Dkt. 58, SAC at 1-42). Instead, the SAC alleges in one sentence that Riot "had the ability to control and supervise the infringing conduct but failed to prevent it." (Id. at 7). However, "bare assertions" and "formulaic recitation of the elements" of a claim are "not entitled to be assumed true." Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951 (internal quotation marks omitted). Thus, the court will grant Riot's Motion as to this claim.

## III.   UCL.

Because plaintiff's UCL claim is based on Riot's alleged copyright infringement (see Dkt. 58, SAC at 8) ("Defendant engaged in unlawful and unfair business practices by misappropriating Plaintiff's copyrighted material for commercial gain."), and plaintiff has failed to state a claim for infringement, his UCL claim fails. Moreover, given that both claims are premised on Riot's alleged

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 4 of 6 |
|---|---|---|

**SER 6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|---|---|---|---|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

infringement, the UCL claim is preempted by the Copyright Act.  See Davis v. Render, 2024 WL 5411327, *3 (C.D. Cal. 2024) ("Plaintiff's unfair competition law claim is based on Defendants' alleged copyright infringement and based on rights equivalent to the rights protected by the Copyright Act, and is therefore preempted.").

IV.    IIED.

Under California law, "a cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009) (cleaned up).  To be outrageous, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."  Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989); Fortson v. City of Los Angeles, 628 F.Supp.3d 976, 995 (C.D. Cal. 2022) (same).

Here, the conduct plaintiff alleges to be outrageous includes Riot's litigation conduct.  (See Dkt. 58, SAC at 3, 6, 8).  Even if the claim was not barred by the litigation privilege, see Cal. Civ. Code § 47(b); Cantu v. Resol. Tr. Corp., 4 Cal.App.4th 857, 888 (1992); Mogan v. Airbnb Inc., 2023 WL 3841742, *5 (C.D. Cal. 2023) ("The privilege extends to claims for intentional infliction of emotional distress."), the alleged conduct cannot be deemed extreme or outrageous.  See, e.g., Cantu, 4 Cal.App.4th at 888 ("Where . . a party acts in good faith to pursue its own legal rights, such conduct is privileged, even if emotional distress will result."); Moncada v. West Coast Quartz Corp., 221 Cal.App.4th 768, 781 (2013) ("While the allegations of defendants' conduct if true, demonstrate a callous disregard for plaintiffs' professional and personal well-being, the alleged conduct as stated is not extreme or outrageous to support a cause of action for intentional infliction of emotional distress.").  As such, the Motion will be granted as to this claim as well.

V.    LEAVE TO AMEND.

Rule 15 provides that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality.").  However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).

Here, having liberally construed the allegations in the SAC, the court is persuaded that plaintiff's claims cannot be saved through amendment.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Plaintiff has filed three iterations of his complaint, (see Dkt. 1-1, Complaint); (Dkt. 11, FAC); (Dkt. 58, SAC), the last of which was filed after the court granted his motion to amend, following defendant's motion to dismiss the FAC.  (See Dkt. 52, Court's Order of February 18,

**SER 7**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **May 12, 2025** |
|----------|---------------------------|------|------------------|
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

2025, at 1). Moreover, despite the SAC's 1,218 pages (including voluminous exhibits), (see Dkt. 58, SAC), and the Opposition's 650-plus pages (including voluminous exhibits), (see Dkt. 83, Opposition), plaintiff has failed to state a claim. Under the circumstances, it would be futile to afford plaintiff a fourth opportunity to state a claim. See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (cleaned up).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion **(Document No. 80)** is **granted**. The SAC is dismissed with prejudice.

2. Judgment shall be entered accordingly.

3. All pending motions, requests, or applications are denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |