Case No. 25-3163

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

MARC WOLSTENHOLME,
*Appellant,*

v.

RIOT GAMES, INC.,
*Appellee.*

---

Appeal from the United States District Court For The Central District

---

**DEFENDANT-APPELLEE RIOT GAMES, INC.'S SUPPLEMENTAL EXCERPTS OF RECORD VOLUME 6 OF 6**

---

MITCHELL SILBERBERG & KNUPP LLP
Aaron J. Moss
Joshua M. Geller
Hannah G. Shepherd
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Appellee
RIOT GAMES, INC.

**STATEMENT OF PERSONAL DAMAGE**

I have complex PTSD from an incident which placed me in a coma in the British Army at the tender age of 17 years old. I served for a further 10 years, never being medically fit and carrying many injuries and suffering from mental illness and experiencing many traumatic events until I was medically discharged in 2011. I found living in a city extremely hard due to an acquired brain injury and damage to my left ear which makes sound unbearable at times. I used many prescription, sleep and illicit drugs and alcohol to cope with my disabilities and emotional-psychological vulnerabilities.

During a belt of insomnia in the summer of 2014, I got out of bed and began writing. Writing soon became my primary means of therapy. People suffering from PTSD use journalling and trauma writing as therapy, to take agency over the past, to make sense of it and to gain control over it. A part of the problem with controlling or regulating trauma and it's affects, is that trauma is fracturing and unpredictable. Trauma is tricky, it's strange, it's oblique and foreign to the mind. It manifests in myriads of ways, disorders, emotions and behaviours. By writing it down, in journal logs or in fictional stories, the sufferer can begin to make sense of it and gain control over it. Writing also acts as exposure therapy at a safe distance, creating a bridge between ones suffering and their mind.

Its standing in the dark and not seeing monsters, it's jumping in the deep end and swimming to safety, it's watching a horror movie, then sleeping like a baby.

Thus, stealing one's trauma writing- like Riot Games are alleged to have done- is the filthiest form of copyright infringement. It constitutes Psycho-emotional abuse and privacy

violations. Its stealing one's medication, it’s akin to taking one’s inhaler away during an asthma attack. Or stealing a wheelchair from a double leg amputee. It’s filthy, and their retaliations after, have been even filthier… it is alleged.

During the period, when the work (Bloodborg: The Harvest) was alleged to have been stolen (2019-2020), I had a baby with my ex-girlfriend, and I was working as a University College Lecturer on a salary of around 37.000 a year. I was already taking on managerial responsibilities. I was due to step up into fully recognized managerial roles and was promised to be paid an extra £300 a month for the extra work I was putting in, due to start from Jan 2020. I had sold two properties to relocate to a splendid English countryside village, where I had a 3 bedroomed detached house with nature at my door. It was a short lived period of stability.

Just a few months after moving in, and a few months after my daughter was born, I split up with my ex-girlfriend, which was very acrimonious. She made many false allegations, of which the police found to be false. Lock-down hit, and I was isolated an hour away from home, alone, and not able to see my daughter, and I had fears for her safety. I turned to family court for help but was met with solicitors prolonging proceedings at the expense of child welfare. This was a period of great pressure and emotional toll. I nearly ceased to have continued living.

I started drinking heavily again. On the 4th of September 2021, I went into a pub I would not usually go in. The young football team took a disliking to me chatting with a girl I knew. My life was threatened by an older “Hard Man of the village” and I blacked out, trying to escape. A brawl of sorts took place, and in the proceeding weeks, I was arrested for GBH.

Having no previous criminal convictions or record, I now found myself faced with many false allegations from my ex, a GBH charge, isolated from my baby daughter having

not seen her for over a year, and with no job because I was too ill to continue teaching, and being forced to sell my home. During this, I could not afford solicitors for Family Court, which forced me to also, be a litigant in person, causing further harm and stress. Additionally, I was fighting very triggering MOD litigations for my War pension entitlement. This is more stress, suffering and hardship than most will ever have to endure in a lifetime, and I was doing it all at once.

During all of this, On the 24th of November 20121, Arcane aired on Netflix and it was abundantly clear that it was my Bloodborg manuscript, reworked with a facelift to mask it.

I immediately took to social media, mostly Twitter to contact Riot Games and its employees to inform them. I made sure to make my vulnerabilities and stress of all of this abundantly clear from the off. I understood that plagiarism happens but was naive to its appalling prevalence. To be honest, I thought that, after seeing the impact the infringement was having, during the most traumatic time of my life, Riot, or its founders would reach out and put these horrific crimes right or at least investigate them.

I hoped that I'd find an honest person to actually look into it. I contacted Riot Games's former CEO Nicolo Laurent, the founders of Riot Games and a bunch of others. I used both Twitter (Now X) and LinkedIn to try and find one decent human to look into the claims. Broken, and broke, I watched Christian Linke and Alex Yee (The fake writers), Nicolo Laurent and Riot's founders, voice actors, with others, celebrating at the premier. I was met with a barrage of insults and gaslighting and people calling me mad on Twitter for a number of weeks. I found gaslighting throughout Arcane's footage, as the Rioter's were calling me insane and a lunatic and other things. I'm sure I fired back some abuse in anger.

After many emails and social media messages, I received an email from Dan Chan. Dan Chang serves as Riot's General Counsel and Secretary, overseeing Riot's legal matters and legal team across its 20 offices around the globe. The email stated,

"Dear Mr. Wolstenholme,

I received a copy of your email below. Your claims alleging IP infringement are without merit.

I would appreciate if you do not inconvenience our Founders or employees with such messages going forward.

Should you wish to discuss further, please direct all legal correspondence to me as the company's counsel. Thank you.

Kind regards,

Dan"

"Without merit", before he bothered to investigate the matters.

"I would appreciate if you do not inconvenience our Founders or employees with such messages going forward."

Inconvenience what, their champagne parties on the back of my trauma writing. Whilst I was getting food payments, help with bill payments and payments to see my daughter from military charities such as SAFFA, Help for Hearos, Walking with the Wounded. The Royal British Legion (RBL) and my ex-regiment HQ at the Tower of London, RRF charity.

I then served Riot Games with a Cease and Desist letter. I Received a letter and email in response saying,

" Dear Mr. Wolstenholme,

Please see attached correspondence in response to your recent letters to various representatives at Riot Games concerning Arcane. As indicated in my letter, please direct any response to the undersigned.

Sincerely,

Aaron J. Moss"

Greenberg Glusker Letter

Amongst other things, the letter from Aaron J. Moss of Greenberg Glusker states,

1. "your claim that Riot infringed the copyright in your unpublished manuscript entitled "Bloodborg: the Harvest" (the "Manuscript") is both legally and factually baseless."

Yet they had not investigated the claims to know if this was true.

2. "Your emails appear to suggest that you hired a literary agent whom, without your permission, gave or sold the Manuscript to Riot. This is simply false. Riot did not purchase or acquire your Manuscript to create Arcane."

Yet they had not investigated the claims to know if this was true.

3. “Rather, the program was developed in-house by Riot and its employees over a period of many years.”

Yet it can be evidenced that this is untrue and not even the 10 year anniversary video was being worked on until the summer of 2019, less for a few failed “Fight Porn” pilots.

4. “The show is not based on any acquired property; to the contrary, and as you know, the show is based on underlying Riot IP from League of Legends, and much of the characters, settings, plots and other copyrightable elements of Riot’s property were first created more than a decade ago.”

Yet every character, location, setting, backstory, appearances and even technologies in the show have been retconned, mostly beyond recognition, making them astonishingly similar to the world and characters of Bloodborg.

5. “To be clear, neither Riot nor the individuals who helped create Arcane ever received a copy of your Manuscript.”

And yet, I personally sent it to Riot Forge and the agents who cast the biggest actors in the show.

6. "…but please understand that there is absolutely no truth to your suggestion that your manuscript made its way into Riot's hands."

So sure, without even investigating, shows a lack of honesty and integrity and a willingness to say anything to gain advantage and to mislead.

7. "In the absence of evidence that Riot had any access to your work, you cannot state a copyright claim as a matter of law."

This statement was somewhat misleading because it oversimplifies copyright law. While access to the allegedly infringed work is a key factor in proving copyright infringement, it is not the only requirement. While lack of access can weaken a copyright claim, substantial similarity alone can sometimes suffice to infer copying, particularly if the similarity is so striking that independent creation is unlikely. Courts sometimes allow cases to proceed even without direct evidence of access if the similarities are extraordinary. If Riot's work is "strikingly similar" to the plaintiff's work, a claim could still be viable even without direct proof of access. Yet I was misled, in a vulnerable state.

8. “While we do not have a copy of your manuscript that would allow us to fully evaluate your claims, it is abundantly clear that there is no possible claim for copyright infringement based on the so-called “similarities” you have identified in your correspondence.”

And yet 100s of “strikingly similar” elements were provided, which now amounts to 1000s, including the whole of the plot structure.

9. “Whether or not you truly believe that your work has been copied (which is, emphatically, not the case), you appear to be operating under a fundamental misunderstanding of United States copyright law.”

This is now understood to be false and misleading.

10. “In order to establish a claim of copyright infringement under the U.S. Copyright Act, a plaintiff must show that two works are “substantially similar” in creative expression (as opposed to simply ideas) based on both an extrinsic and an intrinsic test. Funky Films, Inc. v. Time.”

And yet more than enough pre-litigation evidence was provided to show that I had a case to pass both the extrinsic test and the intrinsic test.

11. "The supposed comparisons you cite in your correspondence are exactly the sort of things that copyright law does not protect. You cite stock concepts like the fact that Arcane follows a group of orphans, and that there is a "stocky and rough leadership figure who helps children and is revered as a hero." Those are merely ideas that are simply not protected by United States copyright law."

This was misleading and oversimplifying of my case and complaints.

12. "This fact does not change even when you list dozens of purported "similarities."1 Under applicable law, lists of similarities are "inherently subjective and unreliable," and federal courts will not rely on such lists of "random similarities scattered throughout the works" to find substantial similarity. Litchfield v. Spielberg, 736 F.2d 1352, 1356 (9th Cir. 1984). For that reason, United States courts routinely dismiss copyright infringement claims based on allegations of similarity far more extensive than those you have identified. E.g., Shame on You Productions, Inc. v. Elizabeth Banks, 120 F. Supp. 3d 1123 (C.D. Cal. 2015); Wild v. NBC Universal, Inc., 788 F. Supp. 2d 1083 (C.D. Cal. 2011); Zella v. E.W. Scripts, Co., 529 F. Supp. 2d 1124 (C.D. Cal. 2007)."

This was misleading, false representation of my case and oversimplifying of my case and complaints.

13. "In your letter, you incorrectly assert that you would be entitled to statutory damages or attorney's fees if you were to sue Riot for copyright infringement. Not so. Your Manuscript does not appear to have been registered with the United States Copyright Office, and statutory damages and attorney's fees are therefore unavailable. 17 U.S.C. § 412 (no award of statutory damages or of attorney's fees shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration)."

This statement is misleading by omission because it fails to inform me of the three-months grace period for published works under 17 U.S.C. § 412.

14. "Please note that the "similarities" you cite are not similar in the first place. Even trivial comparisons are grossly misrepresented in your attachments—your comparisons between a "maroon vail" (sic) and Vi's hood, or a bar called "The Last Drop" and your use of this ordinary phrase in an entirely different context (referring to the last bit of some food) simply underscore your allegations' lack of viability. "Ordinary words and phrases are not entitled to copyright protection, nor are 'phrases or expressions conveying an idea typically expressed in a limited number of stereotyped fashions.'" Bernal v. Paradigm Talent & Literary Agency, 788 F. Supp. 2d 1043, 1071 (C.D. Cal. 2010)."

This again, is a complete misrepresentation of my claims and my evidence.

15. “It is instead Riot that would be able to recover any attorney’s fees it is required to expend defending any of your frivolous claims. Please understand that this means that if you pursue legal action against Riot you will be exposing yourself to substantial monetary liability. Riot will not hesitate to pursue all available legal remedies in connection with your allegations.”

In my state of distress and anger and upset at my trauma being misused like this, I felt small, bullied, exposed and vulnerable. I felt too weak and poor and too much pressure to take on such a giant under the already, almost unbearable pain and suffering of this period, of which I had informed Riot and it’s solicitors of. Riot’s legal team is clearly aggressive, and this is an attempt to intimidate me into dropping any potential claims. And it worked when I was suffering and nearly dead, shame on you. This is a textbook corporate intimidation tactic. They wanted me to feel helpless so that I would drop my claim without challenging them. But the legal reality is very different from the aggressive picture they painted. This is not only bad faith but a long pattern of aggressive bullying and emotional abuse against a vulnerable party.

16. “Our law firm regularly defends cases like yours and courts invariably dismiss them at the outset of the lawsuit. We have no doubt that the same result would obtain were you to pursue your baseless claims.”

I felt that this was a big bully threat to have the case kicked out before the Judge has even had a chance to look at the evidence. This is what Riot has been trying to achieve over

and over, relentlessly with their spurious motions to dismiss to cause further harm and distress. This statement is highly aggressive and misleading, designed to intimidate and discourage me from taking legal action.

17. “I note that you have stated in your correspondence that you do not want the stress of having to fight for years over your supposed copyright claims. Because your allegations of infringement are entirely misguided and based on a serious misunderstanding of copyright law, I urge you to follow your own advice and not waste any more of your energy pursuing these meritless allegations. Your requests for a face-to-face meeting with Riot’s executives and for compensation are rejected in full.”

This response is not legal truth—it is intimidation against a weaker and extremely vulnerable party, in the midst of the most traumatic time of his life, and it’s his trauma writing which is being raped to the bone for all to see, in a pseudo-moralistic manner in which it wasn’t intended, which is alleged to have been used to present a front of false change, diversity and understanding, at a time when Riot was being sued and sanctioned by the state for horrible crimes against thousands of women and employees. Including sexual harassment allegations against the CEO, Nicolo Laurent who greenlit the show in mid (May) 20220.

This response, leaning on my mental health to prevent justice and to cause me to drop the claims, is not just ethically and legally wrong, its devilishly aggressive, malicious and wicked. This response from Riot’s legal team is condescending, dismissive, and designed to

pressure me into abandoning my claims. It is not a neutral or legally objective statement but rather a strategic intimidation tactic, which is still continuing three years later.

**After the letter.**

Upset and unable to take much more, I was wrongly led to believe that the whole world was against me and everyone in the world are oppressive bullying and heartless cheaters. I nearly didn't make it out of this period. Whilst Riot and their aggression, intimidation and lies did not cause my Complex PTSD, they did cause and continue to cause extreme amounts of emotional and psychological pain and suffering. I deleted Twitter and headed over to LinkedIn. The first post I read was an Asian / Mixed race Rioter saying, "Hey guys, there is some lunatic over on Twitter saying that he wrote Arcane."

I deleted that too, further isolating myself in suffering, an hour away from my support network and family, during a pandemic, having not seen my baby daughter for over a year. During this time, I watched the fake showrunners, and fake writers take credit for my work, gain awards on my work and be praised for their trauma writing on Arcane, which is my direct real life trauma and suffering, fictionalised. All the while, they knew of the origins of the trauma writing and the effect this was having on me, and yet they attended award ceremonies and parties and interviews and lied about the development of Arcane and even built false timelines to hide their theft. Moreover, Linke and Yee took to interviews, belittling female interviewers, bragging about a Nazi like one-mistake policy now that they are "Bosses", whilst sternly dead eyeing the camera as they give it their best batman voice. And they obsessively called everything fight porn.

Then they even made Bridging the Rift which is clearly full of falsehoods, lies and self-aggrandising, whilst knowing that Arcane is stolen goods. They fraudulently took advantage of tax brakes in at least three different countries, non-sexually groomed minors working for Riot, bragged about how they take the mature themes (which are stolen) of diversity seriously whilst others do not, and ignored the interventions of their own peers at Riot, Bro-mancing about with CEO Nicolo Laurent- who was allegedly sexually harassing young female employees - on the Riot "Fuck bout and get paid" machine and effectively deleted years of work, amounting to millions of dollars, and the ideas of real creatives to feed all of Riot's lore into my narratives, retconning everything, and then firing off 11% of the work force, which accounted for all the narrative teams, because they now had my narratives as the answer to their discombobulated lore and backstories, and they also fired and closed down Riot Forge and it's teams, which my manuscript was sent to. Additionally, soon after I officially opened these proceedings, Linke "Resigned" blaming haters online. Even in his exit, he had to give it the self-pitying, passive aggressive blaming tactic.

Because of the added stress and pressure, in a state of hyper arousal, I sent many aggressive emails to the family court. I was charged with malicious communications and sent to Prison for 5 weeks, then spent a further 5 weeks on tag in my home, and a year on probation. I lost my house and had to move back to the city. I haven't seen my daughter out of a contact centre for 5 years, costing over £500 a month to see her for only 2 hours. I haven't returned to work since and may never go back to a "Job" and will never teach again.

If I had the money I should have had from Riot Games, or from my manuscript, I would never have gone to prison. I would have been able to pay for a proper solicitor, thus I

would have not been acting as a litigant in person. I've lost 5 years of my daughter's life. I've lost my home, my career and so much more. I've been blacklisted from the Literary Industry for speaking out about the prevalence of IP theft from some of the biggest agents and agencies, including "Mega Agent" CEO Jonny Geller and Felicity Blunt of The Curtis Brown Group and their parent company United Talent Agency (UTA), both of which are alleged to have been involved with casting of Arcane, securing an undoable  amount of screen time for their talents, without underhanded input, and this has provided many avenues of earning for them, from Arcane.

How on earth do you calculate the pain and suffering of missing your only child's first walk, first tooth, first words, and every early development milestone?  This is truly sick.

Since then, I've spent countless hours of communications with Riot and it's solicitors and had to face more and more criticism and name calling and horrible hate mail from Rioters, people at fortiche, gobelins animation and the wider toxic community Riot fosters around it. Since talking out about Riot's alleged theft, I have received much hate mail, including a bomb threat, gaslighting, and I have been discriminated against, and my daughter has been targeted with threats of sending AI child porn of her to her school and to her mother. I have been called many names, mostly a lunatic.

The things being said and sent over emails to my website, from both Riot and Fortiche and from the unhealthy, toxic and dangerous community Riot fosters, are perceived to be horrendous, retaliatory and threatening. Most of it is directed at my mental health, gaslighting, telling me that I am mad, presenting all kinds of fake timelines dating back to 2012, threatening to steal more of my work, and calling me a Transphobic Racist Loser, as well as Christian Linke

condoning murder on X, saying that Fortiche should bring back the guillotine. This is all bad, but the worst is targeting of my daughter. One of the hate mail emails said, "this is why family court took your daughter lmao you are deranged af." I've been raging about this and wrongly took to X to spread what Riot have done to me and my work. Riot's community, and Rioters, got me suspended from X further harming my brand.

I've spent countless hours learning litigations, investigating and compiling evidence. All of this needs to be calculated into the final settlements.

**COST AND PROFITS OF ARCANE.**

The case is unlimited, I've issued them with a without prejudice save to cost letter, stating my settlement demands. I've stated between 10 million to 100 million pounds. However, this was before the abuse and intimidating and unethical legal practices continued, which has caused more harm, time and emotional toll. Moreover, Arcane has now progressed into all lore, and future cinematics and plans at Riot Games. Thus my work is deeply entwinned into all products of Riot Games and their characters and settings. Even Zaun and Piltover have been shaped to fit my narratives.

Arcane related reports indicate that the two seasons of Arcane cost approximately $250 million to produce and market. But this is not trustworthy.

Revenue from licensing deals was limited, with Netflix paying about $3 million per episode and Tencent contributing an additional $3 million per episode for distribution in China. These payments covered less than half of the total production costs. This equates to 108

million. But the real profit is loss leader accumulation. Arcane drives more players to their games, it introduced more profitable and playable characters for their games, it fixed their dodgy inconsistent lore of all their products, it gave them more revenue of skins and aesthetics for in game products, as well as making their games more profitable and sort after and better all-round. It also branched Riot into TV, animation and live action markets.

Because of these copyright cases, I have been unable to launch the M.W. Wolf Megaverse of fiction, which has the potential to be massive, I have an interwoven literary Megaverse which will span many different mediums of storytelling, plus I have the MegaGen Universe with over 600 characters which could be a rival to the MCU. I have been sidelined by copyright infringements and Netflix seems to be the go-to for stolen IP with my work showing up on their streaming platform more than once after I had submitted it, mostly to a Curtis Brown agent in the UK. Thus I've struggled to breakthrough, which of course is anti-competitive.

I've proven that they have consistently lied about timelines. I've shown 100s of examples of direct infringements. I can evidence that many elements of the animated show and promotional materials derive narrative elements, themes, aesthetics, and character arcs and more from my Bloodborg manuscript which I submitted to Riot Forge in early 2020, when there concept was failing, then they got the greenlight after receiving my manuscript. Even the Psycho-Emotional states, events and traumas which give the show it's tone and appeal, are directly lifted from my trauma writing which is directly referencing my medical records and past traumas.

Riot are playing the big bully game at the moment, but I'll keep fighting until I get results.

**COST CALCULATION BREAKDOWN**

**(For Scrutiny and adjustment, adding as the case progresses)**

**1. Economic and Financial Damages**

Unrealised Revenue from Plaintiff's Creative Properties (£500 million)

Estimate based on industry norms for original intellectual property (IP) of this scale.

Comparable licensing deals (e.g., Netflix, Amazon Studios) for IP of similar magnitude.

Lost opportunity for books, films, games, and transmedia franchises.

Loss of Career and Financial Stability (£185,000)

Salary as a lecturer (£37,000/year).

Missed promotions and future earnings over five years.

Family Court Costs (£30,000)

Legal fees for child contact proceedings (£500/month for supervised contact).

Litigation and Administrative Costs (£1 million)

Time spent self-representing (thousands of hours at reasonable hourly rates).

Costs of legal research, document filing, evidence compilation.

**2. Emotional and Psychological Damages**

Intentional Infliction of Emotional Distress (£100 million)

Precedents in high-profile emotional distress claims.

Impact of stolen trauma writing & Riot's retaliation on Plaintiff's mental health.

Comparable damages in defamation & harassment lawsuits.

Impact on Family Life (£50 million)

The emotional toll of losing access to child due to financial/legal struggles.

**3. Reputational Harm**

Damage to Plaintiff's Creative Brand (£25 million)

Blacklisting in publishing/entertainment industries.

Loss of reputation, missed collaborations.

Defamation and Retaliation (£10 million)

Psychological harm from Riot's gaslighting and public attacks.

Industry-wide reputational damage.

**4. Anti-Competitive Practices (£50 million)**

Unfair Competition under California Law

Riot's exploitation of IP to dominate industry & block Plaintiff's entry.

Estimated market loss based on industry projections.

5. Punitive Damages (£500 million)

**Why so high?**

Riot's repeated history of unethical behaviour (e.g., lawsuits, toxic workplace culture).

Court-imposed penalties for misconduct, ethical violations, and deliberate harm.

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on February 23, 2025, at Coventry, England.

Respectfully submitted,

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: February 23, 2025

Signed: M.WOLSTENHOLME.

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>Plaintiff,<br>vs.<br>RIOT GAMES, INC.,<br>Defendant | CASE NO. 2:25-CV-00053-FMO-BFM<br>HON. FERNANDO M. OLGUIN<br>PLAINTIFF'S EXHIBIT R- DECLARATION OF ADR ATTEMPTS- EVIDENCE OF GOOD FAITH NEGOTIATIONS<br>FEBRUARY 23, 2025 |

Dated this: FEBRUARY 23, 2025

M.WOLSTENHOLME

[MARC WOLSTENHOLME]

DECLARATION OF ADR ATTEMPTS

EVIDENCE OF GOOD FAITH NEGOTIATIONS

**1. Introduction:**

I, Marc Wolstenholme, am the plaintiff in this matter, representing myself pro se. This declaration is to log my ADR attempts and my Evidence of Good Faith Negotiations, to submit additional evidence relevant to my claims against Riot Games, Inc. for copyright infringement, unfair competition, and intentional infliction of emotional distress. This shows that I have made attempts to mitigate costs and prove my reasonableness in a number of failed ADR attempts.

**EMAIL FEBRUARY 13, 2025**

***ADR attempts- Without prejudice save as to costs- Update.***

*My First Without prejudice save as to costs letter, Tue, 7 Dec 2021 at 22:26, would have settled things, and saved both parties a whole lot of trouble for what amounts to pocket change for Riot. When things go south, I can show I tried to limit the damage.*

*Many Thanks,*

*Marc Wolstenholme*

***First Attempt- Tue, 7 Dec 2021 at 22:26.***

*"My silent settlement proposal is for Riot to pay me £200,000 pound sterling for my work and my writing name (M.W. Wolf) to be added to the credits as a ghost-writer and thus I can add a writer involved in the source material of Arcane to my writing credentials."*

***Second Attempt - 20/11/2024***

*"Option A: The price of exposure.*

*1, Linke is exposed and fired, he makes a public apology for his fraudulent activities.*

*2, I am given credits as the true source material writer of Arcane.*

*3, I receive royalties for the next 100 years.*

*4, I am paid 10 million in English Pounds as damages.*

*5, I can speak about this IP infringement and the 4 open cases in public and in the media as I please.*

*6, I'd quite like a free trip to Riot and LA out of this to settle and show no lingering ill will, all paid for by you- you gotta love a freebie.*

*7, I'm free to open whatever other cases I please against Linke, Netflix, Riot, Fortiche and anyone else that I wish.*

*Option B: The price of silence.*

*1, Linke keeps his position (If you wish to still harbour thieves) and is not exposed but he admits subconscious IP infringement after reading my manuscript of Bloodborg. You can say what you like, perhaps something like, "you looked back through the developmental material and found that my manuscript was being considered, thus this did amount to subconscious IP infringement, and you have taken the steps to correct it."*

*2, I am given credits (Not primary) as a collaborative writer of Arcane.*

*3, I receive lesser royalties for the next 100 years.*

*4, I am paid 100 million in English Pounds as damages.*

*5, I cannot speak about this IP infringement and the 4 open cases in public nor in the media.*

*6, I'd still quite like a free trip to Riot and LA out of this to settle and show no lingering ill will, all paid for by you- you gotta love a freebie.*

*7, I will not open any cases against you, or the other named people and organizations named or not named in connection to these 4 cases.*

*If we don't settle.*

*1, I'm taking all Arcane and all of its profits.*

*2, I'm stripping out all traces of Arcane and everything in connection to it.*

*3, I now own the characters you have shoehorned into my narratives as they are fused.*

*4, I own all of your Lore as it has been backdated to fit Arcane.*

*5, I'll sue the hell out of who I want until the end of days and then some, with Linke at the very top of the list.*

*6, I'll involve whoever I like into these proceedings including a long list of actors, producers, companies and government agencies.*

*7, I'll snowball these four cases into 10 before the end of the year and I'll snowball those into wider global concerns and cases for the rest of my days to show how you have mistreated me."*

***Third Attempt- 19/12/2024***

*"I'm feeling festive and forgiving, also, I have a lot of personal stuff and litigations finally being resolved in the new year. I want closure from all the negative stuff so that I can concentrate on writing and being a father.*

*Thus, a one time offer to settle quietly and swiftly.*

*The offer-*

*1, I am paid 10 million in English Pounds.*

*2, This payment is paid as compensation.*

*3, I'll sign your NDAs and never speak about this again.*

*4, You will not hear from me ever again and I'll remove all of the evidence and negativity towards Riot from my posts and documents and future plans.*

*5, I'd still quite like a free trip to Riot and LA out of this to settle and show no lingering ill will, all paid for by you- you gotta love a freebie.*

*6, I will not open any cases against you, or the other named people and organizations named or not named in connection to these 4 cases.*

*All done and dusted, settled and everyone can move on.*

*I have two very important UK cases on Jan 7th and Jan 8th 2025. After this the Riot Games cases will be top of my agenda.*

*Merry Christmas and Happy New Year."*

**Fourth Attempt- 13 February 2025.**

External

Inbox

Marc Wolstenholme <marc@mwwolf-fiction.co.uk>

21:43 (1 hour ago)

to Aaron, dan.chang, Joshua, contact, andrew.gardner

Dear Aaron,

Thank you for a pleasant exchange in the conference today. It makes things easier.

I understand that Riot are extremely unlikely to settle at this point, but I'll make them an offer anyhow, I'm mapping a history of my ADR attempts.

Fourth Attempt- 13 February 2025.

1, My bottom end of negotiations is now 20 million British Pound Sterling.

2, Like the other offers, it will increase with every legal technicality attempted and with every step of proceedings I am forced to endure.

3, I still want a trip to LA to finalise, all paid for by Riot- you gotta love a freebie.

4, We can negotiate all over points.

Offer Expires February 28th, 2025.

**Final Offer- ADR attempt 5.**

*ADR attempts- Without prejudice save as to costs- Update (17/02/ 2025) and PLAINTIFF'S DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 3 OF ARCANE*

*Marc Wolstenholme <marc@mwwolf-fiction.co.uk>*

*Attachments*

*Mon 17 Feb, 18:07 (6 days ago)*

*to Aaron, dan.chang, Joshua*

*Dear All,*

*Please see the attached which is filed under docket 50- PLAINTIFF'S DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 3 OF ARCANE.*

*Final Offer- ADR attempt 5.*

*A nice pleasant one before I have a brake- after writing court documents all weekend and all Monday-to walk my dog.*

*1. 50 million British Pound Sterling.*

*2. I walk away, sign the hush money NDA and shake hands, no lingering resentment. I'll never talk about it again.*

*3. We might have to discuss a few points, such as no more infringement of the M.W. Wolf material but you keep characters, Arcane, and stuff you have already built from it.*

*4. I'd still quite like a free trip to Riot and LA out of this to settle and show no lingering ill will, all paid for by you- you gotta love a freebie.*

*5. I'd love it if you toss CBG under the bus with it, but it's not a dealbreaker.*

*This deal expires the moment I am further harmed, frustrated or lose sleep over these proceedings.*

*If it hasn't already by then, this deal will expire on February 27th 2025, when the Judge kicks out your delay tactics.*

*If you require delay for a reason but are willing to settle, I am willing to talk off the record so long as you are frank and honest.*

*I'd also Like to request discovery on Riot's insurance coverage, specifically:*

*1. The full insurance policy document that may cover these claims.*

*2. Any claims Riot has filed under the policy in connection with this litigation.*

*3. The deductible amount and policy limits.*

*4. Where you are at in terms of the deductible amount.*

*5. Communications with Riot's insurer regarding this case.*

*Many Thanks,*

*Marc Wolstenholme*

ADR attempts- Without prejudice save as to costs- Final OFC offer.

Marc Wolstenholme <marc@mwwolf-fiction.co.uk>

Fri 21 Feb, 00:09 (2 days ago)

to Aaron, Joshua, dan.chang

Aaron,

Please tell Riot to stop fighting the inevitable, it really would be best if they booked me on a first class flight to LA, sat down at your table and apologised, and settled on these matters. There is no way in this world that they are getting away with this systematic rape of my work, and trauma writing.

The best they can do is face the music, these proceedings and expenses are going in one direction for them. If I must, I'll tear out the rot myself. Riot are looking at these proceedings all wrong. Riot are building defensive walls, to hold back the flood, whilst they evacuate what they can. But those walls will break, and their sins will be washed from the earth. Who built the Ark? This is all that matters when the flood arrives. How's that for mixing metaphors?

**Final OUT OF COURT Offer- ADR attempt 6.**

1. 100 million British Pound Sterling - For quick settlement, I'd be content at this figure.

2. I walk away, sign the hush money NDA and shake hands, no lingering resentment. I'll never talk about it again. If I'm ever asked why Bloodborg resembles Arcane, I'll say, "No Comment."

3. We might have to discuss a few points, such as no more infringement of the M.W. Wolf material but you keep characters, Arcane, and stuff you have already built from it. Mel, Shimmer, Bloodborgs, and a few other things might need to be discussed.

4. I'd still quite like a free trip to Riot and LA out of this to settle and show no lingering ill will, all paid for by Riot- you gotta love a freebie.

5. I'd love it if you toss CBG under the bus with it, but it's not a dealbreaker.

This deal marks my final out of court settlement for quick finalisation. As per the others, it will increase as proceedings are prolonged. I am flexible but hardening overtime. If I come to LA, I'm leaving with a settlement.

If you require delay for a reason but are willing to settle, I am willing to talk off the record so long as you are frank and honest.

Many Thanks,

Marc Wolstenholme

**EFFORTS TO LIMIT DAMAGE AND LITIGATIONS**

Despite my repeated efforts to limit damages and litigation costs, Riot has continued to escalate the legal process. During the Rule 26(f) Conference (FEBRUARY 13, 2025) it was clear that Riot's legal representatives are still pushing to have the case kicked out on legal technicalities. The two main topics were what Riot referred to as "the issue of Access," which I believe I have already proven, and "the issue of Copyright registration," which has also already been covered, and the judge has already made the motion moot and terminated over this.

I'd like to remind Riot Games, if settlement is not reached, my legal approach will remain firm:

I will pursue full ownership of Arcane's rights and profits.

All disputed characters and lore elements will be legally contested.

Further legal actions will be initiated against involved parties, including individual executives, talent agencies, and production companies.

Additional government and regulatory bodies may be engaged.

My next legal steps will be based on Riot's response, or lack thereof, to this final preliminary settlement attempt. I trust that Riot's legal team will advise accordingly.

I will not attempt to offer Riot any more settlements, they have not taken my attempts seriously.

## LEGAL ARGUMENTS: "ACCESS" AND "COPYRIGHT REGISTRATION"

### I. The Issue of Access

*Legal Argument: Establishing Access to Plaintiff's Work*

Riot Games has argued that the Plaintiff cannot establish that the Defendants had access to Bloodborg: The Harvest or any other protected work prior to the development of Arcane. However, the Plaintiff has provided substantial evidence demonstrating that multiple entities and individuals involved in Arcane had direct or indirect access to the Plaintiff's work.

### A. Direct Access through Talent Agencies & Submissions

*Curtis Brown Group & United Talent Agency (UTA):*

The Curtis Brown Group (CBG) received the Plaintiff's manuscript in 2019 and 2020. CBG collaborated with United Talent Agency (UTA), which represented at least six of the top-billed voice actors in Arcane. Given CBG's direct involvement with Riot Games' talent procurement, it is highly probable that the manuscript was circulated within relevant circles, providing direct access to Riot.

Moreover, CBG are just one of many agencies who had access to the Bloodborg manuscript in full.

*Riot Forge & Manuscript Submissions:*

Riot Forge, Riot's publishing arm, received unsolicited submissions from authors for story development. This has been confirmed by Linke and Yee in Bridging the Rift, The Making of Arcane, and by Jane Hoffacker in a podcast. If Riot received the manuscript in any capacity, this constitutes direct access.

**B. Indirect Access through Industry Practices**

*Common Industry Practices:*

Industry professionals frequently share creative materials during recruitment and pitching processes.

This includes writers, producers, and consultants, many of whom had access to third-party submissions.

*Executive & Writer Admissions:*

Jane Hoffacker, Executive Producer on Arcane, admitted that when they restarted production- before they didn't yet have the story- they reviewed many submitted manuscripts.

This confirms that externally submitted content was reviewed, further strengthening the case for access.

**C. Legal Precedent Supporting Access Claims**

Courts have repeatedly found access where there is a reasonable possibility that the defendant encountered the plaintiff's work.

Three Boys Music Corp. v. Bolton, 212 F.3d 477 (9th Cir. 2000):

The court held that circumstantial evidence of access is sufficient, particularly when the defendant operates within the same industry as the plaintiff.

Gaste v. Kaiserman, 863 F.2d 1061 (2d Cir. 1988):

Established that proof of access does not require direct physical possession, but can be inferred when the plaintiff's work was widely disseminated.

Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390 (1940):

Established that courts may find access where the defendant is connected to entities that received the plaintiff's work.

**D. Conclusion on Access**

Given the overwhelming circumstantial and direct evidence, Riot Games had access to the Plaintiff's copyrighted material. Riot's attempt to dismiss the claim based on a lack of access is factually incorrect and legally unfounded. It also points at attempts to circumnavigate justice, to not have the case decided on its merits but on technicalities, even after the Judge has terminated these issues.

**II. The Issue of Copyright Registration**

Legal Argument: Copyright Protection Without Registration

Riot's legal team has argued that the Plaintiff's claims should be dismissed due to copyright registration technicalities. However, this argument is moot, as the court has already ruled against it, and it is legally irrelevant to the Plaintiff's ability to enforce copyright protection.

A. Copyright Exists Upon Creation – Registration is NOT Required for Ownership

Under the U.S. Copyright Act of 1976, copyright automatically vests upon creation of an original work in a fixed, tangible medium.

17 U.S.C. § 102(a):

Provides protection for original works from the moment of fixation, meaning once a work is written or recorded, it is automatically copyrighted.

17 U.S.C. § 408:

States that registration is not a condition of copyright protection, but rather a procedural step required for filing an infringement lawsuit.

*B. Registration is Required for U.S. Lawsuits, but Plaintiff Has Already Met This Requirement*

While registration is required to initiate litigation in the U.S. (per 17 U.S.C. § 411(a)), the Plaintiff has already fulfilled this requirement, making Riot's argument irrelevant.

Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019):

The Supreme Court confirmed that while registration is required before litigation, copyright protection exists from the moment of creation. Copyright is enforceable even if registration is still pending,

*C. Common Exceptions and Additional Protections*

Foreign Copyright Protections (Berne Convention): International Copyright Protection

Berne Convention for the Protection of Literary and Artistic Works (1886)

The UK (where Bloodborg was created) and the U.S. (where Riot is based) are both signatories.

Under the Berne Convention, registration is not required for protection, thus Plaintiff's work is automatically protected worldwide. Riot cannot use the lack of registration as an excuse, since international law overrides domestic procedural rules in this case.

As a UK-based author, Plaintiff's work is automatically protected under the Berne Convention for the Protection of Literary and Artistic Works.

Under Article 5 of the Berne Convention, foreign authors do not need to register in the U.S. to enforce copyright claims.

UK Copyright Law Protections:

The Plaintiff's work is also protected under the UK Copyright, Designs and Patents Act 1988, which does not require registration.

This further invalidates Riot's claim, as UK law recognizes copyright protection without registration.

**Registration Processing Time is NOT a Defense and the U.S copyright Certificate is now in place.**

Riot cannot claim a delay in registration invalidates the Bloodborg copyright.

The Plaintiff has filed a copyright application, and the U.S. Copyright Office allows lawsuits to proceed after registration is pending if the plaintiff requests expedited processing. Riot's use of this is perceived as a weak delay tactic, which will cause further harm to the Plaintiff. We could ask the court for a stay until registration is officially completed, but the case remains valid, and this would be a needless and harmful delay, without having any material benefit to the case.

**D. Riot's Argument is Legally Moot**

The court has already dismissed Riot's motion regarding copyright registration, making this issue no longer relevant to the proceedings, yet Riot's legal team pushed on this issue during the Rule 26(f) Conference today (FEBRUARY 13, 2025).

**Legal Argument: Copyright Registration Delay Does Not Invalidate the Bloodborg Copyright.**

***1. Riot's Argument is a Weak Delay Tactic***

Riot's attempt to use the pending copyright registration as a basis for dismissing or delaying the case is legally unfounded and amounts to a delay tactic. Under 17 U.S.C. § 411(a), a copyright infringement lawsuit may proceed once a registration application has been filed, provided that the work is registered before a final judgment.

The U.S. Supreme Court ruling in Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019) clarified that registration must be completed before filing an infringement lawsuit but does not require waiting for an official certificate if the application is in process.

The Copyright Act allows for expedited processing in cases of active litigation (which the Plaintiff has already pursued) to eliminate unnecessary delays.

***2. Riot Cannot Claim the Work is Unprotected***

Even if the copyright registration is pending, copyright protection exists the moment a work is fixed in a tangible medium, per 17 U.S.C. § 102(a). The Plaintiff's work, Bloodborg, was completed before Riot's infringing use, and evidence exists of its distribution and submission to Curtis Brown Group, many other agents, and Riot-related entities.

Copyright ownership does not depend on the timing of the registration, but rather the creation and fixation of the work.

Riot cannot claim they did not have access to the copyrighted work, as substantial evidence exists of its submission to parties involved in Arcane's development.

***3. Asking for a Stay is Unnecessary and Harmful***

Riot's suggestion to pause the case due to pending registration serves no legitimate purpose and only causes undue harm to the Plaintiff.

Courts have discretion to allow cases to proceed while copyright registration is pending, and delaying the case would further prejudice the Plaintiff. The pending registration is now a certificate.

**4. Legal Citations Supporting Plaintiff's Position**

Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019) – Establishes that a lawsuit may proceed once an application is filed, not when the certificate is issued.

17 U.S.C. § 411(a) – States that a registration is required before filing but does not require delay if the registration process is in motion.

17 U.S.C. § 102(a) – Confirms that copyright protection begins at the moment of fixation, not upon registration.

Katz v. Chevaldina, 900 F. Supp. 2d 1314 (S.D. Fla. 2012) – Courts can permit ongoing litigation while registration is pending, especially with expedited processing.

Roberts v. Gordy, 877 F.3d 1024 (11th Cir. 2017) – The absence of a certificate at the early stage does not prevent a court from considering infringement claims.

**5. Conclusion**

Riot cannot use pending registration as a reason for dismissal—the Plaintiff's copyright is still legally valid.

The U.S. Copyright Office permits expedited processing, ensuring the case is not unduly delayed.

Riot's arguments are frivolous and intended to obstruct rather than address the merits of the case.

The Plaintiff's claims stand on strong legal grounds, and Riot's continued delay tactics only strengthen the need for compensatory damages.

**Final Conclusion**

Access: Riot Games and its affiliates had both direct and indirect access to the Plaintiff's copyrighted work. The evidence presented satisfies legal precedent for proving access in copyright cases.

Copyright Registration: Plaintiff's work is protected under U.S. and UK copyright law, and the registration argument is moot, as it has already been addressed by the court.

Thus, any further procedural delays by Riot Games using these arguments are frivolous and should not be entertained by the court.

**Declaration**

I, Marc Wolstenholme, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. I submit this declaration to log my ADR attempts and my Evidence of Good Faith Negotiations, to submit additional evidence relevant to my claims against Riot Games, Inc. for copyright infringement, unfair competition, and intentional infliction of emotional distress. This shows that I have made attempts to mitigate costs and prove my reasonableness in a number of failed ADR attempts.

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: FEBRUARY 23, 2025

Signed: M.WOLSTENHOLME.

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,
Plaintiff,
vs.
RIOT GAMES, INC.,
Defendant

CASE NO. 2:25-CV-00053-FMO-BFM HON.

*Hon. Fernando M. Olguin*

PLAINTIFF'S EXHIBIT S- CONFERENCE NOTES - RULE 26(F) CONFERENCE.

Dated this: FEBRUARY 23, 2025

M.WOLSTENHOLME
[MARC WOLSTENHOLME]

CONFERENCE NOTES - RULE 26(F) CONFERENCE

Thursday 13 Feb commenced 17:13

Aaran Moss and Andrew Lux present for Respondent

Marc Wolstenholme

Hayley-jo Cooper and

AM: Want to agree scheduling

AM confirmed: they are happy to provide a draft of a joint report and can go back and forth before due Feb 27th

They will state at start of report they are happy for MW to attend remotely – asked status

MW – kicked back as he made a mistake on the form

AM: could make another request but they will confirm on report they are happy for it

Court could decide on paper if agreed but he suggests hearing as MW LIP

AM: 1st topic to be discussed: statement of case – summary of claim and defences

They understand he is asserting claims of copyright direct and indirect, xxxxxxxx emotional distress

They filed a motion to dismiss, MW filed 1st amended complaint and they filed motion to dismiss, MW filed motion for leave to file 2nd amended and judge dismissed their motion to dismiss as moot,

Pending application rather than application that has resulted in registration

Listed for hearing 27 Feb – docket 28 (for motion for 2nd amended claim)

AM shared screen to show docket 28

MW – have they received documents re the checklist he wanted to go through

AM – yes, has those in front of him;

AM - Happy to discuss this, will note that under the rules refer to federal rule of civil procedure rule 33 ad 34 (written questions and document requests) – refer to those to prepare formal discovery requests, some if put into a proper form would be beyond the scope of

proper discover, interviews would have to be doen pursuant to deposition, internal discussions between lawyers protected by privilege

His understanding is this is meant to aid for them to keep in mind collectively to aid discussion here today

MW – and for him to cover off what he needs to cover

AM start with issue of submission and MW contention of how Riot received submission how they had access

MW – kicked back AL notice to appear

AM: was put in wring section, his colleague Josh just had a baby

MW – see it from hs POV – several people had disappeared at Riot and lots of people have distanced themselves since he started infirming them in 2021 of litigation, which is why he was worried

AM – would help him to explain who he submitted to and when etc to go through the details

MW – you have had this

2014: process began but it wasn't properly written down until 2018 – finished buried at Bedlam, after the black– sent to AL the other day, then got onto 2nd book 2018-2019 Bloodborg the harvest, during that period was looking for Johnny Gellar and Felicity Blunt at Curtis Brown group and sent them formats of it during that period,

Final which was a first draft was sent off April 14-20th but people already had access

AL: asking about 1st work

MW – Buried at Bedlam, after the black – had not finished the title, registered under that, already sent though, Bloodborg, had sent some partials to different agents, 1st draft all written and main bulk sent April 2020, Curtis Brown and Riot Forge – twice (1st a portion and then whole thing)

Normally send first 10,000, didn't regard Josh's Pov as the best, not main part of it, a number of different stories together

AL: now talking about Bloodborg the harvest?

MW yes

AL: applied for registration of copyright for Bloodborg or both?

MW – Copyright office have 10 books, registered under buried at bedlam and 9 other unregistered works, ref to law and Burns convention, in the UK – registered as soon as written

AL: don't dispute have copyright from moment written down but Supreme court found need actual registration rather than a pending application to bring a claim for copyright (4th estate case). Did he also register Bloodborg

MW – yes one of the 9 other unpublished works (no 2)

AL: though he said it was widely disseminated

MW – yes but it is registered,

AL: just so clear – sent it to Curtis brown group

MW – yes and a number of others

AL: but not Riot?

MW: Buried at Bedlam no but Bloodborg was

AL: when sent to Curtis

MW- 2018

AL: sent Bloodborg to both including Riot

MW: yes but the whole thing was sent and he still has emails with emails showing complete works were sent, has response from Curtis Brown 'thank you' and then rejection email, some companies use their own systems

AL: was it April 15th and 19th 2020?

MW : just checking,

AL – page 34

MW – water damaged exhibits are the 1st drafts, yes 15th and 19th April, the reason he sent it to Riot was because he sent it to be converted into a game and animation anyway, and his letters to a number of agents say this. Riot – had to do it on their portal, saw they were soliciting for manuscripts

AL: what do you mean by portal

MW: was researching online where to send it including gaming companies and saw Riot were looking for partners, Riot Forge closed down since but were open at the time, Jane chang-Horfaker, Christian Linke and Alex Ye and Amanda Overton, all talk about reading different manuscripts and reading submissions some in Riots own Bridging the Rift – making of arcane, they had a number of ways of getting it, either directly from riot forge submission or Curtis group, or other agencies, Jane speaks about it in a number of podcasts

AL: submission to Riot Forge – did you get any receipt or proof of submission,

MW – cant remember if got a receipt, thought they had but looked, in 2021 after already done it as couldn't find a receipt so put a general message on to see if works but didn't get anything from that

AL: emailed?

MW: No you put it on their own portal, that's what Curtis Brown were using at the time

AL: As Riot ceased operations wants to describe as accurately as possible to client, was it a general enquiry page?

MW: No it was a publishing submission page

AL: so that was 15th and 19th April

MW: yes, need the date for Curtis Brown?

AL: No – this is just to help Judge understand by the way

MW – those are the dates for Riot Forge but can give dates for Curtis Brown.

AL: yes we have some time so check dates, he can leave a black for that date

MW: can tell you now, on Page 45 on 2nd amended complaint can see submitted 15 April 202 to Felicity Blunt and then to Johnny Gellar later,

AL: though MW had stated it was available on his website for download

MW – no none of his books are anywhere for download only a little blurb not even a full synopsis, there is a portion on his blogs of Neva's Pov just a small portion she is Mal out of Arcane, what's even more stupid is the music video is a spin off – blood sweat and tears its not even masked it is so clear it's the same as MW writing, ridiculous how blatant it is,

AL: they had Riot look and they do not have a copy of the manuscript and it is not attend, did he submit a copy to copyright office when applied to register

MW – no they didn't ask for it

AL: they will need a copy at some point, Riot will want that in discovery and any records that pertain to the submissions and whether they were received, his understanding is that he will be seeking discovery on the matters set forth in your checklist

MW – yes and Plaintiff in person – if reasons why he can't would like that noted

AL: again refer to rules 33 and 34 and guides as to what is proper and what is not re document requests and questions, if you serve discovery we will respond, cant guarantee won't object

Judge does not want an overly long statement of the case, his understanding and he got this from P6 of motion to file 2nd amended complaint , after submitted manuscript allege Riot unlawfully copied portions characters etc to create Arcane

MW – can give more examples/details but used his manuscript, shows 300 pages of their manipulation of timelines

AL: if the case proceeds that would be the subject of discovery, will send him a draft and MW can weigh in on language

MW: yes

AL: sees 5 overarching legal issues:

1. Whether he has a valid copyright reg
2. Whether Riot had access
3. Are Bloodborg and arcane sub similar
4. Whether riot independently created Arcane
5. Damages – saw MW submitted claimed damages, would also be subject of discovery

Potential witnesses need to list, got them from MW email last week:

MW, Christian Link, Johnny Gellar, Felicity Blunt xxxxxxx

MW: No would be a lot more than that, can send a list of witnesses to be supaenered, including Jane Hofaker (now says just a runner but got award for being executive producer)

AL: why don't you fill in the names and add them to the list once sent to him

MW: would be provisional, may change as doing more and more investigations

AL: for these purposes, it is not binding as in sets in stone but Judge is interest for conflict purposes etc

AL: lets talk about discovery, understand MW disagrees, Riot's position is fr the sake of cost saving and judicial economy the case should be bifurcated, 1st discovery into the issue of access and a motion as to whether or not they had access, and discovery only proceed as to access followed by discovery on remaining issues, MW disagrees

MW – absolutely not so that will have to go to judge, even if they say he can't prove on tjis date they had access, can win the case on similarities alone

AL; understand disagrees, also has proposed case schedule and will send theirs, date for discovery of May 1st is ambitious but don't need to agree, can each set fwd a proposal and judge will decide.

He did not see, and don't need to answer now, each party is to provide final trial date, not provided by MW so will leave blank for MW to fill out,

MW; does not know how long this will take so will take their guidance on that

AL: if MW agrees with their timeline can state and if disagrees can have own timeline

AL: thinks there will be a number of issues – threshold issue, MW has to wait until actually has registration and application is not sufficient, they take the view discovery should not proceed until that is resolved as their case is there is no case without registration,

MW: Judge can take into account what he has been through last few years, MW was not medically fit to put these things in place before now, MW will use Burns convention to get it shut down in UK and Europe so better for Riot to come to the table at some point, media may be involved etc, this is his direct trauma writing, not a good idea for Riot to go down that route but we will see

AL:; disagree scope of discovery, see how that goes, he has set forth deadlines for various motions, MW has set out some deadlines so have competing proposals for those

MW; timelines will take their guidance on what they need,

AL: cant give advice but will give timeline proposed and MW can either agree or propose his own

AL: also need to discuss if parties need to proceed before a Magistrate Judge rather than trial judge

MW: why

AL: District Judge have busy schedules so Magistrates could be quicker, Riot may not agree but he would ask if MW agrees, both parties have to agree

MW: does not know implications so would not agree now

AL: can bring up with judge and he can ask those questions of judge

AL: I have your list, I have dates, what I would propose to do is in the next day or to send a draft to MW joint 26F report for MW review and consideration, if anything he wants to add or he thinks mischaracterises his position he had make edits, trying to get a report that captures nature of claims and defences , to give judge enough inf to set a schedule.

MW: can I go through checklist for preliminary answer

AL: not in a position to say if can or can't provide each, can say some are not proper content of discovery and refer to rules 33 and 34

MW: can I get a yes or no

AL: not In a position to say yes or no, understand what MW wants and that he wants a very broad scope of discovery, in the event MW wants to serve discovery requests asking for specific documents they need to be stated with particularity – rules 33 and 34, can't be overly broad categories,

MW: will put this list in for the judge t see what MW wants,

AL: probably best to attach as an exhibit as judge wont want to see a 26 page 26F report so can have the report and then exhibit this

MW: provision witness list could be an exhibit?

AL: should try to get that on the main report

Easier once MW has this in front of him and can then add to it. Will get a draft to MW in the next day or two

MW: yes

AL: that is a plan

MW: so won't get any statement on what they are agreeing to send today

AL: not today, if you serve discovery requests will have to review to see if proper but their position is that  discovery should not take place until the threshold test has taken place, but if MW wants to serve discovery request under S33 and 34 urge him to review 33 and 34

MW: worried that Riot Forge has shut down – loss of data, Christian resigned s relevant emails etc? does his system get shut down and emails detailed so worried data will get destroyed or lost between now and discovery, already been date manipulation

AL: does not agree any ,manipulation, but will take proper steps to preserve data, to the extent their was material from 5/6 years ago cant guarantee if that is still around as does not know the answer, also urge MW to preserve relevant data

MW: a few questions about Riot's position: saying did not receive MW work

AL: their position is that no-one involved in the show ever saw MW's work

MW: who got that from? Linc?

AL: yes

MW: is he prepared to say that on the stand?

AL: yes, Christian Linc is adamant he never saw MW's manuscript

MW: who does he say wrote Arcane

AL: does not know but knows he has categorically denied seeing his manuscript

No-one on MW list admits ever having seen his manuscript

AL: will send draft and again their will be plenty of time to test, MW has claims they have defences, purpose of meeting is just to discuss scheduling matters, he will send a draft

MW: have you had access to the manuscripts they were using

AL: doesn't know what mean

MW: Riot used manuscripts, and a number of people talk about during the process they were reviewing a number of manuscripts, how does he know one of them was not MW's

AL: the practice of entertainment studios is to not accept unsolicited manuscripts and use them in the production of works

MW: Riot have been done for this a number of times

AL: today is not the time to litigate

MW: what are they saying about timeline discrepancies

AL: this is not the time for discovery on the timeline, he says he provided information 2-3 years ago, if the case proceeds they will produce evidence f timeline, creation etc that will be part of the litigation process

MW: letter 2019 said all were locked in which is not true

AL: has another call so has to get off, will send draft

MW: what is Andrews role?

AL: colleague, assisting him on the case

MW: Josh Gellar be coming back onto case? Is he connected to Jonny Gellar

AL: not connected, will be coming back onto case

AL: thank you fr a productive meeting, will work on draft

MW: is Riot likely to come to arrangements at all>

AL: thinks their position is quite clear, can't tell MW what their position will be if those legal positions are found to go against them, will be opportunities if case proceeds for settlement conferences before DJ or magistrate, requirement now of all cases

Will get this to him to submit to court in proper form

MW: need anything from me

AL: at a proper time, need manuscript

MW: will provide to solicitors not to Riot at a proper time

AL: will be difficult for Riot to prove not substantially similar if can't see it and also MW position is they have already seen it.

MW: in the presence of a solicitor due to data leaks etc, the less people that see it again the better

AL: could talk about limiting scope

Ended 18:27

**DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on February 14, 2025, at Coventry, England.

Respectfully submitted,

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: February 14, 2025

Signed: M.WOLSTENHOLME.

Respectfully submitted,

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: FEBRUARY 23, 2025

Signed: M.WOLSTENHOLME.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **February 18, 2025** |
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Re: Pending Motions**

Having reviewed and considered pro se plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 28, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Given the policy favoring amendment of complaints, the court is persuaded, under the circumstances here, that plaintiff should be granted leave to amend the complaint.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Amend **(Document No. 28)** is **granted**.

2. Plaintiff shall, no later than five court days from the filing of this Order, file his Second Amended Complaint in compliance with Local Rule 3-2.

3. The pending motion to dismiss **(Document No. 19)** is **denied as moot**. Plaintiff's Request for Remote Appearance **(Document No. 29)** is **denied as moot**.

4. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 7, 2025**.

5. In the event defendant wish to file a motion to dismiss, the parties are excused from the meet and confer requirement for purposes of such motion.

6. Plaintiff's Motion in Limine to Admit Evidence **(Document No. 30)** is **denied**. To the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-0053 FMO (BFMx)** | Date | **February 18, 2025** |
| Title | **Marc Wolstenholme v. Riot Games, Inc.** | | |

extent plaintiff has additional factual allegations or wishes to rely on photographs/graphics at this stage of the proceedings, he shall include them in the Second Amended Complaint.

7. Plaintiff's documents filed at Dkt. Nos. 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 are hereby **stricken**. Plaintiff is cautioned to become familiar with the Federal Rules of Civil Procedure, as well as the Local Rules of this District. The court declines to consider random documents that are not filed in connection with the Local Rules (e.g., a motion, opposition or reply brief), the Federal Rules or a court order. In other words, the court will not consider requests for judicial notice that are filed in a procedural vacuum. See, e.g., Holland v. King County Adult Detention, 2013 WL 1192763, *1-2 (W.D. Wash. 2013) (denying request for judicial notice filed in a "procedural vacuum"); Seguin v. Suttell, 2013 WL 5523703, *2 (D.R.I. 2013) ("The court . . . cautions plaintiff not to clutter this court's docket with repetitive motions for judicial notice[.]"). Plaintiff is hereby advised that if he continues to file random documents that have no basis in the applicable rules or court orders, the court shall revoke his privileges for electronic filing.

00 : 00

Initials of Preparer vdr

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>Plaintiff,<br><br>vs.<br><br>RIOT GAMES, INC.,<br>Defendant | CASE NO. 2:25-CV-00053-FMO-BFM<br><br>HON. FERNANDO M. OLGUIN<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>DATE: FEBRUARY 27, 2025<br>TIME: 10:00 A.M.<br>CRTRM: 6D |

Dated this: JANUARY 29, 2025

M.WOLSTENHOLME.

[MARC WOLSTENHOLME]

**REQUEST FOR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

TO HONORABLE JUDGE FERNANDO M. OLGUIN AND THE COURT:

Plaintiff Marc Wolstenholme, proceeding pro se, respectfully moves this Court for leave to file a Second Amended Complaint (SAC) pursuant to Federal Rule of Civil Procedure 15(a)(2). To address the motion to dismiss filed by the Defendant (27 January 2025).

In support of this motion, Plaintiff states as follows:

I. INTRODUCTION

Plaintiff seeks leave to file a Second Amended Complaint in response to Defendant Riot Games, Inc.'s Motion to Dismiss, filed on January 27, 2025. Plaintiff believes the amendment is necessary to:

**Clarify Allegations** –The Plaintiff has filed many documentations of 100s of pages of evidence and has 100s more to compile. The Plaintiff has spent months addressing the concerns and sharing evidence with the Defendant who has been unwilling to address any of the Plaintiff's actual complaints, instead they have used trickery to circumnavigate the law and to prolong proceedings after threatening to have the case kicked out before any hearings. The Plaintiff is keen to satisfy both the law and the Judge. If the endless infringements need more

clarification, the Plaintiff asks only for the opportunity to access justice by refining his complaints to the judge's satisfaction.

**Address Defendant's Arguments –**The Plaintiff believes he has already addressed all of the deficiencies cited in Riot Games' Motion to Dismiss in the amended complaint and in PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - pre-emptive. Furthermore, in the DECLARATION OF MARC WOLSTENHOLME- Vi Vs Rook Overview Comparison, and in the many other documentations of PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE.

**Provide Additional Evidence –**The Plaintiff has filed much evidence and has an abundance of more evidence to compile and filed with the court. If the Judge would like these to be reframed or added to, the Plaintiff is keen to satisfy the needs and processes of the court and Judge.

However, the Plaintiff respects the court and the process and understands that this might not be to the satisfaction of the Judge. The Plaintiff also notes that the Defendant's manipulation, by holding back information of the purported deficiencies, till after the amended complaint, and their refusal to effectively communicate during conferences, and their refusal to address any of the Plaintiff's questions and concerns and complaints, has shaped this case, thus far and indeed, threatens to cause further harm in this case and to the Plaintiff.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), courts should freely grant leave to amend when justice so requires. Courts generally permit amendments unless there is (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, or (5) futility of amendment. (Foman v. Davis, 371 U.S. 178, 182 (1962)).

In this case, none of these factors are present. Plaintiff's request is made in good faith, and amendment will allow for a more precise and complete record, facilitating the court's ability to make an informed ruling on the merits. The Plaintiff believes he has already addressed the purported deficiencies across several documents but understands that being uneducated in the skills and knowledge required has resulted in less concision and administrative weaknesses. The Plaintiff is keen to satisfy the court and Judge by filing a Second Amended Complaint (SAC).

## III. REASONS FOR AMENDMENT

Clarifying Key Allegations - Plaintiff's First Amended Complaint already alleged significant substantial similarities between Plaintiff's work and Defendant's animated series Arcane. However, the proposed Second Amended Complaint further strengthens these claims by:

Providing specific textual and narrative elements that were copied.

Expanding on how Defendant had access to Plaintiff's manuscript through Riot Forge and Curtis Brown Group.

Detailing additional comparisons between Bloodborg: The Harvest and Arcane.

Addressing Defendant's Motion to Dismiss Arguments

Defendant claims Plaintiff has not sufficiently alleged substantial similarity or access. The SAC will include a refined comparison chart to directly refute this claim.

The amended complaint further clarifies copyright registration status, addressing Riot Games' assertion that statutory damages are unavailable.

No Prejudice to Defendant- Defendant will not suffer undue prejudice if this motion is granted because:

The case is still in its early stages, and no discovery has occurred.

Riot Games has already responded to previous complaints by threats to have the case kicked out and is aware of Plaintiff's allegations.

Allowing the amendment ensures the case is decided on its merits rather than procedural technicalities.

Ensuring Fairness to a Pro Se Litigant

Courts must liberally construe pro se pleadings (Haines v. Kerner, 404 U.S. 519 (1972)).

Plaintiff has made diligent efforts to comply with U.S. legal procedures despite being a UK citizen unfamiliar with U.S. court procedures.

Plaintiff requests reasonable accommodations due to disabilities, as permitted under court policy.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that, if the judge, or court, is unsatisfied with the filed documents and attempts of the Plaintiff, this Court grant leave to file a Second Amended Complaint.

A Proposed Order and the Proposed Second Amended Complaint are attached in accordance with Local Rule 15-1.

Dated: January 29, 2025Respectfully submitted, Marc Wolstenholme Plaintiff in Pro Per.

Attachments:

Proposed Second Amended Complaint

Proposed Order Granting Leave to Amend

The Plaintiff, Marc Wolstenholme, M.W. Wolf.

Date: JANUARY 29, 2025

Signed: M.WOLSTENHOLME.

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mvwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>Plaintiff,<br><br>vs.<br><br>RIOT GAMES, INC.,<br><br>Defendant | CASE NO. 2:25-CV-00053-FMO-BFM<br><br>HON. FERNANDO M. OLGUIN<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>DATE: FEBRUARY 27, 2025<br>TIME: 10:00 A.M.<br>CRTRM: 6D |

Dated this: JANUARY 29, 2025

[MARC WOLSTENHOLME]

WHEREAS, Plaintiff Marc Wolstenholme, proceeding pro se, has filed a Motion for Leave to File a Second Amended Complaint in the above-captioned matter; and

WHEREAS, the Court has reviewed the motion and finds that amendment is appropriate under Federal Rule of Civil Procedure 15(a)(2), which directs courts to freely grant leave to amend when justice so requires; and

WHEREAS, the Court finds that allowing amendment would not result in undue delay, undue prejudice to Defendant, or be futile;

IT IS HEREBY ORDERED THAT:

Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED.

Plaintiff shall file the Second Amended Complaint within five (5) days of this Order.

Defendant shall file an Answer or other responsive pleading within 14 days of the filing of the Second Amended Complaint.

No further motions to dismiss shall be entertained absent extraordinary circumstances.

IT IS SO ORDERED.

Dated: ________________Hon. Fernando M. OlguinUnited States District Court Judge

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No. 2:25-cv-00053-FMO-BFM

*Hon. Fernando M. Olguin*

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Date: February 27, 2025
Time: 10:00 a.m.
Crtrm: 6D

[Declaration of Joshua Geller and [Proposed] Order filed concurrently herewith]

Complaint filed: October 31, 2024

Notice of Removal filed: January 3, 2025

FAC filed: January 13, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 27, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Riot Games, Inc. ("Riot") will, and hereby does, move to dismiss Plaintiff Marc Wolstenholme's ("Wolstenholme") First Amended Complaint ("FAC") with prejudice for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). The FAC filed by Wolstenholme does not allege a plausible claim for relief as to any of its four causes of action. As to its two copyright claims, it fails to plausibly allege (i) that Wolstenholme has registered copyright or is otherwise excepted from the registration requirement, (ii) that Riot had access to Wolstenholme's purported work(s), or (iii) that Riot unlawfully appropriated any protected expression in Wolstenholme's purported work(s). As to its unfair competition claim, that claim is preempted by the Copyright Act. As to its claim for intentional infliction of emotional distress, the claim is time-barred and barred by the litigation privilege, and the alleged conduct is not sufficiently extreme and outrageous to state the claim as a matter of law.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel and Wolstenholme, who is representing himself *pro se*, pursuant to Local Rule 7-3, which took place by email correspondence on January 16 and 18, and a further telephonic conference on January 20, 2025.

//

//

//

DATED: January 27, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1

II. LEGAL STANDARD ... 1

III. PROCEDURAL BACKGROUND ... 2

IV. THE FAC FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT. ... 4

A. Wolstenholme Fails to Allege Compliance with the Copyright Act's Registration Requirement. ... 4

B. Wolstenholme Fails to Plausibly Allege Access. ... 6

C. Wolstenholme Fails to Plausibly Allege Copying of Protected Expression. ... 7

V. THE FAC FAILS TO STATE A CLAIM FOR VICARIOUS COPYRIGHT INFRINGEMENT. ... 9

VI. THE FAC FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200. ... 10

VII. THE FAC FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. ... 11

A. The IIED Claim is Barred by the Two-Year Statute of Limitations. ... 11

B. The IIED Claim is Barred by the Litigation Privilege. ... 12

C. The Conduct Alleged is Not Sufficiently Outrageous to State a Claim for IIED. ... 13

VIII. CONCLUSION ... 13

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Al-Bustani v. Alger*, No. C22-5238JLR, 2023 WL 3120747 (W.D. Wash. Apr. 27, 2023) ..... 9

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) ..... 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 2

*Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903 (2004) ..... 12

*Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857 (1992) ..... 11, 13

*Carlini v. Paramount Pictures Corp.*, 2021 WL 911684 (C.D. Cal. Feb. 2, 2021) ..... 6

*DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547 (S.D.N.Y. 2018) ..... 5

*Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024 (C.D. Cal. July 11, 2017) ..... 8, 9

*Evans v. McCoy-Harris*, 2019 WL 1002512 (C.D. Cal. January 4, 2019) ..... 8

*Fillmore v. Blumhouse Prods.*, LLC, 2017 WL 4708018 (C.D. Cal. Jul. 7, 2017) ..... 6

*Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228 (N.D. Cal. June 4, 2019) ..... 5

*Kiely v. Universal Music Grp.*, 2020 WL 4037161 (C.D. Cal. Mar. 5, 2020) ..... 5

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) ..... 10

*Loomis v. Cornish*, 836 F.3d 991 (9th Cir. 2016) ..... 6, 7

*Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013) ..... 10

# TABLE OF AUTHORITIES
(continued)

**Page**

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
922 F.3d 946 (9th Cir. 2019) .......... 4

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
586 F. Supp. 1346 (C.D. Cal. May 14, 1984) .......... 6

*Moncada v. W. Coast Quartz Corp.*,
221 Cal. App. 4th 768 (2013) .......... 13

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) .......... 2

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
494 F.3d 788 (9th Cir. 2007) .......... 9

*Plotnik v. Meihaus*,
208 Cal. App. 4th 1590 (2012) .......... 13

*Rentmeester v. Nike, Inc.*,
883 F.3d 1111 (9th Cir. 2018) .......... 4

*Royal 4 Sys., Inc. v. RLI Ins. Co.*,
No. CV 22-05732-RSWL-RAO, 2022 WL 19263327 (C.D. Cal. Dec. 9, 2022) .......... 11

*Schkeiban v. Cameron*,
2012 WL 12895722 (C.D. Cal. May 10, 2012) .......... 6

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) .......... 12

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) .......... 4

*Soliman v. CVS RX Servs., Inc.*,
570 F. App'x 710 (9th Cir. 2014) .......... 11

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) .......... 2

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 11

*Washington v. ViacomCBS, Inc.*,
2020 WL 5823568 (C.D. Cal. Aug. 20, 2020) .......... 6

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) .......... 6

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES
(continued)

**Page**

*Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007) ........ 7

**STATUTES**

17 U.S.C. § 101 ........ 5

17 U.S.C. § 102(a)(1) ........ 10

17 U.S.C. § 103 ........ 10

17 U.S.C. § 301(a) ........ 10

17 U.S.C. § 411(a) ........ 5

17 U.S.C. § 505 ........ 1

Cal. Civ. Code § 47(b) ........ 12

Cal. Civ. Prod. Code § 335.1 ........ 11

**OTHER AUTHORITIES**

Fed. R. Civ. Pro. 12(b)(6) ........ 2, 2, 3

Fed. R. Civ. Pro. 12(e) ........ 3

Local Rule 7-3 ........ 2, 3

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Marc Wolstenholme ("Wolstenholme"), who is representing himself *pro se*, has not adequately alleged any of his purported claims for relief. His First Amended Complaint ("FAC") is a perfunctory recitation of the elements of four claims: direct copyright infringement, vicarious copyright infringement, unfair competition, and intentional infliction of emotional distress. Dkt. No. 11. What little he does allege establishes that these claims cannot proceed as a matter of law.

First, the two copyright claims lack any allegation of what copyrighted work Wolstenholme owns, how Defendant Riot Games, Inc. ("Riot") purportedly gained access to the work, and how Riot purportedly copied its protected expression. Based on correspondence Riot has received from Wolstenholme, it is clear Wolstenholme has no viable copyright claims because he does not have a registered copyright and is alleging (at best) similarities in unprotected ideas. He therefore cannot avoid scrutiny of his defective claims by pleading vague legal conclusions.

Second, the state law claims for unfair competition and intentional infliction of emotional distress are barred as a matter of law. The first is facially preempted by the Copyright Act, as Wolstenholme alleges nothing more than misappropriation of copyrighted material. The second is barred on numerous grounds, as Wolstenholme simply alleges that a letter sent by Riot's counsel in response to Wolstenholme's demand in 2021 caused him severe emotional distress by alerting him to the fact that frivolous claims may expose him to liability for Riot's attorney's fees. *See* 17 U.S.C. § 505. Such a claim is barred by the statute of limitations and litigation privilege and fails to allege tortious conduct.

Wolstenholme cannot state any claim for relief and his FAC should be dismissed with prejudice.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 8 requires a plaintiff to provide

"fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation and alteration omitted). Although a plaintiff need not provide "detailed factual allegations," he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under FRCP 12(b)(6) "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

While pleadings filed by *pro se* litigants are often interpreted liberally, "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000).

## III. **PROCEDURAL BACKGROUND**

On October 31, 2024, Wolstenholme filed a complaint for copyright infringement, unfair competition, and intentional infliction of emotional distress in the Superior Court for the County of Los Angeles. Dkt. No. 1, Exh. A. Because federal courts have exclusive jurisdiction over copyright actions, Riot removed this action on January 3, 2025. Dkt. No. 1. The initial complaint consisted of a state-court form document, akin to a Civil Cover Sheet, with no narrative statement of Wolstenholme's claims. Dkt. No. 1, Exh. A. Riot informed Wolstenholme of this defect, and when he failed to file an amended complaint, Riot filed a motion to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

dismiss under FRCP 12(b)(6) or, in the alternative, for a more definite statement under FRCP 12(e). Dkt. No. 7. Wolstenholme filed a First Amended Complaint ("FAC") on January 13, 2025. Dkt. No. 11.

The allegations in the FAC are scarce. As best Riot can tell, Wolstenholme is alleging that Riot's animated television series *Arcane* infringes Wolstenholme's manuscript "Bloodborg: The Harvest," which he claims was created sometime between 2018–2019.[1]

On January 16, 2025, Riot's counsel sent Wolstenholme a meet and confer letter detailing the legal basis for the instant motion to dismiss the First Amended Complaint. Declaration of Joshua Geller ("Geller Decl."), ¶ 3, Exh. B. The parties exchanged further emails about the basis for this motion and had a telephonic meet and confer on January 20, 2025 pursuant to L.R. 7-3. Geller Decl., ¶¶ 4–6, Exh. C.

After filing his First Amended Complaint on January 13, Wolstenholme has filed various additional documents. Because he is representing himself *pro* se, many of these filings were not electronically served on Riot until several days after they were initially filed. On January 16, he filed a document entitled "Declaration of Marc Wolstenholme Overview of Character Evidence," which was electronically served on January 20. Dkt. No. 13. On January 17, he filed a document purporting to be a preemptive opposition to Riot's motion to dismiss the FAC (i.e., a preemptive opposition to the instant motion), which was served on January 22. Dkt. No. 16. And on January 20, he filed a "motion in limine to admit evidence," which he improperly noticed for hearing on February 13 (only 24 days' notice), and which was served on Riot on January 22. Dkt. No. 17. Each of these filings

[1] As Riot informed Wolstenholme when he first raised these claims in 2021, Riot's television series had been under development for six years prior to its release in 2021 (long before Wolstenholme wrote his "manuscript") and there is no evidence that Riot or anyone affiliated with creating the program ever received a copy of his manuscript. *See* Geller Decl., Exh. A. While the idea that Riot's Emmy-award winning television series was copied from an unpublished manuscript drafted years after *Arcane*'s development that was never even sent to Riot is so implausible and frivolous as to necessitate dismissal in its own right, the factual infirmities of Wolstenholme's FAC are not the subject of this motion.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

contains material outside of Wolstenholme's FAC and are thus not the subject of this motion. To the extent any of these materials are proffers of allegations Wolstenholme could make in a further amendment to the operative pleading, they are immaterial, because—for the reasons discussed further below—the defects with the FAC cannot be cured by amendment.

## IV. THE FAC FAILS TO STATE A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT.

"To state a claim for copyright infringement, [Wolstenholme] must plausibly allege two things: (1) that [he] owns a valid copyright in [the works], and (2) that [Defendants] copied protected aspects of [Wolstenholme's works]." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018) (citations omitted). The second prong has two distinct components: "copying" and "unlawful appropriation." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). "In the absence of direct evidence of copying, . . . the plaintiff can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* (internal quotations and citation omitted). To prove unlawful appropriation, the Ninth Circuit uses a two-part test consisting of a subjective intrinsic test and an objective extrinsic test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work. *Id.* "Both tests must be satisfied for the works to be deemed substantially similar." *Id.*

### A. Wolstenholme Fails to Allege Compliance with the Copyright Act's Registration Requirement.

"To plead ownership, [Wolstenholme] must plausibly allege [he] owns a valid copyright registration for [his] work." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). A valid copyright registration is a precondition for commencing an infringement action because the Copyright Act provides that "no civil action for infringement of the copyright in any United States

work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, the Supreme Court held that "registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." 586 U.S. 296, 299 (2019). The Court clarified that "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* at 301. Here, Wolstenholme's FAC does not say whether or not the work is registered with the United States Copyright Office. *See Kiely v. Universal Music Grp.*, 2020 WL 4037161, at *4 (C.D. Cal. Mar. 5, 2020) (copyright claim fails because plaintiff "failed to allege that he owns a copyright registration or that an exception to the rule applies").

Nor does Wolstenholme allege why he would be exempt from that registration requirement, for example, by alleging sufficient facts showing that the allegedly infringed work is not a United States work. *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 556 (S.D.N.Y. 2018) ("[S]hould [Wolstenholme] seek to rely on the § 411 registration exemption, [he] must allege that the works are not United States works within the meaning of § 101.") (citations omitted). Importantly, a work that is first published abroad and in the United States simultaneously is deemed to be "United States work" for purposes of the registration requirement. See 17 U.S.C. § 101 (defining "United States work").

Insofar as Wolstenholme's work is subject to section 411's registration requirement and such requirement has not been satisfied, Wolstenholme cannot cure this defect by now obtaining registrations and further amending. "[P]ermitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*," and is contrary to 17 U.S.C. § 411(a)'s requirement that registration be made *before* instituting the action. *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

at *2 (N.D. Cal. June 4, 2019); *see also Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before obtaining a copyright could not "cure that defect by amending the complaint after the Copyright Office completed registration of the copyright."). This defect therefore requires dismissal of this action with prejudice.

B. Wolstenholme Fails to Plausibly Allege Access.

In order to properly plead access in a copyright case, a plaintiff must sufficiently allege "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (internal quotation marks and citation omitted). Access "may not be inferred through mere speculation or conjecture." *Three Boys Music*, 212 F.3d at 482. Courts within the Central District routinely dismiss copyright infringement cases at the pleading stage where a plaintiff's access allegations are merely speculative. *See Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *3 (C.D. Cal. Aug. 20, 2020); *Carlini v. Paramount Pictures Corp.*, 2021 WL 911684, at *7 (C.D. Cal. Feb. 2, 2021); *Fillmore v. Blumhouse Prods.*, LLC, 2017 WL 4708018, at *4 (C.D. Cal. Jul. 7, 2017); *Schkeiban v. Cameron*, 2012 WL 12895722, at *1-*2 (C.D. Cal. May 10, 2012).

Wolstenholme's allegations of "access" in the FAC are paper thin. He alleges in a single sentence that he submitted his manuscript "to Riot Forge, Curtis Brown Group, and others in 2020." Dkt. No. 11, ¶ 10. He does not allege who any of those entities are, nor what their relationship is to Riot or to the people actually involved in creating the animated series *Arcane*. Without those factual allegations, Wolstenholme falls far short of showing the requisite nexus between "the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1356-59 (C.D. Cal. May 14, 1984). Notably, "[b]are corporate receipt . . . without any allegation of a nexus between the recipients and the alleged infringers,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

is insufficient to raise a triable issue of access." *Loomis*, 836 F.3d at 995-96 (a plaintiff "cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier"). Wolstenholme was required to specifically identify how he believes that anyone involved in creating *Arcane* could have come into contact with his manuscript. Because he failed to do so, he fails to state a claim for copyright infringement.

C. Wolstenholme Fails to Plausibly Allege Copying of Protected Expression.

Wolstenholme's claim for copyright infringement is also defective because he fails to adequately allege that "the works at issue are substantially similar in their protected elements." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133 (C.D. Cal. 2007), citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Wolstenholme has not attached a copy of his manuscript to the FAC, nor has he described in the FAC any protectible expression in the manuscript that he contends was copied in *Arcane*. Wolstenholme does not identify a single supposed similarity.[2]

Instead, Wolstenholme's FAC rests entirely on the legal conclusion that "that characters, plotlines, thematic elements, and narrative structure in ARCANE mirror those found in 'Bloodborg: The Harvest'" and that "the official music video 'Blood Sweat & Tears' by Riot Games, featuring Sheryl Lee Ralph, derives directly from elements of 'Bloodborg: The Harvest.'" Dkt. No. 11, ¶¶ 12–13. These legal conclusions are not even adequate recitations of the second element of a copyright

[2] Wolstenholme has repeatedly emailed (and may have attempted to file) long lists of what he claims are similarities between the works. These documents are nearly impossible to follow and have not, in any event, been filed as a pleading in this case. If Wolstenholme were given leave to amend and sets out these perceived similarities in a Second Amended Complaint, Riot anticipates that that amended complaint will be subject to a motion to dismiss on numerous grounds, including that the alleged similarities involve uncopyrightable ideas or similarities that are so generic that they cannot support a claim for copyright infringement. But that will be the subject of a future motion, should it become necessary.

infringement claim—copying of protected expression. Rather, Wolstenholme appears to believe that Riot's animated television series *Arcane* (and a related music video) "mirrors" or "derives" from elements of his manuscript, suggesting that any similarities may be seriously attenuated.

Although it is unclear what Wolstenholme means by these conclusory statements, they do not suffice to state a claim for copyright infringement. *See Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *5 (C.D. Cal. July 11, 2017) (dismissing complaint where plaintiff did not attach the allegedly infringed work, ruling that "the Complaint is filled with conclusory allegations that are not factually specific enough to support Esplanade's claims"); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. January 4, 2019) (dismissing complaint where plaintiff did not attach allegedly infringed screenplay, did not allege the protectable elements of the infringed works, and made "no effort to compare the copyrightable elements" of the two works").

*Esplanade* is particularly instructive. There, as here, the plaintiff failed to attach the allegedly infringed screenplay to his complaint. 2017 WL 5635024, at *1. However, unlike Plaintiff here, the plaintiff in *Esplanade* at least attempted to summarize and describe the allegedly infringed elements, including plot similarities ("[t]he Complaint alleges that" both works "'involve a small, cute, furry female animal, who is an outsider…dismissed by the other more dominant animals because of her species, and she strives to overcome that societal prejudice'"); character analysis (the protagonists in both works "present an odd pair"); and character design (including specific images submitted as part of the complaint). *Id.* at *5-*9. Notwithstanding the presence of allegations substantially more detailed than those alleged by Wolstenholme here, the court in *Esplanade* nevertheless granted the defendant's motion to dismiss. *Id.* at *1. The court held that "the Complaint describes the alleged similarities at such a high level of generality that it is *impossible* for the Court to evaluate whether the alleged copying was sufficiently

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

specific to be protectable or merely a series of unprotectable *scénes-á-faire*. The allegations thus *fail to state a plausible claim*." *Id.* (Emphasis added).

In sum, Wolstenholme fails to adequately allege any specific elements of alleged infringement in the Complaint. His vague, conclusory, and unsupported allegation that Riot's work "mirrors" elements in his manuscript cannot state a claim for copyright infringement as a matter of law.

## V. <u>THE FAC FAILS TO STATE A CLAIM FOR VICARIOUS COPYRIGHT INFRINGEMENT.</u>

Wolstenholme also alleges a cause of action for "vicarious copyright infringement." Dkt. No. 11, ¶ 20–23. "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). "A plaintiff must therefore plausibly plead the predicate claim for direct infringement in order to survive a motion to dismiss his vicarious infringement claim." *Al-Bustani v. Alger*, No. C22-5238JLR, 2023 WL 3120747, at *2 (W.D. Wash. Apr. 27, 2023) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).

Wolstenholme has not alleged any predicate claim for direct infringement. As discussed above, Wolstenholme has not alleged compliance with the Copyright Act's registration requirement or any copying of protected expression and therefore cannot state a claim for direct infringement as to anyone. *See supra* Part IV.A, IV.C. In addition, Wolstenholme does not even attempt to allege the specific elements of vicarious liability. The FAC alleges the legal conclusions that Riot "benefited financially from the unauthorized use of Plaintiff's copyright material through partnerships with Netflix, Fortiche Productions SAS, and others," but does not specify how. Dkt. No. 11, ¶ 21. It then states that "Defendant had the ability to control and supervise the infringing conduct but failed to prevent it," again without

any factual allegations as to how. *Id.* ¶ 22. These bare legal conclusions cannot sustain a claim for vicarious copyright infringement. *See, e.g.*, *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Like the direction infringement claim, this claim must be dismissed with prejudice.

## VI. THE FAC FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200.

Wolstenholme's state law claim for unfair competition is preempted by the Copyright Act. "A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. 17 U.S.C. § 301(a). Second, the work involved must fall within the 'subject matter'" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

Wolstenholme alleges that Riot engaged in "unlawful and unfair business practices by misappropriating Plaintiff's copyrighted material for commercial gain." Dkt. No. 11, ¶ 25. Other than this single sentence, Wolstenholme does not allege any other conduct as the basis for his unfair competition claim under California law. In addition, the cause of action incorporates by reference all previous allegations of the complaint, including those supporting his claim for copyright infringement. Because Wolstenholme's "complaint expressly bases his unfair competition claim on rights granted by the Copyright Act," it satisfies the first prong of the preemption analysis. *Kodadek*, 152 F.3d at 1213. As to the second prong, Wolstenholme alleges infringement of a "literary work." Dkt. No. 11, ¶ 9. Literary works fall within the scope of the Copyright Act. 17 U.S.C. § 102(a)(1). "Thus, both prongs of the preemption analysis are met, and [Wolstenholme's] unfair competition claim is preempted." *Kodadek*, 152 F.3d at 1213. Because this claim fails as a matter of law, it should be dismissed with prejudice.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## VII. THE FAC FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Wolstenholme alleges that he suffered emotional distress when Riot's "legal representatives responded [to his initial demand in November 2021] with threats of extensive legal fees." Dkt. No. 11, ¶¶ 15, 29–31. His claim for intentional infliction of emotional distress ("IIED") fails for three independent reasons. First, it is barred by California's two-year statute of limitations because the alleged conduct occurred in 2021, but Plaintiff filed this suit in late 2024. Second, the claim is barred by California's litigation privilege because the conduct arises from pre-litigation correspondence in connection with contemplated litigation. Third, the conduct alleged—a routine legal communication—does not meet the high standard for "outrageous conduct" under California law. For these reasons, the IIED claim should be dismissed with prejudice.

### A. The IIED Claim is Barred by the Two-Year Statute of Limitations.

Under California law, claims for intentional infliction of emotional distress are subject to a two-year statute of limitations. *Cal. Civ. Proc. Code* § 335.1. The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of the defendant's allegedly outrageous conduct. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992); *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711–12 (9th Cir. 2014) (affirming dismissal of IIED claim as untimely).

Here, Wolstenholme alleges that Riot's "legal representatives threatened Plaintiff with excessive legal fees and dismissal of his claims." Dkt. No. 11, ¶ 29. While Wolstenholme does not attach the correspondence at issue to his FAC, the Court may consider it as incorporated by reference because the correspondence is referenced in the FAC and "forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see, e.g.*, *Royal 4 Sys., Inc. v. RLI Ins. Co.*, No. CV 22-05732-RSWL-RAO, 2022 WL 19263327, at *4 (C.D. Cal. Dec. 9,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

2022) (incorporating by reference letters that were "referenced in the Complaint" and formed the basis for the plaintiff's claims). The pre-litigation correspondence to which Wolstenholme refers was sent on November 28, 2021. Geller Decl., ¶ 3, Exh. A. Wolstenholme claims that this letter caused him severe emotional distress and exacerbated his PTSD. Dkt. No. 11, ¶ 29. However, Wolstenholme did not file this lawsuit until late 2024—nearly three years after the alleged conduct. *See* Dkt. No. 11, Exh. A (original complaint filed in October 2024). Because the statute of limitations expired in 2023, Wolstenholme's IIED claim is time-barred and must be dismissed with prejudice.

B. <u>The IIED Claim is Barred by the Litigation Privilege.</u>

The California litigation privilege provides an absolute bar to tort claims arising from communications made in connection with judicial proceedings. Cal. Civ. Code § 47(b). The privilege applies to communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

The privilege applies broadly to pre-litigation communications, including correspondence made in anticipation of litigation. *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004) (privilege protects letters "threatening litigation and outlining legal positions"). Here, Wolstenholme challenges a letter sent by Riot's counsel that set forth Riot's legal position and warned of the potential legal consequences of pursuing frivolous claims. Geller Decl., ¶ 3, Exh. A. Because the letter was made in anticipation of litigation, it is absolutely protected under the litigation privilege. Wolstenholme's IIED claim, therefore, is barred as a matter of law and must be dismissed.

//

//

//

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

C. The Conduct Alleged is Not Sufficiently Outrageous to State a Claim for IIED.

To state a claim for intentional infliction of emotional distress, Wolstenholme must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1609 (2012). Conduct is considered "outrageous" only if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013). Actions taken in good faith to assert or defend legal rights are not actionable under California law. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992).

Here, Wolstenholme's IIED claim is based on a pre-litigation letter from Riot's counsel that communicated Riot's legal position and warned Plaintiff of potential liability should he proceed with a frivolous claim. Such correspondence, even if it caused Wolstenholme distress, does not rise to the level of "outrageous conduct" as a matter of law. Courts have consistently held that even a "callous disregard" for a plaintiff's well-being does not meet this standard—and a letter factually stating the legal consequences of pursuing a frivolous claim does not even approach that level. *Moncada*, 221 Cal. App. 4th at 780. Because Wolstenholme has not alleged conduct that exceeds "all bounds of that usually tolerated in a civilized society," his IIED claim fails as a matter of law.

## VIII. CONCLUSION

For the foregoing reasons, Riot respectfully requests that the Court dismiss the FAC with prejudice.

//

//

DATED: January 27, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains 4,280 words in compliance with the word limit of Local Rule 11-6.1.

DATED: January 27, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: *\/s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

| | |
|---|---|
| MARC WOLSTENHOLME,<br>Plaintiff,<br>v.<br>RIOT GAMES, INC.,<br>Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br>*Hon. Fernando M. Olguin*<br>**DECLARATION OF JOSHUA M. GELLER IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br>Date: February 27, 2025<br>Time: 10:00 a.m.<br>Crtrm: 6D<br>[Notice of Motion and Motion to Dismiss and [Proposed] Order filed concurrently herewith] |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**DECLARATION OF JOSHUA M. GELLER**

I, Joshua M. Geller, declare:

1. I am an attorney duly licensed to practice in all the courts of the State of California and I am counsel of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Defendant Riot Games, Inc. ("Riot"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath. I submit this declaration in support of Riot's Motion to Dismiss the First Amended Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6).

2. On or about January 13, 2025, Wolstenholme filed a First Amended Complaint, Dkt. No. 11 ("FAC"). The Notice of Electronic Filing of that document was circulated by email on January 15, 2025.

3. In that First Amended Complaint, Mr. Wolstenholme references an exchange of correspondence in November 2021. *See* FAC ¶¶ 14–15. He states that he notified Riot of the alleged infringement in November 2021, and that Riot's "legal representatives responded with threats of extensive legal fees." *Id.* I understand Mr. Wolstenholme to be referencing a letter sent by my colleague, Aaron J. Moss to Mr. Wolstenholme, on which I was copied, dated November 28, 2021. A true and correct copy of that letter from Mr. Moss to Mr. Wolstenholme is attached as **Exhibit A**.

4. On January 16, 2025, I emailed Mr. Wolstenholme informing him that Riot intended to move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. I explained the legal basis for the motion and offered to have a further telephone call to discuss. A true and correct copy of my email to Mr. Wolstenholme is attached as **Exhibit B**.

5. Mr. Wolstenholme responded to my January 16 email on January 17, stating that he would "call [me] for a Rule 7-3 Meet and Confer" and requesting a

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

"meeting agenda." I responded on January 18 and provided a detailed summary of the legal arguments that Riot intended to raise in connection with its motion to dismiss, along with the applicable case law. A true and correct copy of that correspondence is attached as **Exhibit C**.

6. Mr. Wolstenholme and I spoke on the telephone on January 20. We discussed the various legal bases for the motion to dismiss. I explained Riot's view that these legal deficiencies could not be corrected by amendment, and so the only proper course would be for Mr. Wolstenholme to dismiss his First Amended Complaint, and that if he would not do so, Riot would proceed with the instant motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of January, 2025 at Los Angeles, California.

*/s/ Joshua M. Geller*
Joshua M. Geller

# Exhibit A

Greenberg Glusker

**Aaron J. Moss**

D: 310.785.6814
F: 310.201.2314
AMoss@ggfirm.com
File Number: 74677-00001

November 28, 2021

**Via E-Mail**

Marc Wolstenholme
Inkberrow, Worcestershire, WR7 4EF,
England
Marc.wolstenholme@yahoo.co.uk

Re: *Cease and Desist*

Dear Mr. Wolstenholme:

This law firm represents Riot Games, Inc. ("Riot"). I am writing in response to the various allegations you have made concerning the television series *Arcane*, including as set forth in your various letters to Riot representatives dated November 26, 27 and 28, 2021. As explained in detail below, your claim that Riot infringed the copyright in your unpublished manuscript entitled "Bloodborg: the Harvest" (the "Manuscript") is both legally and factually baseless.

Your emails appear to suggest that you hired a literary agent whom, without your permission, gave or sold the Manuscript to Riot. This is simply false. Riot did not purchase or acquire your Manuscript to create *Arcane*. Rather, the program was developed in-house by Riot and its employees over a period of many years. The show is not based on any acquired property; to the contrary, and as you know, the show is based on underlying Riot IP from *League of Legends*, and much of the characters, settings, plots and other copyrightable elements of Riot's property were first created more than a decade ago.

To be clear, neither Riot nor the individuals who helped create *Arcane* ever received a copy of your Manuscript. Nor does your work appear to be publicly available. If you would like to send a copy of your Manuscript to my attention, you are certainly welcome to do so—but please understand that there is absolutely no truth to your suggestion that your manuscript made its way into Riot's hands. In the absence of evidence that Riot had any access to your work, you cannot state a copyright claim as a matter of law.

While we do not have a copy of your manuscript that would allow us to fully evaluate your claims, it is abundantly clear that there is no possible claim for copyright infringement based on the so-called "similarities" you have identified in your correspondence. Whether or not you truly believe that your work has been copied (which is, emphatically, not the case), you appear to be operating under a fundamental misunderstanding of United States copyright law.

In order to establish a claim of copyright infringement under the U.S. Copyright Act, a plaintiff must show that two works are "substantially similar" in creative expression (as opposed to simply ideas) based on both an extrinsic and an intrinsic test. *Funky Films, Inc. v. Time*

*Warner Ent. Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006). The extrinsic test in particular looks only at the *copyrightable elements* of the works. *Id.* at 1077 (courts must "filter out and disregard" the non-protectible elements when comparing two works).

Copyright does not protect abstract or general ideas; rather it protects only the concrete expression of those ideas. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002). This means that copyright law does not protect basic plot premises or features of the work that flow directly from those ideas. *Id.* ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement."). Generic concepts—like a story featuring orphans, or a story with cyborgs and mutants—are not protectible and therefore cannot form the basis for a claim of copyright infringement.

The supposed comparisons you cite in your correspondence are exactly the sort of things that copyright law does *not* protect. You cite stock concepts like the fact that *Arcane* follows a group of orphans, and that there is a "stocky and rough leadership figure who helps children and is revered as a hero." Those are merely ideas that are simply not protected by United States copyright law.

This fact does not change even when you list dozens of purported "similarities."[1] Under applicable law, lists of similarities are "inherently subjective and unreliable," and federal courts will not rely on such lists of "random similarities scattered throughout the works" to find substantial similarity. *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984). For that reason, United States courts *routinely* dismiss copyright infringement claims based on allegations of similarity far more extensive than those you have identified. *E.g.*, *Shame on You Productions, Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123 (C.D. Cal. 2015); *Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083 (C.D. Cal. 2011); *Zella v. E.W. Scripts, Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007).

In your letter, you incorrectly assert that you would be entitled to statutory damages or attorney's fees if you were to sue Riot for copyright infringement. Not so. Your Manuscript does not appear to have been registered with the United States Copyright Office, and statutory damages and attorney's fees are therefore unavailable. 17 U.S.C. § 412 (no award of statutory damages or of attorney's fees shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration).

---

[1] Please note that the "similarities" you cite are not similar in the first place. Even trivial comparisons are grossly misrepresented in your attachments—your comparisons between a "maroon vail" (sic) and Vi's hood, or a bar called "The Last Drop" and your use of this ordinary phrase in an entirely different context (referring to the last bit of some food) simply underscore your allegations' lack of viability. "Ordinary words and phrases are not entitled to copyright protection, nor are 'phrases or expressions conveying an idea typically expressed in a limited number of stereotyped fashions.'" *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1071 (C.D. Cal. 2010).

It is instead *Riot* that would be able to recover any attorney's fees it is required to expend defending any of your frivolous claims. Please understand that this means that if you pursue legal action against Riot you will be exposing yourself to substantial monetary liability. Riot will not hesitate to pursue all available legal remedies in connection with your allegations.

Our law firm regularly defends cases like yours and courts invariably dismiss them at the outset of the lawsuit. We have no doubt that the same result would obtain were you to pursue your baseless claims.

I note that you have stated in your correspondence that you do not want the stress of having to fight for years over your supposed copyright claims. Because your allegations of infringement are entirely misguided and based on a serious misunderstanding of copyright law, I urge you to follow your own advice and not waste any more of your energy pursuing these meritless allegations. Your requests for a face-to-face meeting with Riot's executives and for compensation are rejected in full.

Because this firm is now representing Riot in this matter, we also demand that you refrain from contacting Riot's employees and executives any further. Should you wish to respond to this letter, you are directed to respond to my attention alone.

This letter is not a full and complete recitation of Riot's rights and remedies, all of which are expressly reserved.

Sincerely,

Aaron J. Moss

cc: Joshua Geller, Esq.

# Exhibit B

| | |
|---|---|
| **From:** | Geller, Joshua |
| **Sent:** | Thursday, January 16, 2025 11:21 AM |
| **To:** | Marc Wolstenholme |
| **Cc:** | Moss, Aaron |
| **Subject:** | Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM |
| **Attachments:** | Activity in Case 2:25-cv-00053-FMO-BFM Marc Wolstenholme v. Riot Games, Inc. Amended Complaint; Activity in Case 2:25-cv-00053-FMO-BFM Marc Wolstenholme v. Riot Games, Inc. Text Only Scheduling Notice |

Mr. Wolstenholme,

We have received a copy of your Amended Complaint, which was filed with the federal court on January 13. A copy of the Notice of Electronic Filing is attached for your reference. In light of the Amended Complaint, Riot's original motion to dismiss is moot (see attached order from the Court).

Riot intends to move to dismiss this Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As to your two copyright claims, you have not alleged a plausible claim for relief, including because you have not included any factual allegations regarding what protected expression of your work has been infringed by Riot and have not included sufficient allegations regarding access (i.e., how you contend Riot received a copy of your work), among other deficiencies. As to your two state law claims, they fail to state a claim for relief for a few reasons. Your claim for unfair competition is preempted by the U.S. Copyright Act. Your claim for intentional infliction of emotional distress, as far as we understand it, is time barred (outside the statute of limitations), barred by the litigation privilege, and otherwise fails to allege a plausible claim for relief.

I am happy to discuss these issues further in a telephone call. Please note that our deadline to file our motion to dismiss is January 27. Please let me know if you would like a further phone call to discuss, and if so, please provide your availability to do so.

Regarding the other issues you've raised in your recent emails, I will respond in a separate email.

Sincerely,
Josh Geller

# Exhibit C

---

**From:** Geller, Joshua
**Sent:** Saturday, January 18, 2025 9:16 AM
**To:** Marc Wolstenholme
**Cc:** Moss, Aaron
**Subject:** RE: Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM

Mr. Wolstenholme,

I'm glad you've started receiving mail from the federal district court. I understand that it takes some time for that to reach you, which is why we've been sending you email copies of the filings as they come in. We'll continue to do that.

I'm available to speak Monday. I suggest 5 pm GMT (9 am PT) at the following dial-in, but please let me know if you prefer a different time.
**Dial in**: 213 338 8477
**Conference ID**: 875 004 4670

For a meeting agenda, I will be prepared to discuss Riot's anticipated motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). To reiterate, the legal bases for the motion is as follows:
<u>Copyright claims</u>

- The Amended Complaint fails to allege facts sufficient to state a plausible claim as to each element of copyright infringement. It fails to meet the pleading standards under the U.S. Supreme Court cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
    - The Amended Complaint does not allege that your work has been registered with the United States Copyright Office, nor does it allege any basis for why it would be exempted from the registration requirement. This failure bars your claims. *See* 17 U.S.C. 411(a); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019); see also *Kiely v. Universal Music Grp*., 2020 WL 4037161, at *4 (C.D. Cal. Mar. 5, 2020)
    - The Amended Complaint does not plausibly allege access by Riot. Access must be established either by showing that the plaintiff's work has been widely disseminated or by establishing a chain of events linking the plaintiff's work and the defendant's access. The Amended Complaint does not explain how those responsible for creating *Arcane* purportedly obtained your work, or what the connection is between the entities you allegedly submitted your work to and Riot. *See Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016); *Fillmore v. Blumhouse Prods., LLC*, 771 F. App'x 756 (9th Cir. 2019).
    - The Amended Complaint does not plausibly allege copying of protected expression. It is a plaintiff's burden to allege sufficient facts to satisfy the "extrinsic test" in the Ninth Circuit and show the specific *protectable* elements of the copyrighted work that are unlawfully appropriated by defendant's work. *See generally Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). Failure to allege those details necessitates dismissal. *See, e.g., Esplanade Prods., Inc. v. Walt Disney Co.*, No. CV1702185MWFJCX, 2017 WL 5635024, at *10 (C.D. Cal. July 11, 2017).

<u>Unfair Competition claim</u>

- The Amended Complaint's claim for unfair competition due to misappropriation of plaintiff's copyrighted work is preempted by the U.S. Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998). In other words, the federal Copyright Act bars a plaintiff from bringing a state law claim (like the unfair competition claim) based on conduct that is within the scope of the Copyright Act. A claim for copyright infringement is the sole available remedy.

<u>Intentional Infliction of Emotional Distress ("IIED") claim</u>

- The Amended Complaint's claim for IIED is barred by the two-year statute of limitations. Based on your correspondence, the conduct at issue is Mr. Moss's letter to you in 2021. That is outside the statute of

limitations. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992); *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711–12 (9th Cir. 2014) (affirming dismissal of IIED claim as untimely).

- The Amended Complaint's claim for IIED is barred by the litigation privilege. The conduct that forms the basis for the claim (Mr. Moss's response to your demand letter) was conduct done in anticipation of litigation and is privileged (i.e., not subject to tort claims). *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004)
- The Amended Complaint does not plausible allege conduct that is sufficiently extreme and outrageous to state an IIED claim. *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013). Actions taken in good faith to assert or defend legal rights are not actionable under California law. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 888 (1992).

We do not believe the above deficiencies can be corrected and will be seeking an order dismissing your complaint with prejudice (i.e., permanently). I look forward to speaking with you about these issues further on Monday.

Sincerely,
Josh Geller

---

**From:** Marc Wolstenholme <marc@mwwolf-fiction.co.uk>
**Sent:** Friday, January 17, 2025 6:05 AM
**To:** Geller, Joshua <jgeller@greenberglusker.com>
**Subject:** Re: Rule 7-3 Meet and Confer, Case 2:25-cv-00053-FMO-BFM

Afternoon Josh,

I suppose it's good morning to you over in Sunny LA.

This afternoon I received a bunch of mial from the court which I am required to sign and send back. Some of them are already out of date.

The court will have to understand that I'm on the other side of the world and doing my best. I believe they will as all of the US court Clark's have been supportive, pleasant and understanding.

I can call you for a Rule 7-3 Meet and Confer, Next week now as it's Friday already. I guess Monday would be good. Tuesdays are not good as I see my daughter on Tuesdays. Any week day thereafter is also fine.

I would ask that you draft a meeting agenda, og what we plan to speak about, and I can send you a list of my concerns and requests, so then it's noted for the court's reference.

Many Thanks,

Marc Wolstenholme

On Thu, 16 Jan 2025 at 19:20, Geller, Joshua <jgeller@greenberglusker.com> wrote:

> Mr. Wolstenholme,

We have received a copy of your Amended Complaint, which was filed with the federal court on January 13. A copy of the Notice of Electronic Filing is attached for your reference. In light of the Amended Complaint, Riot's original motion to dismiss is moot (see attached order from the Court).

Riot intends to move to dismiss this Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As to your two copyright claims, you have not alleged a plausible claim for relief, including because you have not included any factual allegations regarding what protected expression of your work has been infringed by Riot and have not included sufficient allegations regarding access (i.e., how you contend Riot received a copy of your work), among other deficiencies. As to your two state law claims, they fail to state a claim for relief for a few reasons. Your claim for unfair competition is preempted by the U.S. Copyright Act. Your claim for intentional infliction of emotional distress, as far as we understand it, is time barred (outside the statute of limitations), barred by the litigation privilege, and otherwise fails to allege a plausible claim for relief.

I am happy to discuss these issues further in a telephone call. Please note that our deadline to file our motion to dismiss is January 27. Please let me know if you would like a further phone call to discuss, and if so, please provide your availability to do so.

Regarding the other issues you've raised in your recent emails, I will respond in a separate email.

Sincerely,

Josh Geller

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No. 2:25-cv-00053-FMO-BFM

*Hon. Fernando M. Olguin*

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

Date: February 27, 2025
Time: 10:00 a.m.
Crtrm: 6D

[Notice of Motion and Motion to Dismiss and Declaration of Joshua M. Geller filed concurrently herewith]

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Defendant Riot Games, Inc.'s ("Riot") Motion to Dismiss the First Amended Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) came on for hearing in Courtroom 6D of the above-entitled Court, the Honorable Fernando M. Olguin presiding. Appearances were as reflected on the record. The Court, having considered the motion and all supporting moving papers, the opposition papers, and the reply thereto, and the oral argument presented at the hearing, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED; and
2. Plaintiff's First Amended Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
HON. FERNANDO M. OLGUIN
United States District Court Judge

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

FILED
CLERK, U.S. DISTRICT COURT
1/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY RYO DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Electronically Received 01/09/2025 01:41 PM

Marc Wolstenholme

5 Shetland Close

Coventry, England CV5 7LS

Telephone: 044 7827964404

Email: marc@mvwolf-fiction.co.uk

Plaintiff in Pro Per

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

STANLEY MOSK COURTHOUSE

| | |
|---|---|
| MARC WOLSTENHOLME,<br>Plaintiff,<br><br>vs.<br><br>RIOT GAMES, INC.,<br>Defendant | Case No.: 24STCV28643<br><br>2:25-cv-00053-FMO-BFM<br>Hon. Kevin C. Brazile, Dept. 20<br><br>(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)<br>(2) VICARIOUS COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)<br>(3) UNFAIR COMPETITION (17 U.S.C. § 501)<br>(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED): CALIFORNIA CIVIL CODE § 1708.<br>Action Filed Date: October 31, 2024 |

NARRATIVE COMPLAINT

Dated this 09.01.2025.

M.Wolstenholme.

[MARC WOLSTENHOLME]

**INTRODUCTION**

Plaintiff Marc Wolstenholme ("Plaintiff"), a UK resident and the owner of the copyrighted material known as the M.W. Wolf catalogue of fiction, brings this action against Defendant Riot Games, Inc. ("Defendant"), a California-based video game development company.

Plaintiff owns the exclusive copyright to "Bloodborg: The Harvest" by M.W. Wolf, created between 2018-2019.

Plaintiff alleges that Defendant infringed his copyright by using the manuscript of "Bloodborg: The Harvest" submitted to Riot Forge, Curtis Brown Group, and others in 2020 to create the animated series ARCANE. Plaintiff asserts that Defendant's animated show and promotional materials derive narrative elements, themes, aesthetics, and character arcs from Plaintiff's copyrighted work.

Plaintiff seeks damages for the harm suffered, statutory damages, and an injunction to prevent further infringement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) as this matter arises under the U.S. Copyright Act (17 U.S.C. § 501).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) as Defendant Riot Games, Inc. maintains its principal place of business in Los Angeles County, California.

**PARTIES**

7. Plaintiff Marc Wolstenholme is a UK resident and owner of the M.W. Wolf catalogue of fiction.

8. Defendant Riot Games, Inc. is a video game development company headquartered in Los Angeles, California.

**FACTUAL ALLEGATIONS**

9. Plaintiff created the work "Bloodborg: The Harvest" between 2018 and 2019 and holds the exclusive copyright to this literary work.

10. In early 2020, Plaintiff submitted the manuscript of "Bloodborg: The Harvest" to Riot Forge, Curtis Brown Group, and others.

11. Plaintiff alleges that Defendant Riot Games unlawfully copied significant portions of his manuscript to create the animated series ARCANE, which premiered on Netflix in November 2021.

12. Plaintiff asserts that characters, plotlines, thematic elements, and narrative structure in ARCANE mirror those found in "Bloodborg: The Harvest."

13. Plaintiff further alleges that the official music video "Blood Sweat & Tears" by Riot Games, featuring Sheryl Lee Ralph, derives directly from elements of "Bloodborg: The Harvest."

14. Defendant continues to profit from ARCANE and related products despite being notified of the alleged infringement in November 2021.

15. Defendant's legal representatives responded with threats of extensive legal fees, causing Plaintiff emotional distress and further exacerbating his existing complex PTSD.

**FIRST CAUSE OF ACTION**

(Copyright Infringement – 17 U.S.C. § 501)

16. Plaintiff incorporates paragraphs 1 through 15 by reference.

17. Defendant, without authorization, copied, distributed, and publicly displayed Plaintiff's copyrighted material.

18. Defendant's unauthorized use of Plaintiff's work constitutes direct copyright infringement.

19. Plaintiff has suffered damages as a direct result of Defendant's infringement and is entitled to statutory damages and injunctive relief under 17 U.S.C. § 504.

**SECOND CAUSE OF ACTION**

(Vicarious Copyright Infringement – 17 U.S.C. § 501)

20. Plaintiff incorporates paragraphs 1 through 19 by reference.

21. Defendant benefited financially from the unauthorized use of Plaintiff's copyrighted material through partnerships with Netflix, Fortiche Production SAS, and others.

22. Defendant had the ability to control and supervise the infringing conduct but failed to prevent it.

23. Plaintiff seeks statutory damages and injunctive relief to prevent further vicarious infringement.

**THIRD CAUSE OF ACTION**

(Unfair Competition – Cal. Bus. & Prof. Code § 17200)

24. Plaintiff incorporates paragraphs 1 through 23 by reference.

25. Defendant engaged in unlawful and unfair business practices by misappropriating Plaintiff's copyrighted material for commercial gain.

26. Defendant's conduct caused Plaintiff significant financial harm and reputational damage.

27. Plaintiff seeks restitution, disgorgement of profits, and injunctive relief to prevent further unfair competition.

**FOURTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress – Cal. Civ. Code § 1708)

28. Plaintiff incorporates paragraphs 1 through 27 by reference.

29. Defendant's legal representatives threatened Plaintiff with excessive legal fees and dismissal of his claims, knowing Plaintiff was a vulnerable adult with complex PTSD.

30. Defendant's conduct was extreme, outrageous, and beyond the bounds of decency, causing Plaintiff severe emotional distress.

31. Plaintiff seeks compensatory and punitive damages for the emotional harm suffered.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

Statutory damages for copyright infringement pursuant to 17 U.S.C. § 504.

Injunctive relief to prevent further infringement.

Disgorgement of profits and restitution under Cal. Bus. & Prof. Code § 17200.

Compensatory and punitive damages for emotional distress.

Reimbursement of legal fees and costs.

Any other relief deemed just and proper by the Court.

Dated: January 9, 2025

Respectfully submitted,

Marc Wolstenholme M.Wolstenholme.

Plaintiff pro se

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No. 2:25-cv-00053-FMO-BFM

*Hon. Fernando M. Olguin*

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E); MEMORANDUM OF POINTS AND AUTHORITIES**

Date: February 13, 2025
Time: 10:00 a.m.
Crtrm: 6D

[Declaration of Joshua Geller and [Proposed] Order filed concurrently herewith]

Complaint filed: October 31, 2024

Notice of Removal filed: January 3, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 13, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Riot Games, Inc. ("Riot") will, and hereby does, move to dismiss the Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e). The Complaint filed by Plaintiff Marc Wolstenholme does not contain any allegations of fact regarding the claims being asserted or any narrative statement at all and so fails to meet the pleading standards of Fed. R. Civ. Pro 8. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua Geller, any reply papers that may be filed, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

The motion is made following a conference between counsel and Wolstenholme, who is representing himself pro se, pursuant to Local Rule 7-3, which took place on December 31, 2024, and through further correspondence and a telephonic conference on January 9, 2025.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 2

III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. .......... 3

IV. IN THE ALTERNATIVE, WOLSTENHOLME SHOULD FILE A MORE DEFINITE STATEMENT OF HIS CLAIMS. .......... 5

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) .......... 2, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2, 1, 2

*Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396 (C.D. Cal. Mar. 9, 2022) .......... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2, 1, 2

*Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439 (C.D. Cal. June 22, 2022) .......... 2, 5

*Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006 (S.D. Cal. Aug. 23, 2021) .......... 3

*Khan v. Google, LLC, et al.*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884 (C.D. Cal. Dec. 24, 2024) .......... 6

*KhazaI v. Grover*, No. 222CV00100HDVKSX, 2023 WL 8244330 (C.D. Cal. Nov. 15, 2023) .......... 6

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .......... 2

*Phillips v. Cnty. of Riverside*, No. 519CV01518VAPMAA, 2019 WL 7940686 (C.D. Cal. Aug. 20, 2019) .......... 3

*Robinson v. Sharrieff*, No. 2:22CV00806 CAS, 2024 WL 3742705 (C.D. Cal. Aug. 9, 2024) .......... 3

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) .......... 2

**STATUTES**

17 U.S.C. § 501 .......... 1, 3

**OTHER AUTHORITIES**

Fed. R. Civ. Pro 8 .......... 2, 1, 3, 5

Fed. R. Civ. Pro. 12(b)(6) .......... 2, 2

## TABLE OF AUTHORITIES
(continued)

**Page**

Fed. R. Civ. Pro. 12(e) .......... 2, 2, 5

Local Rule 7-3 .......... 2

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Marc Wolstenholme ("Wolstenholme"), who is representing himself *pro se*, has not filed any statement of the nature of his claims. Instead, he initiated this action in the Superior Court for the County of Los Angeles (the "Superior Court") by filing a judicial council form typically used for initiating contract disputes. On that form, he stated that his principal cause of action was for: "Copyright Infringement (17 U.S.C. § 501)," and that he is also bringing claims for vicarious copyright infringement, unfair competition, and intentional infliction of emotional distress. But he has not filed any pleadings with the Superior Court, or with this Court after removal, identifying any facts that form the basis for those claims.

This is not simply a case in which a plaintiff has filed an insufficiently detailed complaint. Instead, Wolstenholme has failed to file *any* narrative statement of his claims. He has filed only a state court form akin to a civil cover sheet, but nothing else. When counsel for Defendant Riot Games, Inc. ("Riot") pointed out this defect, Wolstenholme acknowledged that he had not filed what he calls his "long complaint" and would "check in with the court . . . to ask them if they need the long complaint right away." Declaration of Joshua Geller ("Geller Decl."), ¶ 5, Exh. B. Wolstenholme has still not filed any other complaint, although he has communicated his intention to "update it further" and "snowball my complaints" with additional allegations. *Id.* ¶¶ 5–6, Exh. B. Riot cannot reasonably prepare a response to this action until Wolstenholme complies with the obligations of Federal Rule of Civil Procedure 8 and files the required "a short and plain statement" of his claims consistent with the applicable pleading standards under *Twombly* and *Iqbal*. Accordingly, this Court should dismiss this action for failure to state a claim or, in the alternative, order a more definite statement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 8 requires a plaintiff to provide "fair notice of what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation and alteration omitted). Although a plaintiff need not provide "detailed factual allegations," he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under FRCP 12(b)(6) "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

When a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," a defendant may move for a more definite statement. FRCP 12(e). "An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim." *Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022).

While pleadings filed by *pro se* litigants are often interpreted liberally, "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Wolstenholme has not complied with the most basic requirement of FRCP 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Instead, he has simply filed a form document identifying several causes of action that he intends to bring, but without any narrative statement whatsoever. Threadbare complaints that do not specify the factual basis for the stated claims are routinely dismissed for failure to state a claim. *E.g.*, *Robinson v. Sharrieff*, No. 2:22CV00806 CAS (ADSX), 2024 WL 3742705, at *2 (C.D. Cal. Aug. 9, 2024) (dismissing complaint for failure to meet FRCP 8 requirement because it merely listed the claims but did "not specify the nature" of the claims); *Phillips v. Cnty. of Riverside*, No. 519CV01518VAPMAA, 2019 WL 7940686, at *1 (C.D. Cal. Aug. 20, 2019) (dismissing unintelligible complaint that consisted of "'naked assertion[s]' devoid of 'further factual enhancement'"); *Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006, at *2 (S.D. Cal. Aug. 23, 2021) (dismissing claim that contained "no factual allegations whatsoever").

Here, the only Complaint that Wolstenholme filed is contained on a Superior Court Judicial Counsel Form PLD-C-001 (the "Form Complaint"). *See* Dkt. No. 1, Exh. A (copy of Complaint submitted with Notice of Removal). The form states that it is for a "contract" action, but in Section 8 of the form, Wolstenholme identified his causes of action as: "Copyright Infringement: Specify as 'Copyright Infringement (17 U.S.C. § 501).'" The form also states as "other allegations" "Vicarious Copyright Infringement, Unfair Competition, and Intentional Infliction of Emotional Distress." The Form Complaint does not include *any* other description of the nature of his claims.

Because it does not contain any factual narrative at all, it fails to state any of the purported claims. As to the two copyright infringement claims (direct and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

vicarious), Wolstenholme does not identify a specific work, allege that he owns the copyright in that work, identify any infringing act by Riot, or state what relief is sought. As to the unfair competition claim, he does not allege what the wrongful conduct was nor how it damaged Wolstenholme. And the intentional infliction of emotional distress claim does not identify what conduct is being complained of. There is no statement of the claims at all.

Based on email correspondence and a telephonic conference between Riot's counsel and Wolstenholme, Riot understands that Wolstenholme *intends* to file a narrative complaint. Wolstenholme has emailed to Riot's counsel several versions of a lengthier document that he denominated "Complaints" for copyright infringement, vicarious copyright infringement, unfair competition claims, and intentional infliction of emotional distress. Geller Decl., ¶ 2. However, upon checking the Superior Court docket, Riot's counsel confirmed that none of these narrative document had been filed, and only the Form Complaint had been filed. *Id.* ¶¶ 2–3, 6.

On December 17, 2024, Riot's counsel emailed Wolstenholme informing him that the narrative complaint he had previously emailed had "not yet been filed with the [Superior] Court," and noting that the only document filed was the Form Complaint. Geller Decl., ¶ 4, Exh. A.

Wolstenholme responded by email confirming that only the Form Complaint had been filed. He further stated that a version of the complaint he had emailed on December 5 was "an update of the long complaint" and that he would "be wanting to update it further . . . and convert[] the complaints, motions, answers, declarations, briefs and evidence to plead paper." Geller Decl., ¶ 5, Exh. B. Wolstenholme then stated: "I plan to snowball my complaints for many reasons, one being because of the wider damage and implications of these complaints and because of the vulnerabilities of myself and of others used by Riot to hide IP theft,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

mainly children."[1] *Id.* Wolstenholme has subsequently continued to email other documents to Riot's counsel that he titles "complaints," which all differ from one another. Geller Decl., ¶ 6. None of these have been filed. *Id.*

After further email correspondence with Wolstenholme, Riot's counsel spoke to him telephonically on January 9, 2025. Geller Decl., ¶ 9. Wolstenholme stated that at least one attempted filing had been rejected by the Los Angeles Superior Court Clerk, and that he intended to file a further complaint. *Id.*

It appears from these communications that Wolstenholme intends to file further documents alleging claims against Riot. But he has not done so. Pleading requirements are not a mere formality—the pleadings set out what is at issue in the case, and what the permissible scope of discovery will be. Wolstenholme must set out his claims in a single articulable, readily identifiable pleading. Riot cannot be expected to defend itself against a moving target of scattershot allegations emailed haphazardly to it. The Federal Rules dictate that a plaintiff must file a short and plain statement of the claim, and Wolstenholme's *pro se* status does not excuse him from that obligation. *Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1107–08.

## IV. IN THE ALTERNATIVE, WOLSTENHOLME SHOULD FILE A MORE DEFINITE STATEMENT OF HIS CLAIMS.

While dismissal is the appropriate remedy for a complaint that fails to comply with the basic requirements of FRCP 8(a), the Court may alternatively order Wolstenholme to provide a more definite statement of his claims under FRCP 12(e). Wolstenholme's Form Complaint is "so vague and ambiguous" that Riot cannot reasonably prepare a response. *See, e.g.*, *Conta v. City of Huntington Beach*, No. 821CV01897JLSKES, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022) ("An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim.").

[1] Wolstenholme has sent numerous emails to Riot and its counsel concerning various perceived conspiracies. Whatever it is Wolstenholme claims, Riot denies.

For the same reasons that Wolstenholme's Form Complaint fails to allege sufficient facts to state a claim, so too does it "fail[] to specify the allegations in a manner that provides sufficient notice" of the nature of the claims. *KhazaI v. Grover*, No. 222CV00100HDVKSX, 2023 WL 8244330, at *3 (C.D. Cal. Nov. 15, 2023) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

*Every* factual detail is absent from Wolstenholme's Complaint. This includes, as to his copyright claims, absolutely required allegations like ownership of a valid copyright or what conduct by Riot he believes infringes his rights. *See, e.g.*, *Khan v. Google, LLC, et al.*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884, at *6 (C.D. Cal. Dec. 24, 2024) (granting motion for more definite statement where plaintiff "has not established ownership of a valid copyright" and "the pleadings as to the copyright material are too vague for the Court to determine what (if anything) was stolen, and by whom"); *see also Aviles v. City of Long Beach*, No. 22109684MEMFADS, 2022 WL 2965396, at *5 (C.D. Cal. Mar. 9, 2022) (granting motion for more definite statement where the "legal theory underlying [the claim] is indiscernible from either the title of the claim or from the supporting allegations"). Accordingly, if the Court declines to dismiss Wolstenholme's complaint for failure to state a claim, Riot respectfully requests that Wolstenholme be ordered to provide a more definite statement of his claims.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Riot Games, Inc., certifies that this Memorandum of Points and Authorities contains 1,860 words in compliance with the word limit of Local Rule 11-6.1.

DATED: January 10, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: *[/s/ Joshua M. Geller]*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br>Plaintiff,<br>v.<br>RIOT GAMES, INC.,<br>Defendant. | Case No. 2:25-cv-00053-FMO-BFM<br>*Hon. Fernando M. Olguin*<br>**DECLARATION OF JOSHUA M. GELLER IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**<br>Date: February 13, 2025<br>Time: 10:00 a.m.<br>Crtrm: 6D<br>[Notice of Motion and Motion to Dismiss and [Proposed] Order filed concurrently herewith] |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# DECLARATION OF JOSHUA M. GELLER

I, Joshua M. Geller, declare:

1. I am an attorney duly licensed to practice in all the courts of the State of California and I am counsel of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Defendant Riot Games, Inc. ("Riot"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath. I submit this declaration in support of Riot's Motion to Dismiss the Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e).

2. Over the past several weeks, Wolstenholme has emailed me various correspondence that he titles "Complaints" for copyright infringement, vicarious copyright infringement, unfair competition claims, and intentional infliction of emotional distress. Some of these are included in the body of his emails, and some are included in attachments. Each version sent has differed from each other.

3. On December 5, 2024, Wolstenholme effectuated service of a Summons and Complaint on Riot. After service, I checked the docket for the Los Angeles Superior Court action, Case No. 24-STCV-28643 (the "Superior Court Action") and confirmed that the only version of the Complaint on file is the document that was included with Riot's Notice of Removal, Exhibit A. Since that time, I have repeatedly checked the Superior Court docket to confirm whether any other version of the Complaint had been filed, and none have as of today.

4. On December 17, 2024, I emailed Wolstenholme and stated: "I wanted to let you know that it appears the full Complaint you served on us has not yet been filed with the Court. Based on the docket, the only document on file is the attached short-form Complaint—not the longer, narrative version you emailed to us." I included a screenshot of the Superior Court docket and encouraged Wolstenholme

to "check with the Court clerk to ensure everything is in order and that your full Complaint is on file in the Court's records." A true and correct copy of that email is attached as **Exhibit A**.

5. On December 17, 2024, Wolstenholme responded to my email. He stated: "You're right, I did file an earlier version of the long form in October 2024 but then had to convert it to the proper short forms to have the cases approved and sealed. I needed the cases filed within three years for the statute of limitations. . . . I plan to snowball my complaints for many reasons, one being because of the wider damage and implications of these complaints and because of the vulnerabilities of myself and of others used by Riot to hide IP theft, mainly children." Wolstenholme continued by stating: "The complaint I served on you dated 04/12/2024 is an update of the long complaint. I'll be wanting to update it further and I'll present evidence with it. I'll be converting the complaints, motions, answers, declarations, briefs and evidence to plead paper, as that's how you do things in America." A true and correct copy of that email response is attached as **Exhibit B**.

6. Since December 17, Wolstenholme has continued to send emails to me that he identifies as "Complaints," but these do not appear on any Court docket and do not appear to have been filed.

7. On December 31, 2024, I emailed Wolstenholme and informed him that Riot planned to remove his case from Los Angeles Superior Court to this Court because he had alleged claims for copyright infringement, which are subject to this Court's exclusive jurisdiction. I also informed him that Riot intended to file the instant motion to dismiss or for more definite statement. I stated: "As you know, the complaint you filed in Los Angeles Superior Court is only a 'short form' complaint which does not contain any details about your allegations. The various longer versions of your complaint that you have emailed us have not been officially filed with the Court, and therefore they are not pleadings in the case that may be relied upon. Accordingly, you have not complied with the pleading standard of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Federal Rule of Civil Procedure 8(a), which requires, among other things, a legally sufficient statement of your claims." I stated that my email was intended to be a meet and confer pursuant to Local Rules 7-3. A true and correct copy of that correspondence is attached as **Exhibit C**.

8. On January 1, 2025, Wolstenholme responded to me and stated, among other things: "As I understand it, the long form didn't need to be filed in the final form till after the litigation discovery plan? I can file the long form . . . ." A true and correct copy of that response is attached as **Exhibit D**.

9. Wolstenholme has still not filed any longer, narrative version of his Complaint. After more correspondence, I met and conferred telephonically with Wolstenholme on January 9, 2025. I reiterated the basis for the instant motion. Wolstenholme informed me, among other things, that a filing he submitted to the Superior Court had been rejected, and that he intended to file a further complaint. However, as of today, he has not done so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of January, 2025 at Los Angeles, California.

*/s/ Joshua M. Geller*
Joshua M. Geller

# Exhibit A

---

**From:** Geller, Joshua
**Sent:** Tuesday, ecem er 17, 202 1:56 M
**To:** Marc Wolstenholme
**Cc:** Moss, Aaron
**Subject:** Clarification Regarding our Complaint
**Attachments:** 202 -10-31 FI Marc Wolstenholme Complaint.pdf

ear Mr. Wolstenholme,

I wanted to let you know that it appears the full Complaint you served on us has not yet been filed with the Court. ased on the docket, the only document on file is the attached short form Complaint not the longer, narrative version you emailed to us. You can download the document from the Court's website to confirm yourself.

DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**12/09/2024** Proof of Personal Service
Filed by Marc Wolstenholme (Plaintiff)

**11/20/2024** Notice of Case Management Conference
Filed by Clerk

**11/20/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**11/20/2024** Notice of Case Management Conference
Filed by Clerk

**11/05/2024** Summons (on Complaint)
Filed by Marc Wolstenholme (Plaintiff)

**10/31/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/31/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**10/31/2024** Civil Case Cover Sheet
Filed by Marc Wolstenholme (Plaintiff)

**10/31/2024** Complaint
Filed by Marc Wolstenholme (Plaintiff)

You may want to check with the Court clerk to ensure everything is in order and that your full Complaint is on file in the Court's records.

I'm sharing this purely for clarity to avoid any confusion moving forward. Reserving all rights.

Sincerely,
Josh Geller

# Exhibit B

---

**From:** Marc Wolstenholme <marc@mwwolf-fiction.co.uk>
**Sent:** Tuesday, December 17, 2024 3:16 PM
**To:** Geller, Joshua
**Subject:** Re: Clarification Regarding Your Complaint

Thanks Joshua,

You're right, I did file an earlier version of the long form in October 2024 but then had to convert it to the proper short forms to have the cases approved and sealed. I needed the cases filed within three years for the statute of limitations. I had hoped Riot would stop abusing and come to the table to negotiate, to save us all a bunch of stress and money and damage and to save Riot from the reputational destruction prolonged and acrimonious court battles will have on it and it's standing. I plan to snowball my complaints for many reasons, one being because of the wider damage and implications of these complaints and because of the vulnerabilities of myself and of others used by Riot to hide IP theft, mainly children.

The complaint I served on you dated 04/12/2024 is an update of the long complaint. I'll be wanting to update it further and I'll present evidence with it. I'll be converting the complaints, motions, answers, declarations, briefs and evidence to plead paper, as that's how you do things in America. Given my vulnerabilities and disabilities I'll be applying for motions to ensure that I'm not disadvantaged during these proceedings.

I have a UK based solicitor friend who is willing to help create the bundles with me. I am asking for a number of authorities on both sides of the water to intervene, to become parties to these proceedings, and to protect me.

I'll check in with the court in the next few days to ask them if they need the long complaint right away.

Thanks for the heads up.

Merry Christmas,

Marc Wolstenholme.

On Tue, 17 Dec 2024 at 21:55, Geller, Joshua <jgeller@greenbergglusker.com> wrote:

> Dear Mr. Wolstenholme,

I wanted to let you know that it appears the full Complaint you served on us has not yet been filed with the Court. Based on the docket, the only document on file is the attached short-form Complaint—not the longer, narrative version you emailed to us. You can download the document from the Court's website to confirm yourself.



You may want to check with the Court clerk to ensure everything is in order and that your full Complaint is on file in the Court's records.

I'm sharing this purely for clarity to avoid any confusion moving forward. Reserving all rights.

Sincerely,

Josh Geller

**Joshua Geller**
Partner
Biography | vCard
310.201.7460 Direct
jgeller@greenbergglusker.com

**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA 90067
**GreenbergGlusker.com**

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

# Exhibit C

**From:** Geller, Joshua
**Sent:** Tuesday, December 31, 2024 2:23 PM
**To:** Marc Wolstenholme
**Cc:** Moss, Aaron
**Subject:** Wolstenholme v. Riot Games - Rule 7-3 Meet and Confer

Dear Mr. Wolstenholme,

I'm writing to let you know about some upcoming steps that Riot intends to take in your case and to clarify a few procedural points.

First, Riot plans to remove the case from Los Angeles Superior Court to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441. This is because you're asserting a claim for copyright infringement, which federal law requires to be heard and decided exclusively in federal court. Your complaint was filed in state court (Los Angeles Superior Court), which does not have jurisdiction over copyright claims.

Once the case is in federal court, Riot intends to file a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Federal Rules of Civil Procedure 12(e). We are writing to "meet and confer" with you regarding that anticipated motion, pursuant to Central District of California Local Rule 7-3.

As you know, the complaint you filed in Los Angeles Superior Court is only a "short form" complaint which does not contain any details about your allegations. The various longer versions of your complaint that you have emailed us have not been officially filed with the Court, and therefore they are not pleadings in the case that may be relied upon. Accordingly, you have not complied with the pleading standard of Federal Rule of Civil Procedure 8(a), which requires, among other things, a legally sufficient statement of your claims.

Riot plans to file its notice of removal on January 6, 2025, and its motion to dismiss on January 13, 2025. You may be able to correct the above deficiencies in your complaint by dismissing your state court action and filing a more detailed complaint in federal court, though we do not believe you will be able to state any viable or cognizable claims against Riot in any event. We reserve the right to move to dismiss any such further complaints you file.

We again encourage you to consult with an attorney about the procedural and substantive deficiencies in your case.

Sincerely,
Josh Geller

# Exhibit D

**From:** Marc Wolstenholme <marc@mwwolf-fiction.co.uk>
**Sent:** Wednesday, January 1, 2025 4:37 AM
**To:** Geller, Joshua
**Subject:** Re: Wolstenholme v. Riot Games - Rule 7-3 Meet and Confer

Thanks Josh,

Happy new year,

Hope you had a good one.

Is this your official answer to the summons?

As I understand it, the long form didn't need to be filed in the final form till after the litigation discovery plan?

I can file the long form,

I will conter all motions to dismiss pleads.

I'll just keep coming over and over, I'll keep battling for the rest of my days.

I'll change up the cases how I must and I'll find a way. As we know, I am trying to navigate litigation in the US from the UK.

I have several disadvantages, such as money, power, disabilities and vulnerabilities and dyslexia, thus I'll be asking the court to take the necessary steps to ensure we are all equal under law.

There is simply no way that Riot are getting away with it. It would be better for everyone to get this over.

We can sit down and find a win-win situation. Riot have already profited from my work. It's time for them to thank me.

A Meet and Confer would be beneficial to both parties. The sooner the better. Jan would be great, is Riot prepared to organize and pay for my trip to LA?

I have important cases on the 7th and 8th of January. both of which are very taxing on my health as they are directly related to the past. May I ask that you hold off all actions until then, for my health purposes?

Again Thanks Josh,

Marc Wolstenholme

On Tue, 31 Dec 2024 at 22:23, Geller, Joshua <jgeller@greenbergglusker.com> wrote:

> Dear Mr. Wolstenholme,

I'm writing to let you know about some upcoming steps that Riot intends to take in your case and to clarify a few procedural points.

First, Riot plans to remove the case from Los Angeles Superior Court to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441. This is because you're asserting a claim for copyright infringement, which federal law requires to be heard and decided exclusively in federal court. Your complaint was filed in state court (Los Angeles Superior Court), which does not have jurisdiction over copyright claims.

Once the case is in federal court, Riot intends to file a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Federal Rules of Civil Procedure 12(e). We are writing to "meet and confer" with you regarding that anticipated motion, pursuant to Central District of California Local Rule 7-3.

As you know, the complaint you filed in Los Angeles Superior Court is only a "short form" complaint which does not contain any details about your allegations. The various longer versions of your complaint that you have emailed us have not been officially filed with the Court, and therefore they are not pleadings in the case that may be relied upon. Accordingly, you have not complied with the pleading standard of Federal Rule of Civil Procedure 8(a), which requires, among other things, a legally sufficient statement of your claims.

Riot plans to file its notice of removal on January 6, 2025, and its motion to dismiss on January 13, 2025. You may be able to correct the above deficiencies in your complaint by dismissing your state court action and filing a more detailed complaint in federal court, though we do not believe you will be able to state any viable or cognizable claims against Riot in any event. We reserve the right to move to dismiss any such further complaints you file.

We again encourage you to consult with an attorney about the procedural and substantive deficiencies in your case.

Sincerely,

Josh Geller

**Joshua Geller**
Partner
Biography | vCard
310.201.7460 Direct
jgeller@greenbergglusker.com

**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA 90067
**GreenbergGlusker.com**

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No. 2:25-cv-00053-FMO-BFM

*Hon. Fernando M. Olguin*

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

Date: February 13, 2025
Time: 10:00 a.m.
Crtrm: 6D

[Notice of Motion and Motion to Dismiss and Declaration of Joshua M. Geller filed concurrently herewith]

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Defendant Riot Games, Inc.'s ("Riot") Motion to Dismiss the Complaint filed by Plaintiff Marc Wolstenholme ("Wolstenholme") for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e) came on for hearing in Courtroom 6D of the above-entitled Court, the Honorable Fernando M. Olguin presiding. Appearances were as reflected on the record. The Court, having considered the motion and all supporting moving papers, the opposition papers, and the reply thereto, and the oral argument presented at the hearing, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED; and
2. Plaintiff's Complaint is dismissed with leave to amend.

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
HON. FERNANDO M. OLGUIN
United States District Court Judge

AARON J. MOSS (SBN 190625)
AMoss@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,

Plaintiff,

v.

RIOT GAMES, INC.,

Defendant.

Case No.

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT RIOT GAMES, INC.**

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**PLEASE TAKE NOTICE** that Defendant Riot Games, Inc. ("Riot"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441 and § 1446, and in accordance with 28 U.S.C. § 1331 and 28 U.S. Code § 1338, hereby removes the above-captioned matter from the Superior Court for the County of Los Angeles (the "Superior Court") to the United States District Court for the Central District of California. As set forth in further detail below, the Superior Court action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and is therefore subject to this Court's exclusive jurisdiction. In support thereof, Riot Games respectfully states as follows:

## GROUNDS FOR REMOVAL — COPYRIGHT ACTION

1. Plaintiff Marc Wolstenholme ("Wolstenholme") commenced a civil action on October 19, 2024 in the Superior Court for the County of Los Angeles, Case No. 24-STCV-28643 (the "State Court Action"). Wolstenholme is representing himself *pro se*.

2. On December 5, 2024, Wolstenholme served Riot Games with the Complaint and Summons in the State Court Action.

3. The Complaint consists of a Superior Court Judicial Counsel Form PLD-C-001. In Section 8 of the form, Wolstenholme identifies his principal cause of action as: "Copyright Infringement: Specify as 'Copyright Infringement (17 U.S.C. § 501).'" The form also states as "other allegations" "Vicarious Copyright Infringement, Unfair Competition, and Intentional Infliction of Emotional Distress." Wolstenholme has not filed any further narrative statement of his claims.

4. This Court has exclusive jurisdiction over all actions arising under the Copyright Act. 28 U.S. Code § 1338; *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988) ("[F]ederal courts have exclusive jurisdiction over actions that arise under federal copyright law."). Wolstenholme's Complaint, while lacking any factual detail, states that he is asserting a claim for "copyright

infringement" under 17 U.S.C. § 501 and is therefore an action arising under the Copyright Act. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (jurisdiction proper where "the complaint asks for a remedy expressly granted by the Copyright Act").

## TIMELINESS OF REMOVAL

5. Riot's removal is timely under 28 U.S.C. § 1446(b) as it is being filed "within 30 days after receipt by the defendant, through service, or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based."

6. The Complaint and Summons were served on Riot on December 5, 2024. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (when Complaint and Summons served concurrently, thirty-day period for removal begins from the date of service of process); *see also Chacon v. San Bernardino*, No. 5:24-CV-00140-MRA-SHK, 2024 WL 4291248, at *6 (C.D. Cal. July 19, 2024), *report and recommendation adopted*, 2024 WL 4291855 (C.D. Cal. Sept. 24, 2024) ("Thus, the thirty-day period for removal commences from the date of proper service of process, not by mere receipt of the complaint without any formal service.").

## REMOVAL PROCEDURES

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place where the removed action has been pending.

8. True and correct copies of all pleadings filed in the State Court Action are attached hereto as Exhibits A through J pursuant to 28 U.S.C. § 1446(a).

9. As required by 28 U.S.C. § 1446(d), Riot will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

10. Written notice of the filing of the Notice of Removal will also be served on Wolstenholme as required by 28 U.S.C. § 1446(d).

DATED: January 3, 2025

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Joshua M. Geller*
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
Attorneys for Defendant
Riot Games, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# Exhibit A

**PLD-C-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Marc Wolstenholme
5 Shetland Close Coventry, England, CV5 7LS

TELEPHONE NO: 044-7827964404 FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* marc@mwwolf-fiction.co.uk
ATTORNEY FOR *(Name):* NA

**To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles Superior Court
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE: CA 90012
BRANCH NAME: Los Angeles Superior Court - Stanley Mosk Courthouse

**Electronically FILED by Superior Court of California, County of Los Angeles 10/31/2024 4:34 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk**

PLAINTIFF: Marc Wolstenholme

DEFENDANT: Riot Games, Inc. 12333 W Olympic Blvd
Los Angeles, CA 90064

☐ DOES 1 TO 10

**CONTRACT**

☑ **COMPLAINT** ☐ **AMENDED COMPLAINT *(Number):***

☐ **CROSS-COMPLAINT** ☐ **AMENDED CROSS-COMPLAINT *(Number):***

**Jurisdiction *(check all that apply):***
☐ **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** ☐ **does not exceed $10,000**
☐ **exceeds $10,000 but does not exceed $25,000**
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
☐ **from limited to unlimited**
☐ **from unlimited to limited**

CASE NUMBER:

24STCV28643

1. **Plaintiff*** *(name or names):*
Marc Wolstenholme
alleges causes of action against **defendant*** *(name or names):*
Riot Games, Inc
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
☐ **except** plaintiff *(name):*
(1) ☑ a corporation qualified to do business in California
(2) ☐ an unincorporated entity *(describe):*
(3) ☐ other *(specify):*

b. ☑ Plaintiff *(name):* Marc Wolstenholme
a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

b. ☐ has complied with all licensing requirements as a licensed *(specify):*

c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person

☐ **except** defendant *(name):*
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

☐ **except** defendant *(name):*
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe):*
(4) ☐ a public entity *(describe):*
(5) ☐ other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.



Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

| SHORT TITLE: Marc Wolstenholme vs Riot Games, Inc. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* ______________________ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers):* ______________________ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☐ Breach of Contract
   ☐ Common Counts
   ☐ Other *(specify):*
   Copyright Infringement: Specify as "Copyright Infringement (17 U.S.C. § 501)."Vicarious Copyright In

9. ☑ Other allegations:
   Copyright Infringement, Vicarious Copyright Infringement, Unfair Competition, and Intentional Infliction of Emotional Distress.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☐ damages of: $
    b. ☐ interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of *(specify):* percent per year from *(date):*
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☑ other *(specify):*
       Unlimited

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    Copyright Infringement, Vicarious Copyright Infringement, Unfair Competition, and Intentional Inflict

Date: 30-10-2024

MARC WOLSTENHOLME ▶ M.Wolstenholme.

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*



For your protection and privacy, please press the Clear This Form button after

Save This Form Print This Form Clear This Form

# Exhibit B

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Marc Wolstenholme
5 Shetland Close, Coventry, England, CV5 7LS

TELEPHONE NO.: 0447827964404 FAX NO.:

ATTORNEY FOR *(Name):* NA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Superior Court Stanley Mosk Courthou

STREET ADDRESS: 111 N Hill St, Los Angeles, CA 90012, USA

MAILING ADDRESS:

CITY AND ZIP CODE: CA 90012, USA

BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Marc Wolstenholme v. Riot Games, Inc.

**To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.**

Electronically FILED by Superior Court of California, County of Los Angeles 10/31/2024 4:34 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ **Counter** ☐ **Joinder**

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24STCV28643

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☑ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/31/2024

MARC WOLSTENHOLME
(TYPE OR PRINT NAME)

M.Wolstenholme.
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Save This Form | Print This Form | Clear This Form

| SHORT TITLE Marc Wolstenholme v. Riot Games, Inc. | CASE NUMBER 24STCV28643 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☑ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE<br>Marc Wolstenholme v. Riot Games, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Marc Wolstenholme v. Riot Games, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Marc Wolstenholme v. Riot Games, Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Marc Wolstenholme v. Riot Games, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☑ 3. ☑ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>Riot Games, Inc.12333 W Olympic Blvd Los Angeles, CA 90064 United States |
|---|---|---|---|
| CITY:<br>Los Angeles, | STATE:<br>CA | ZIP CODE:<br>90064 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the West District District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 10/31/2024

M.Wolstenholme.

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# Exhibit C

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit D

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
10/31/2024
David W. Slayton, Executive Officer / Clerk of Court
By: Y. Ayala Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
24STCV28643

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kevin C. Brazile | 20 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record
on 11/01/2024
(Date)

David W. Slayton, Executive Officer / Clerk of Court
By Y. Ayala, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# Exhibit E

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 11/05/2024 12:44 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Riot Games, Inc. 12333 W Olympic Blvd
Los Angeles, CA 90064

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Marc Wolstenholme

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk- Los Angeles Superior Court
111 North Hill Street Los Angeles, CA 90012 CA 900

CASE NUMBER:
*(Número del Caso):*
24STCV28643

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc Wolstenholme, 5 Shetland Close, Coventry, CV5 7LS 0447827964404

DATE: 11/05/2024 David W. Slayton, Executive Officer/Clerk of Court Clerk, by S. Bolden, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*:

under: [x] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Page 1 of 1



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form Save this form Clear this form

# Exhibit F

| **SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>11/20/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Cortez Deputy |
| PLAINTIFF(S):<br>Marc Wolstenholme | |
| DEFENDANT(S):<br>Riot Games, Inc. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24STCV28643 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 04/28/2025 at 8:30 AM in department 20 of this court, Stanley Mosk Courthouse, and show cause why sanctions should not be imposed for:

[✔] Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔] To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: 11/20/2024

Kevin C. Brazile / Judge
Judicial Officer

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>11/20/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Cortez Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Marc Wolstenholme | |
| DEFENDANT/RESPONDENT:<br>Riot Games, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV28643 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
United Kingdom

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/20/2024

By: C. Cortez
Deputy Clerk

# Exhibit G

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>11/20/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Cortez Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF:<br>Marc Wolstenholme | |
| DEFENDANT:<br>Riot Games, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24STCV28643 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 04/28/2025 | Time: 8:30 AM | Dept.: 20 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/20/2024

Kevin C. Brazile

Judicial Officer

Kevin C. Brazile / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
United Kingdom

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/20/2024

By C. Cortez
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>11/20/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Cortez Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Marc Wolstenholme | |
| DEFENDANT/RESPONDENT:<br>Riot Games, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV28643 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/20/2024

By: C. Cortez
Deputy Clerk

# Exhibit H

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
11/20/2024
David W. Slayton, Executive Officer / Clerk of Court
By: C. Cortez Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Marc Wolstenholme

DEFENDANT:
Riot Games, Inc.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
24STCV28643

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/28/2025 | Time: 8:30 AM | Dept.: 20 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/20/2024

Judicial Officer
Kevin C. Brazile / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Marc Wolstenholme
5 Shetland Close
Coventry CV57 7LS
Coventry, England

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/20/2024

By C. Cortez
Deputy Clerk

# Exhibit I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| MARC WOLSTENHOLME (M.W. WOLF LTD)<br>5 SHETLAND CLOSE COVENTRY, EN CV57LS<br>TELEPHONE NO.: (447) 827-9644 x 04 \| FAX NO. \| E-MAIL ADDRESS *(Optional):* marc@mwwolf-fiction.co.uk<br>ATTORNEY FOR *(Name):* IN PRO PER: MARC WOLSTENHOLME | **Electronically FILED by Superior Court of California, County of Los Angeles 12/09/2024 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Saxon, Deputy Clerk** |
| **LOS ANGELES COUNTY SUPERIOR COURT**<br>STREET ADDRESS: 111 NORTH HILL ST.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |
| PLAINTIFF: MARC WOLSTENHOLME<br>DEFENDANT: RIOT GAMES, INC. | CASE NUMBER:<br>24STCV28643 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE;**
3. a. Party served *(specify name of party as shown on documents served):*
   **RIOT GAMES, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

**SARAI MARIN - EMPLOYEE AUTHORIZED TO ACCEPT SERVICE - CT CORPORATION SYSTEM - AUTHORIZED AGENT FOR SERVICE OF PROCESS**

**Age: 35** **Weight: 135** **Hair: BLACK** **Sex: Female**
**Height: 5'5** **Eyes:** **Race: HISPANIC**

4. Address where the party was served: **330 N Brand Blvd Ste 700 Glendale, CA 91203**
5. I served the party
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/5/2024** (2) at *(time):* **12:45 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PETITIONER: MARC WOLSTENHOLME<br>RESPONDENT: RIOT GAMES, INC. | CASE NUMBER:<br>24STCV28643 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **RIOT GAMES, INC.**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **ERIC WILKINS - JPL PROCESS SERVICE, LLC**
b. Address: **14482 BEACH BLVD. STE X WESTMINSTER, CA 92683**
c. Telephone number: **(866) 754-0520**
d. The fee for service was: **$ 125.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **2012208220**
(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/6/2024**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683 | (866) 754-0520**

**ERIC WILKINS** ▶ *[signature]*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# Exhibit J

Español Tiếng Việt 한국어 中文

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Search

Home | Online Services Pay Fines, Search Records... | Forms, Filings & Files Forms, Filing Fees... | Self-Help For persons without attorneys | Divisions Civil, Criminal, Family... | Jury Jury Duty Portal, Q&A... | General Info Courthouses, ADA ...

ONLINE SERVICES

LANGUAGE AC English

# Case Access

PRINT NEW SEARCH

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 24STCV28643
MARC WOLSTENHOLME VS RIOT GAMES, INC., ET AL.

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 10/31/2024
**Case Type:** Other Breach of Contract/Warranty (not fraud or negligence) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**04/28/2025** at 08:30 AM in Department 20 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

**04/28/2025** at 08:30 AM in Department 20 at 111 North Hill Street, Los Angeles, CA 90012
Order to Show Cause Re: Failure to File Proof of Service

**04/28/2025** at 08:30 AM in Department 20 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

RIOT GAMES INC. - Defendant

WOLSTENHOLME MARC - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**12/09/2024** Proof of Personal Service
Filed by Marc Wolstenholme (Plaintiff)

**11/20/2024** Notice of Case Management Conference
Filed by Clerk

**11/20/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**11/20/2024** Notice of Case Management Conference
Filed by Clerk

**11/05/2024** Summons (on Complaint)
Filed by Marc Wolstenholme (Plaintiff)

**10/31/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/31/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**10/31/2024** Civil Case Cover Sheet
Filed by Marc Wolstenholme (Plaintiff)

**10/31/2024** Complaint
Filed by Marc Wolstenholme (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**12/09/2024** Proof of Personal Service; Filed by: Marc Wolstenholme (Plaintiff); As to: Riot Games, Inc. (Defendant); Service Date: 12/05/2024; Service Cost: 125.00; Service Cost Waived: No

**11/20/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 04/28/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 20

**11/20/2024** Notice of Case Management Conference; Filed by: Clerk

**11/20/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**11/20/2024** Updated -- Notice of Case Management Conference: Result: Voided

**11/20/2024** Updated -- Order to Show Cause Failure to File Proof of Service: Result: Voided

**11/20/2024** Notice of Case Management Conference; Filed by: Clerk

**11/20/2024** Case Management Conference (test) scheduled for 04/28/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 20

**11/20/2024** Address for Marc Wolstenholme (Plaintiff) updated

**11/20/2024** Address for Marc Wolstenholme (Plaintiff) updated

**11/20/2024** Address for Marc Wolstenholme (Plaintiff) updated

**11/20/2024** Notice of Case Management Conference; Filed by: Clerk

**11/20/2024** Case Management Conference scheduled for 04/28/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 20

**11/20/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**11/05/2024** Summons on Complaint; Issued and Filed by: Marc Wolstenholme (Plaintiff)

**11/01/2024** Case assigned to Hon. Kevin C. Brazile in Department 20 Stanley Mosk Courthouse

**10/31/2024** Complaint; Filed by: Marc Wolstenholme (Plaintiff); As to: Riot Games, Inc. (Defendant); 12333 W. Olympic Blvd Los Angeles CA 90064 (Defendant)

**10/31/2024** Civil Case Cover Sheet; Filed by: Marc Wolstenholme (Plaintiff); As to: Riot Games, Inc. (Defendant)

**10/31/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**10/31/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

NEW SEARCH

Privacy Statement | Disclaimer | Employment | ADA | Holidays | Comment on our Website Copyright © 2025 Superior Court of California, County of Los

Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,
Plaintiff,
vs.
RIOT GAMES, INC.,
Defendant

CASE NO. 2:25-CV-00053-FMO-BFM HON.

*Hon. Fernando M. Olguin*

DECLARATION OF MARC WOLSTENHOLME

COMBINED NOTICE OF APPEAL, INFORMAL STATEMENT OF GROUNDS, AND MOTION TO PROCEED IN FORMA PAUPERIS

Dated this: May 15th, 2025

M.WOLSTENHOLME.

[MARC WOLSTENHOLME]

**COMBINED NOTICE OF APPEAL, INFORMAL STATEMENT OF GROUNDS, AND MOTION TO PROCEED IN FORMA PAUPERIS.**

## I. NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Marc Wolstenholme, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment entered in this action on May 12, 2025, which dismissed Plaintiff's claims without allowing discovery or consideration of key evidentiary matters.

Plaintiff respectfully asserts that the dismissal was procedurally and substantively flawed due to factual disputes, unresolved evidentiary issues, and denial of discovery. This appeal challenges both the final judgment and all related orders preceding it.

## II. INFORMAL STATEMENT OF GROUNDS FOR APPEAL

Access was proven through three independently verifiable routes. Riot Forge was open and accepting unsolicited submissions when I submitted Bloodborg: The Harvest. I later submitted again in 2023 to confirm this and retained proof.

Fabrication of evidence: Riot falsely asserted that Riot Forge was not accepting submissions. My evidence demonstrates otherwise, making this a material misrepresentation.

Spoliation of evidence: I filed a sealed motion documenting the destruction or concealment of relevant materials. The court did not address this. Spoliation should have triggered evidentiary inferences or further inquiry, not dismissal.

New and material evidence was on file, including sealed declarations, public submission logs, and digital meta-evidence. The dismissal occurred before this was reviewed or tested through discovery.

Denial of discovery to a disadvantaged litigant in person, while the other side stonewalled factual access, is not only procedurally unfair but anti-competitive in effect. I was denied equal opportunity to present my case.

Anti-competitive behaviour: The suppression of independent creative work by powerful entities and their legal teams, through early dismissals without review of evidence, implicates wider concerns under UK and U.S. competition laws.

Furthermore, I assert that this case can be won without direct evidence of access, as the substantial similarities between Bloodborg: The Harvest and Arcane are so specific, complex, and extensive that they support an inference of copying on their own, consistent with established case law where striking similarity alone may raise a triable issue of fact."

This is backed by Ninth Circuit case law, including Three Boys Music Corp. v. Bolton, 212 F.3d 477 (9th Cir. 2000), where the court held that “striking similarity” may support a finding of copying even in the absence of proven access if the works are “so alike as to preclude the possibility of independent creation.”

**III. MOTION TO PROCEED IN FORMA PAUPERIS**

Pursuant to Federal Rule of Appellate Procedure 24(a), I respectfully request leave to appeal in forma pauperis.

I am a UK-based self-represented litigant with no substantial income or savings. I have expended most of my financial resources on legal filings, survival expenses, and contact proceedings regarding my child. I cannot afford the $505 appellate filing fee without undue hardship.

I previously submitted extensive materials in this case and have invested good faith effort to resolve matters. Financial constraint should not prevent me from appealing a judgment I believe was unjustly entered.

A sworn financial declaration can be provided upon request or using the court's standard form.

**IV. CONCLUSION**

I respectfully request:

Leave to proceed in forma pauperis on appeal,

That the Court accept this Notice of Appeal and grounds, and

That this matter be reviewed by the Ninth Circuit with proper consideration of evidence, discovery rights, and procedural fairness.

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on May 15th, 2025, in Coventry, England.

Respectfully submitted,

Signature: M.WOLSTENHOLME.

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

To order copies of any documents listed below, contact Court Express courtexpress@thomsonreuters.com, 1-877-362-7387 (Additional charges apply)

## This docket is current through 07/15/2025

Today's Date: 7/15/2025
Source: U.S. District Court, Central District of California (Western Division - Los Angeles)

| | |
|---|---|
| **Court:** | U.S. District Court, Central District of California (Western Division - Los Angeles) |
| **Case Title:** | Marc Wolstenholme v. Riot Games, Inc. |
| **Case:** | 2:25-CV-00053 |
| **Judge:** | Judge Fernando M. Olguin |
| **Date Filed:** | 01/03/2025 |
| **Other Dockets:** | Case in other court: Los Angeles Superior Court, 24STCV28643; Case in other court: Ninth CCA, 25-03163 |
| **Date Closed/Terminated:** | 05/12/2025 |
| **Case Status:** | ACCO, (BFMx), APPEAL, CLOSED, DISCOVERY |

## SYNOPSIS INFORMATION

| | |
|---|---|
| **Allegations:** | Removed from the Superior court for the County of Los Angeles, Case no. 24-STCV-28643. Defendants infringed the copyright of plaintiff by using, copying and distributing the products without authorization. |
| **Damages:** | Damages, interest, fees and costs. |
| **COMPLAINT (MANUALLY RETRIEVED)** | Original Image of this Document (PDF) |

## CASE INFORMATION

| | |
|---|---|
| **Case Number:** | 2:25CV00053 |
| **Referred To:** | Magistrate Judge Brianna Fuller Mircheff |
| **Jury Demand:** | None |
| **Nature of Suit:** | Intellectual Property Rights: Copyright (820) |
| **Key Nature of Suit:** | Intellectual Property; Copyright (260.05) |
| **Jurisdiction:** | Federal Question |
| **Cause:** | 28 USC 1441 Notice of Removal |

## PARTICIPANT INFORMATION

### Marc Wolstenholme

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Marc Wolstenholme |
| **Status:** | PRO SE |
| **Attorney Address:** | 5 Shetland Close<br>Coventry, CV 5 7LS<br>ENGLAND |
| **Email Address:** | marc@mwwolf-fiction.co.uk |

### Riot Games, Inc.

| | |
|---|---|
| **Type:** | Defendant |
| **Attorney:** | Joshua Michael Geller |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | |
|---|---|
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mitchell Silberberg and Knupp LLP |
| **Firm Address:** | 2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067 |
| **Firm Phone:** | 310-312-2000 |
| **Firm Fax:** | 310-312-3100 |
| **Email Address:** | josh.geller@msk.com |
| **Attorney:** | Aaron J. Moss |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mitchell Silberberg and Knupp LLP |
| **Firm Address:** | 2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067 |
| **Firm Phone:** | 310-312-2000 |
| **Firm Fax:** | 310-312-3100 |
| **Email Address:** | aaron.moss@msk.com |
| **Attorney:** | Andrew Patrick Lux |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 03/24/2025 |
| **Firm Name:** | Greenberg Glusker Fields Claman and Machtinger LLP |
| **Firm Address:** | 2049 Century Park East, Suite 2600<br>Los Angeles, CA 90067 |
| **Firm Phone:** | 310-553-3610 |
| **Firm Fax:** | 310-553-0687 |
| **Email Address:** | alux@ggfirm.com |
| **Attorney:** | Hannah Waldman |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mitchell Silberberg and Knupp LLP |
| **Firm Address:** | 2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067 |
| **Firm Phone:** | 310-312-2000 |
| **Firm Fax:** | 310-312-3100 |
| **Email Address:** | hannah.shepherd@msk.com |

**DOCKET PROCEEDINGS (148)**

| Entry #: | Date: | Description: | |
|---|---|---|---|
| 146 | 07/02/2025 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 143 filed by Marc Wolstenholme. CCA # 25-3163. The motion (Docket Entry No. 4) to proceed in forma pauperis is granted. The opening brief has been filed. The answering brief is due July 28, 2025. The optional reply brief is due 21 days after the answering brief is served. (car) (Entered: 07/09/2025) | Docket Status<br>View Add to request |
| 144 | 05/16/2025 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 25-3163 assigned to Notice of Appeal to 9th Circuit Court of Appeals 143 as to Plaintiff Marc Wolstenholme. (car) (Entered: 05/21/2025) | Docket Status<br>View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 145 | 05/15/2025 | Motion to Proceed In Forma Pauperis re: Notice of Appeal to 9th Circuit Court of Appeals 143 . (mat) (Entered: 05/27/2025) | Docket Status View Add to request |
| 143 | 05/15/2025 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by plaintifff Marc Wolstenholme. Appeal of Order on Motion to Dismiss Case 139 . (Appeal Fee - In Forma Pauperis Request.) (Wolstenholme, Marc) (Entered: 05/15/2025) | Docket Status View Add to request |
| 142 | 05/14/2025 | TEXT ONLY ENTRY (In Chambers) by Magistrate Judge Brianna Fuller Mircheff. In light of the Order dismissing the case with prejudice (ECF 139), the informal discovery conference scheduled for May 15, 2025, at 10:30 a.m. is hereby taken off calendar. No appearances are required. 101 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ch) TEXT ONLY ENTRY (Entered: 05/14/2025) | Send Runner to Court |
| 141 | 05/13/2025 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (Attachments: # 1 Judgment) (iv) (Entered: 05/13/2025) | View Add to request |
| 138 | 05/13/2025 | [DECLARATION OF MARC WOLSTENHOLME filed as] NOTICE of Under Seal Filing filed Marc Wolstenholme (Attachments: # 1 Exhibit Exhibit A- Arcane Case, # 2 Exhibit Exhibit B-Unusual website activity on the 12.05.2025 from France, Honk Kong, China and Montreal, # 3 Exhibit Exhibit C- Report for Authorities Anonymous Insider Tip Regarding Alleged Evidence Tampering in Federal Litigation, # 4 Exhibit Exhibit D- Exhibit D- Screenshots of the message in Plaintiffs inbox.)(Wolstenholme, Marc) Modified on 5/14/2025 (iv). (Entered: 05/13/2025) | View Add to request |
| 140 | 05/12/2025 | JUDGMENT by Judge Fernando M. Olguin. IT IS ADJUDGED that the above-captioned case is dismissed with prejudice. The parties shall bear their own fees and costs. (MD JS-6, | View Add to request |

| | | | |
|---|---|---|---|
| | | Case Terminated). (iv) (Entered: 05/13/2025) | |
| 139 | 05/12/2025 | MINUTES (IN CHAMBERS) ORDER RE: MOTION TO DISMISS 80 by Judge Fernando M. Olguin. Defendant's Motion is granted. The SAC is dismissed with prejudice. (iv) (Entered: 05/13/2025) | Docket Status View Add to request |
| 137 | 05/07/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTION for Protective Order 136 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is incorrect. Protective Order matters are referred to the Magistrate Judge. (vdr) (Entered: 05/07/2025) | View Add to request |
| 136 | 05/07/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION for Referral of Request for Protective Order and Referral for Investigation re: Harassment, Bad Faith Conduct, and Fraudulent Representations filed by plaintifff Marc Wolstenholme. Motion set for hearing on 6/5/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Exhibit EXHIBIT A1-A5 - MEET AND CONFER CHART - AND ALL PAPERS AND RECORDS ON FILE IN THIS ACTION) (Wolstenholme, Marc) Modified on 5/7/2025 (vdr). (Entered: 05/07/2025) | View Add to request |
| 135 | 05/06/2025 | First NOTICE OF MOTION AND MOTION to Stay Case pending MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE filed by plaintifff Marc Wolstenholme. Motion set for hearing on 6/5/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Proposed Order PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF MOTION TO REASSIGN | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | MAGISTRATE JUDGE FOR CAUSE) (Wolstenholme, Marc) (Entered: 05/06/2025) | |
| 134 | 05/06/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTIONS 131 and 133 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is incorrect on 131 and missing on 133 . (vdr) (Entered: 05/06/2025) | View Add to request |
| 133 | 05/06/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION to Stay Case pending MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF RECUSAL MOTION (DKT. 125)) (Wolstenholme, Marc) Modified on 5/6/2025 (vdr). (Entered: 05/06/2025) | View Add to request |
| 132 | 05/06/2025 | Notice NOTICE REGARDING CONCERNS ABOUT BIFURCATION, LITIGATION FAIRNESS, AND ONGOING HARASSMENT filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 05/06/2025) | View Add to request |
| 131 | 05/05/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION for Sanctions against Defendant Riot Games, Inc. and its counsel pursuant to FRCP 37 for discovery obstruction, meet and confer misconduct, and presentation of potentially manipulated evidence filed by plaintifff Marc Wolstenholme. Motion set for hearing on 6/5/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Exhibit Exhibit A - Meet and Confer Chart - and all papers and records on file in this action., # 2 Exhibit EXHIBIT | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | B- THE WAYBACK MACHINES CAPTURE OF THE ARCANE 10-YEAR ANNIVERSARY VIDEO, # 3 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS MOTION TO COMPEL DISCOVERY RESPONSES, FOR SANCTIONS UNDER FRCP 37, AND FOR A PROTECTIVE ORDER) (Wolstenholme, Marc) Modified on 5/6/2025 (vdr). (Entered: 05/05/2025) | |
| 130 | 05/05/2025 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. On the court's own motion, the Motions 80 , 81 , 82 are taken off the 5/8/2025 calendar and placed under submission. No appearances are required on 5/8/2025. An order with the court's rulings will issue. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 05/05/2025) | Send Runner to Court |
| 129 | 05/04/2025 | Notice NOTICE OF LODGING SUPPLEMENTAL EXHIBIT ((LINKED TO EXHIBITS I AND J OF THE SECOND AMENDED COMPLAINT) filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 05/04/2025) | View Add to request |
| 128 | 05/02/2025 | OBJECTION in Support of re: NOTICE OF MOTION AND MOTION for Bond For Plaintiff to Post Costs Bond 82 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 05/02/2025) | View Add to request |
| 127 | 05/02/2025 | OBJECTION in Support of re: NOTICE OF MOTION AND MOTION to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access 81 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 05/02/2025) | View Add to request |
| 126 | 05/02/2025 | Notice NOTICE OF SUPPLEMENTAL DECLARATION AND LEGAL AUTHORITIES IN SUPPORT OF PLAINTIFFS ACCESS ARGUMENT RE: MAY 8, 2025 HEARING ON DEFENDANTS | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | MOTION TO STRIKE filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 05/02/2025) | |
| 125 | 05/02/2025 | First NOTICE OF MOTION AND MOTION for Recusal of Magistrate Judge Hon. Brianna Fuller Mircheff filed by plaintifff Marc Wolstenholme. Motion set for hearing on 6/5/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Exhibit Exhibit A- Meet and Confer Issues Chart - Wolstenholme v. Riot Games, # 2 Proposed Order PROPOSED ORDER GRANTING PLAINTIFFS MOTION TO REASSIGN MAGISTRATE JUDGE FOR CAUSE) (Wolstenholme, Marc) (Entered: 05/02/2025) | View Add to request |
| 124 | 05/01/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTION 123 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is incorrect. (vdr) (Entered: 05/01/2025) | View Add to request |
| 123 | 04/29/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION to Reassign Case filed by plaintifff Marc Wolstenholme. Motion set for hearing on 6/3/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 5/1/2025 (vdr). (Entered: 04/29/2025) | View Add to request |
| 122 | 04/29/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTION TO COMPEL, LIFT DISCOVERY STAY, AND FOR SANCTIONS 119 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is not timely and set incorrectly before the District Judge. (vdr) (Entered: 04/29/2025) | View Add to request |
| 121 | 04/29/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | Filed Document RE: Amended Motion 119 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 04/29/2025) | |
| 120 | 04/28/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: Motions 109 , 111 , and 112 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is incorrect AND not timely. See Local Rule 6-1. The notice of motion shall befiled with the Clerk not later than twenty-eight (28) days before the date set for hearing. Discovery motions do not go before the District Judge. (vdr) (Entered: 04/28/2025) | View Add to request |
| 119 | 04/28/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION to NOTICE OF AMENDED MOTION TO COMPEL, LIFT DISCOVERY STAY, AND FOR SANCTIONS. AND NOTICE OF EXTREME AND HARASSING CONDUCT CONCERNS. First NOTICE OF MOTION AND MOTION for Relief from PLAINTIFFS MOTION FOR PROTECTIVE ORDER, REQUEST FOR JUDICIAL REVIEW OF SETTLEMENT PROCEEDINGS, AND REQUEST TO REASSIGN DISCOVERY OVERSIGHT TO THE DISTRICT JUDGE re Settlement Conference,, 100 109 , First MOTION to Compel PLAINTIFFS MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S | View Add to request |

| | | | |
|---|---|---|---|
| | | DISCOVERY CONDUCT 111 , First MOTION to Compel PLAINTIFFS MOTION TO COMPEL DISCOVERY, LIFT DISCOVERY STAY, AND FOR SANCTIONS 112 filed by plaintifff Marc Wolstenholme. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 4/29/2025 (vdr). (Entered: 04/28/2025) | |
| 118 | 04/28/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motions 109 , 111 , 112 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 04/28/2025) | View Add to request |
| 117 | 04/28/2025 | Notice NOTICE OF RECEIPT OF P HARASSMENT AND IMPROPER COMMUNICATIONS AND PLAINTIFFS STATEMENT REGARDING SETTLEMENT CONFERENCE CONFIDENTIALITY. filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/28/2025) | View Add to request |
| 116 | 04/28/2025 | Notice NOTICE OF LODGING EXHIBITS DH IN SUPPORT OF PLAINTIFF'S COMPREHENSIVE ACCESS, DISSEMINATION, AND MISAPPROPRIATION ARGUMENT; STATEMENT REGARDING DEFENDANTS MISREPRESENTATIONS DURING SETTLEMENT CONFERENCE filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Exhibit EXHIBIT D- Riot Games API Terms and Conditions Summary (Effective December 9, 2013), # 2 Exhibit EXHIBIT | View Add to request |

| | | | | |
|---|---|---|---|---|
| | | E- Riot Gamess Developer Portal Overview, # 3 Exhibit EXHIBIT F Riot Games Privacy Notice (March 27, 2025)) (Wolstenholme, Marc) (Entered: 04/28/2025) | | |
| 115 | 04/26/2025 | Notice NOTICE OF ERRATA filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/26/2025) | View | Add to request |
| 114 | 04/26/2025 | SUPPLEMENT filed by Plaintiff Marc Wolstenholme. (Attachments: # 1 Exhibit EXHIBIT B - Riot Games Privacy Policy and Terms of Use- effective April 3. 2019, # 2 Civil Cover Sheet PROOF OF SERVICE)(Wolstenholme, Marc) (Entered: 04/26/2025) | View | Add to request |
| 113 | 04/26/2025 | SUPPLEMENT filed by Plaintiff Marc Wolstenholme. (Attachments: # 1 Exhibit EXHIBIT B - Riot Games Privacy Policy and Terms of Use- effective April 3. 2019, # 2 Civil Cover Sheet PROOF OF SERVICE)(Wolstenholme, Marc) (Entered: 04/26/2025) | View | Add to request |
| 112 | 04/26/2025 | *STRICKEN* NOTICE OF MOTION AND First MOTION to Compel PLAINTIFFS MOTION TO COMPEL DISCOVERY, LIFT DISCOVERY STAY, AND FOR SANCTIONS filed by plaintifff Marc Wolstenholme. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 4/28/2025 (vdr). (Entered: 04/26/2025) | View | Add to request |
| 111 | 04/26/2025 | *STRICKEN* NOTICE OF MOTION AND First MOTION to Compel PLAINTIFFS MOTION TO LIFT DISCOVERY STAY, COMPEL DISCOVERY RESPONSES, AND APPOINT SUPERVISION OVER DEFENDANT'S DISCOVERY CONDUCT filed by plaintifff Marc Wolstenholme. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 4/28/2025 (vdr). (Entered: 04/26/2025) | View | Add to request |
| 110 | 04/25/2025 | PLAINTIFFS SUPPLEMENTAL OPPOSITION TO | View | Add to request |

| | | | |
|---|---|---|---|
| | | DEFENDANTS MOTION FOR COSTS BOND re NOTICE OF MOTION AND MOTION for Bond For Plaintiff to Post Costs Bond 82 PLAINTIFFS SUPPLEMENTAL OPPOSITION TO DEFENDANTS MOTION FOR COSTS BOND filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/25/2025) | |
| 109 | 04/25/2025 | *STRICKEN* First NOTICE OF MOTION AND MOTION for Relief from PLAINTIFFS MOTION FOR PROTECTIVE ORDER, REQUEST FOR JUDICIAL REVIEW OF SETTLEMENT PROCEEDINGS, AND REQUEST TO REASSIGN DISCOVERY OVERSIGHT TO THE DISTRICT JUDGE re Settlement Conference 100 filed by plaintifff Marc Wolstenholme. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 4/28/2025 (vdr). (Entered: 04/25/2025) | View Add to request |
| 108 | 04/25/2025 | OPPOSITION to NOTICE OF MOTION AND MOTION to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access 81 PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO BIFURCATE DISCOVERY AND PERMIT EARLY SUMMARY JUDGMENT ON ACCESS filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/25/2025) | Docket Status View Add to request |
| 107 | 04/25/2025 | Notice NOTICE OF CONTINUING PROCEDURAL ABUSE FOLLOWING FAILED SETTLEMENT CONFERENCE filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/25/2025) | Docket Status View Add to request |
| 106 | 04/24/2025 | Notice filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Exhibit B)(Wolstenholme, Marc) (Entered: 04/24/2025) | View Add to request |
| 105 | 04/24/2025 | STATUS REPORT RE: SETTLEMENT filed by Defendant Riot Games, Inc.. | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | (Moss, Aaron) (Entered: 04/24/2025) | |
| 104 | 04/24/2025 | REPLY in Support of NOTICE OF MOTION AND MOTION for Bond For Plaintiff to Post Costs Bond 82 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 04/24/2025) | View Add to request |
| 103 | 04/24/2025 | REPLY in Support of NOTICE OF MOTION AND MOTION to Dismiss Case - Second Amended Complaint 80 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 04/24/2025) | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 102 | 04/24/2025 | REPLY in Support of NOTICE OF MOTION AND MOTION to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access 81 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 04/24/2025) | View Add to request |
| 101 | 04/24/2025 | MOTION RE: INFORMAL DISCOVERY DISPUTE: Video Conference set for hearing on Thursday, May 15, 2025, at 10:30 AM before Magistrate Judge Brianna Fuller Mircheff, via Zoom. Zoom information can be found on the court's website under Judge Mircheff's Procedures and Schedules. (ch) (Entered: 04/24/2025) | View Add to request |
| 100 | 04/24/2025 | MINUTES OF Settlement Conference held off the record before Magistrate Judge Brianna Fuller Mircheff. All parties appear via Zoom. No settlement was reached. The parties are directed to contact the Court's courtroom deputy clerk if they believe further settlement discussions with the Court would be fruitful. Attorney for Plaintiff: Marc Wolstenholme (Pro Se). Attorneys for Defendant: Josh Geller and Aaron Moss. Courtroom Deputy: Christianna Howard. Time in Court: 3 hours. Court Recorder: Off the Record. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ch) (Entered: 04/24/2025) | Send Runner to Court |
| 99 | 04/23/2025 | Notice PLAINTIFFS STATEMENT OF OBSERVED INTEREST AND POTENTIAL CONCERN REGARDING FOREIGN REVIEW OF PROTECTED INTELLECTUAL PROPERTY (IP) filed by plaintifff Marc Wolstenholme. PLAINTIFFS STATEMENT OF OBSERVED INTEREST AND POTENTIAL CONCERN REGARDING FOREIGN REVIEW OF PROTECTED INTELLECTUAL PROPERTY (IP) (Wolstenholme, Marc) (Entered: 04/23/2025) | View Add to request |
| 98 | 04/21/2025 | Notice PLAINTIFFS STATEMENT OF ARCANE-RELATED EXPANSION AND CONTINUING IP INFRINGEMENT filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/21/2025) | View Add to request |

| | | | |
|---|---|---|---|
| 97 | 04/17/2025 | Notice filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/17/2025) | View Add to request |
| 96 | 04/17/2025 | Notice filed by plaintifff Marc Wolstenholme. PLAINTIFFS NOTICE REGARDING DEFENDANTS LITIGATION CONDUCT AND WIDER PUBLIC SAFETY CONCERNS, with attached Statement of Additional Narrative Evidence (Attachments: # 1 Exhibit EXHIBIT A- STATEMENT OF ADDITIONAL NARRATIVE EVIDENCE REGARDING DEFENDANTS LITIGATION CONDUCT)(Wolstenholme, Marc) (Entered: 04/17/2025) | View Add to request |
| 95 | 04/16/2025 | (IN CHAMBERS) Order Re: Motion to Compel (93) by Magistrate Judge Brianna Fuller Mircheff. Plaintiff's Supplement, which appears to be a motion to compel additional discovery (ECF 93) is STRUCK. SEE ORDER FOR DETAILS. 93 (ch) (Entered: 04/16/2025) | Docket Status View Add to request |
| 94 | 04/16/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTIONS for Relief 88 and 91 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is missing, incorrect, or not timely; (2) Proposed Document was not submitted as separate attachment; (3) Local Rule 7-3, no meet and confer referenced. (vdr) (Entered: 04/16/2025) | View Add to request |
| 93 | 04/15/2025 | *STRICKEN - SEE ECF 95* First NOTICE OF MOTION AND MOTION for Relief from Motion to Compel filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Exhibit Exhibit A RFP Responses (Defendant Riot Games), # 2 Exhibit Exhibit B Interrogatory Responses (Defendant Riot Games), # 3 Exhibit Exhibit C Admission Responses (Defendant Riot Games)) (Wolstenholme, Marc) Modified on 4/16/2025 (ch). (Entered: 04/15/2025) | View Add to request |
| 92 | 04/15/2025 | PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO STRIKE DKT. 88 Riots Dkt. 90 re: | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | First NOTICE OF MOTION AND MOTION for Relief from Motion for Miscellaneous Relief PLAINTIFFS MOTION OF CONCERN REGARDING DEFENDANTS LITIGATION BEHAVIOR AND CONDUCT AND WIDER GLOBAL CONCERNS. 88 filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/15/2025) | |
| 91 | 04/15/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION for Relief filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) Modified on 4/16/2025 (vdr). (Entered: 04/15/2025) | View Add to request |
| 90 | 04/14/2025 | OPPOSITION to First NOTICE OF MOTION AND MOTION for Relief from Motion for Miscellaneous Relief PLAINTIFFS MOTION OF CONCERN REGARDING DEFENDANTS LITIGATION BEHAVIOR AND CONDUCT AND WIDER GLOBAL CONCERNS. 88 filed by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 04/14/2025) | View Add to request |
| 89 | 04/14/2025 | MINUTES (In Chambers) Order Re: Motion to Seal 84 by Judge Fernando M. Olguin. Based on the foregoing, IT IS ORDERED that plaintiff's Motion (Document No. 84) is denied. (lom) (Entered: 04/14/2025) | View Add to request |
| 88 | 04/13/2025 | *STRICKEN* NOTICE OF MOTION AND MOTION for Relief REGARDING DEFENDANTS LITIGATION BEHAVIOR AND CONDUCT AND WIDER GLOBAL CONCERNS filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) Modified on 4/16/2025 (vdr). (Entered: 04/13/2025) | View Add to request |
| 87 | 04/11/2025 | Notice filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/11/2025) | View Add to request |
| 86 | 04/07/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motion to Dismiss 80 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court | View Add to request |

| | | | |
|---|---|---|---|
| | | deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 04/07/2025) | |
| 85 | 04/06/2025 | PLAINTIFFS CONSOLIDATED OPPOSITION TO DEFENDANTS MOTIONS TO BIFURCATE DISCOVERY (DKT. 81) AND FOR BOND (DKT. 82) Plaintiff Marc Wolstenholme respectfully submits this opposition to Defendant Riot Games, Inc.s Motion to Bifurcate Discovery (Dkt. 81) and Motion to Require Plaintiff to Post a Bond (Dkt. 82) re: NOTICE OF MOTION AND MOTION to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access 81 , NOTICE OF MOTION AND MOTION for Bond For Plaintiff to Post Costs Bond 82 filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 04/06/2025) | View Add to request |
| 84 | 04/06/2025 | NOTICE of Under Seal Filing filed Marc Wolstenholme (Wolstenholme, Marc) Modified on 4/14/2025 (lom). (Entered: 04/06/2025) | View Add to request |
| 83 | 04/06/2025 | PLAINTIFF'S OPPOSITION TO DEFENDANT RIOT GAMES, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (SAC) Dkt 80 opposition to Dkt. 80 Defendants Motion to Dismiss the Second Amended Complaint re: NOTICE OF MOTION AND MOTION to Dismiss Case - Second Amended Complaint 80 filed by Plaintiff Marc Wolstenholme. (Attachments: # 1 Exhibit PLAINTIFFS EXHIBIT T- DETAILED BREAKDOWN AND ANALYSIS OF THE BLOOD SWEAT & TEARS MUSICVIDEO PROLOGUE OF MELS STORY., # 2 Exhibit PLAINTIFFS EXHIBIT U - COUNTERARGUMENTS AGAINST INDEPENDENT CREATION, # 3 Exhibit PLAINTIFFS EXHIBIT U2- Statistical Report- Probability Analysis Supporting Plaintiffs Exhibit U, # 4 Exhibit PLAINTIFFS EXHIBIT V- MEMORANDUM ON THE USE OF SUBTLE REFERENCES IN COPYRIGHT | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | INFRINGEMENT AS A DELIBERATE STRATEGY, # 5 Exhibit PLAINTIFFS EXHIBIT W- DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 5, # 6 Exhibit PLAINTIFFS EXHIBIT X- DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 6, # 7 Exhibit PLAINTIFFS EXHIBIT Y- AI-ASSISTED ADAPTATION OF BLOODBORG INTO ARCANE, # 8 Exhibit PLAINTIFFS EXHIBIT Z- DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 7, # 9 Exhibit PLAINTIFFS EXHIBIT ALPHA - DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 8, # 10 Exhibit PLAINTIFFS EXHIBIT BETA- DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 9, # 11 Exhibit PLAINTIFFS EXHIBIT AA- PROOF OF SETTLEMENT CORRESPONDENCE FROM PLAINTIFF, # 12 Exhibit BB CHRONOLOGY OF HARASSMENT, THREATS, AND INTIMIDATION, COUNSEL MISCONDUCT)(Wolstenholme, Marc) (Entered: 04/06/2025) | |
| 82 | 04/04/2025 | NOTICE OF MOTION AND MOTION for Bond For Plaintiff to Post Costs Bond filed by Defendant Riot Games, Inc.. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of J. Geller, # 2 Proposed Order) (Moss, Aaron) (Entered: 04/04/2025) | View Add to request |
| 81 | 04/04/2025 | NOTICE OF MOTION AND MOTION to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access filed by Defendant Riot Games, Inc.. Motion set for hearing on 5/8/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of A. Moss, # 2 Proposed Order) (Moss, Aaron) (Entered: 04/04/2025) | View Add to request |
| 80 | 04/04/2025 | NOTICE OF MOTION AND MOTION to Dismiss Case - Second Amended Complaint filed by Defendant Riot Games, Inc.. (Attachments: # 1 Declaration of J. Geller, # 2 Proposed Order) (Moss, Aaron) (Entered: 04/04/2025) | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 79 | 03/26/2025 | Notice PLAINTIFFS NOTICE OF CONCERN REGARDING LITIGATION CONDUCT, HARMFUL IMPACT ON PLAINTIFFS DISABILITY, AND REQUEST FOR COURT GUIDANCE AND PROTECTIVE ORDER filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Exhibit Exhibit A Plaintiffs First Set of Discovery Requests, served March 14, 2025, # 2 Exhibit Exhibit B Proof of Service)(Wolstenholme, Marc) (Entered: 03/26/2025) | View Add to request |
| 78 | 03/24/2025 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. The Request to Withdraw 76 is granted. Attorney Andrew Patrick Lux is terminated as defense counsel. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 03/24/2025) | Send Runner to Court |
| 77 | 03/21/2025 | MINUTE ORDER IN CHAMBERS RE: SETTLEMENT PROCEEDINGS by Judge Fernando M. Olguin. *See order for requirements.* (vdr) (Entered: 03/21/2025) | View Add to request |
| 76 | 03/21/2025 | REQUEST of Andrew Patrick Lux to Withdraw as Attorney filed by Defendant Riot Games, Inc.. (Lux, Andrew) (Entered: 03/21/2025) | View Add to request |
| 75 | 03/21/2025 | ORDER RE SETTLEMENT CONFERENCE by Magistrate Judge Brianna Fuller Mircheff. Assuming both parties decide to proceed before Judge Mircheff, a Settlement Conference will be held on April 24, 2025, at 10:30 a.m. via Zoom. Counsel shall e-mail Judge Mircheff's courtroom clerk at BFM_Chambers@cacd.uscourts.gov with the names of all parties (including counsel and any representatives) who will be participating in the settlement conference. Once the clerk has received this information, a Zoom invitation will be sent out to the parties. NO LATER THAN APRIL 17, 2025, each party shall submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Judge Mircheff via email to:BFM_chambers@cacd.uscourts.gov. | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | SEE ORDER FOR DETAILS. (ch) (Entered: 03/21/2025) | |
| 74 | 03/20/2025 | MINUTES OF Pre-Settlement Conference held before Magistrate Judge Brianna Fuller Mircheff. All parties appear via Zoom. Pre-Settlement conference held off the record. A settlement conference via Zoom is scheduled for Thursday, April 24, 2025, at 10:30 a.m. A separate order will issue. Plaintiff: Marc Wolstenholme (pro se). Attorney for Defendant: Josh Geller. Time in Court: 1 hr. Courtroom Clerk: Christianna Howard. Court Recorder: Off the Record. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ch) (Entered: 03/20/2025) | Send Runner to Court |
| 72 | 03/18/2025 | SCHEDULING NOTICE TEXT ONLY ENTRY (In Chambers) by Magistrate Judge Brianna Fuller Mircheff. A pre-settlement conference will take place on Thursday, March 20, 2025, at 1:00 p.m. PST via Zoom. Zoom information will be emailed to the parties. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ch) TEXT ONLY ENTRY (Entered: 03/18/2025) | Send Runner to Court |
| 71 | 03/18/2025 | NOTICE of Change of Attorney Business or Contact Information: for attorney Joshua Michael Geller counsel for Defendant Riot Games, Inc.. Changing Firm name and address to Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067; Tel: (310) 312-2000; Fax: (310) 312-3100. Changing E-mail to Josh.Geller@msk.com. Filed by Defendant Riot Games, Inc.. (Geller, Joshua) (Entered: 03/18/2025) | View Add to request |
| 70 | 03/18/2025 | NOTICE of Change of Attorney Business or Contact Information: for attorney Aaron J. Moss counsel for Defendant Riot Games, Inc.. Changing Firm name to Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067; Tel: (310) 312-2000; Fax: (310) 312-3100. Changing e-mail to Aaron.Moss@msk.com. Filed | View Add to request |

| | | | |
|---|---|---|---|
| | | by Defendant Riot Games, Inc.. (Moss, Aaron) (Entered: 03/18/2025) | |
| 73 | 03/17/2025 | PLAINTIFF MARC WOLSTENHOLME'S NOTICE TO COMPLY WITH PREREQUISITE REQUIREMENTS FOR SETTLEMENT DISCUSSIONS AND NOTICE OF RIOT GAMES' LEGAL TEAM'S DELIBERATE ATTEMPTS TO MANIPULATE COURT PROCEEDINGS filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 03/19/2025) | View Add to request |
| 69 | 03/17/2025 | Notice filed by plaintifff Marc Wolstenholme. (Attachments: # 1 Supplement PLAINTIFFS SUPPLEMENTAL NOTICE REGARDING DISCOVERY AND SUDDEN DEPARTURE OF DEFENDANTS COUNSEL) (Wolstenholme, Marc) (Entered: 03/17/2025) | View Add to request |
| 68 | 03/17/2025 | Notice filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 03/17/2025) | View Add to request |
| 67 | 03/14/2025 | Notice of Plaintiff's Refusal to Participate in Mandatory Settlement Conference filed by Defendant Riot Games, Inc.. (Attachments: # 1 Declaration of Joshua Geller)(Geller, Joshua) (Entered: 03/14/2025) | View Add to request |
| 66 | 03/04/2025 | SCHEDULING AND CASE MANAGEMENT ORDER RE: JURY TRIAL by Judge Fernando M. Olguin. The court deems a Scheduling Conference unnecessary and hereby vacates the hearing. Jury Trial set for 3/10/2026 at 9:00 AM before Judge Fernando M. Olguin. *See order for dates, deadlines, requirements imposed.* (vdr) (Entered: 03/04/2025) | Docket Status View Add to request |
| 65 | 03/04/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Request 64 . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court | View Add to request |

| | | | |
|---|---|---|---|
| | | deems appropriate. (iv) (Entered: 03/04/2025) | |
| 64 | 03/03/2025 | First REQUEST for Leave of Marc Wolstenholme to Appear for PLAINTIFFS REQUEST FOR REMOTE APPEARANCE AT ALL HEARINGS Request to Appear Remotely filed by plaintifff Marc Wolstenholme. Request set for hearing on 3/6/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) (Entered: 03/03/2025) | View Add to request |
| 63 | 03/03/2025 | ORDER GRANTING DEFENDANT RIOT GAMES, INC.'S EX PARTE APPLICATION 60 FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT by Judge Fernando M. Olguin. The Court extends the deadline for Riot to respond to the Second Amended Complaint to April 4, 2025. (iv) (Entered: 03/03/2025) | View Add to request |
| 62 | 03/01/2025 | EXHIBIT Filed filed by Plaintiff Marc Wolstenholme. as to Amended Complaint 58 . (Wolstenholme, Marc) (Entered: 03/01/2025) | View Add to request |
| 61 | 02/28/2025 | OPPOSITION to EX PARTE APPLICATION for Extension of Time to File Response to Second Amended Complaint 60 filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) (Entered: 02/28/2025) | View Add to request |
| 60 | 02/28/2025 | EX PARTE APPLICATION for Extension of Time to File Response to Second Amended Complaint filed by Defendant Riot Games, Inc.. (Attachments: # 1 Declaration of Andrew P. Lux, # 2 Proposed Order) (Lux, Andrew) (Entered: 02/28/2025) | View Add to request |
| 59 | 02/28/2025 | DECLARATION OF MARC WOLSTENHOLME STATISTICAL REPORT: PROBABILITY ANALYSIS SUPPORTING PLAINTIFF'S EXHIBIT U Filed filed by Plaintiff Marc Wolstenholme. as to Amended Complaint 58 . (Wolstenholme, Marc) (Entered: 02/28/2025) | View Add to request |
| 57 | 02/27/2025 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Marc Wolstenholme.. (Wolstenholme, Marc) (Entered: 02/27/2025) | View Add to request |

| | | | |
|---|---|---|---|
| 56 | 02/27/2025 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Marc Wolstenholme.. (Wolstenholme, Marc) (Entered: 02/27/2025) | View Add to request |
| 55 | 02/27/2025 | REPORT of 26(f) Conference filed by Defendant Riot Games, Inc.. (Lux, Andrew) (Entered: 02/27/2025) | View Add to request |
| 54 | 02/24/2025 | PLAINTIFF'S EXHIBIT U - COUNTERARGUMENTS AGAINST INDEPENDENT CREATION filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 02/27/2025) | View Add to request |
| 53 | 02/24/2025 | PLAINTIFF'S EXHIBIT T- DETAILED BREAKDOWN AND ANALYSIS OF THE BLOOD SWEAT & TEARS MUSICVIDEO PROLOGUE OF MEL'S STORY Filed filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 02/27/2025) | View Add to request |
| 58 | 02/23/2025 | SECOND AMENDED COMPLAINT amending Amended Complaint 11 , filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 02/27/2025) | View Add to request |
| 52 | 02/18/2025 | MINUTES (IN CHAMBERS) ORDER by Judge Fernando M. Olguin. Plaintiff's Motion to Amend 28 is granted. Plaintiff shall, no later than five court days from the filing of this Order, file his Second Amended Complaint. The pending motion to dismiss 19 is denied as moot. Plaintiff's Request for Remote Appearance 29 is denied as moot. Defendant shall file its answer no later than 3/7/2025. Plaintiff's Motion in Limine 30 is denied. Plaintiff's documents filed at Dkt. Nos. 42 , 43 , 44 , 45 , 46 , 47 , 48 , 49 , 50 , 51 are stricken. (vdr) (Entered: 02/18/2025) | Docket Status View Add to request |
| 51 | 02/18/2025 | *STRICKEN* NOTICE OF MOTION AND First MOTION IN LIMINE for Evidence PLAINTIFFS DETAILED BREAKDOWN AND ANALYSIS OF GASLIGHTING OF EPISODE 4 OPENING OF ARCANE filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/18/2025) | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 50 | 02/17/2025 | *STRICKEN* NOTICE OF MOTION AND First MOTION IN LIMINE for Evidence PLAINTIFFS DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 3 OF ARCANE filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/17/2025) | View Add to request |
| 49 | 02/15/2025 | *STRICKEN* NOTICE OF MOTION AND First MOTION IN LIMINE for Evidence Detailed Breakdown and Analysis of the opening scene of Episode 3 of Arcane and Silcos Monologue filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/15/2025) | View Add to request |
| 48 | 02/13/2025 | *STRICKEN* NOTICE of Settlement Response to Riots Recap of Rule 26(f) Conference filed by plaintifff Marc Wolstenholme. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/13/2025) | View Add to request |
| 47 | 02/13/2025 | *STRICKEN* Judicial Notice filed by Plaintiff Marc Wolstenholme Judicial Notice (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/13/2025) | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 46 | 02/13/2025 | *STRICKEN* Plaintiffs Notice of ADR Attempts and Evidence of Good Faith Negotiations NOTICE of Interested Parties filed by Plaintiff Marc Wolstenholme, identifying Riot Games, Inc. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/13/2025) | View Add to request |
| 45 | 02/11/2025 | *STRICKEN* STATEMENT SECOND DECLARATION OF MARC WOLSTENHOLME REGARDING PUBLIC STATEMENTS BY ARCANE CREATORS AND OTHERS INVOLVED IN THE MAKING OF ARCANE (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/11/2025) | View Add to request |
| 44 | 02/09/2025 | *STRICKEN* SUPPLEMENT filed by Plaintiff Marc Wolstenholme. (Attachments: # 1 Exhibit PLAINTIFFS DETAILED BREAKDOWN AND ANALYSIS OF EPISODE 2)(Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/09/2025) | View Add to request |
| 43 | 02/09/2025 | *STRICKEN* STATEMENT PRELIMINARY NOTICE OF DAMAGES FOR THE FORTHCOMING (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/09/2025) | View Add to request |
| 42 | 02/09/2025 | *STRICKEN* DECLARATION OF MARC WOLSTENHOLME REGARDING PUBLIC STATEMENTS BY ARCANE CREATORS AND OTHERS INVOLVED IN THE MAKING OF ARCANE filed by Plaintiff Marc Wolstenholme. (Wolstenholme, Marc) Modified on 2/18/2025 (vdr). (Entered: 02/09/2025) | View Add to request |
| 41 | 02/07/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Notice of Appearance 35 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notice of Appearance or Withdrawal of Counsel G-123.. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court | View Add to request |

| | | | |
|---|---|---|---|
| | | directs you to do so. (ak) (Entered: 02/07/2025) | |
| 40 | 02/06/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: MOTION to Compel 39 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Hearing information is incorrect. Discovery motions should be noticed and set for hearing before the Magistrate Judge. (vdr) (Entered: 02/06/2025) | View Add to request |
| 39 | 02/05/2025 | *STRICKEN* NOTICE OF MOTION to Compel PLAINTIFFS MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37 AND REQUEST FOR JUDICIAL INTERVENTION [PROPOSED] ORDER GRANTING PLAINTIFFS MOTION TO COMPEL DISCOVERY filed by plaintifff Marc Wolstenholme. Motion set for hearing on 3/6/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Exhibit PLAINTIFFS Pre-Litigation Discovery Requests and Rule 26(f) Conference Preparation, # 2 Exhibit PLAINTIFFS RULE 26(f) DISCOVERY PLAN, # 3 Exhibit PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND MOTION TO BIFURCATE DISCOVERY, # 4 Exhibit REFUSALS TO PROVIDE DISCOVERY, # 5 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS MOTION TO COMPEL DISCOVERY) (Wolstenholme, Marc) Modified on 2/6/2025 (vdr). (Entered: 02/05/2025) | View Add to request |
| 38 | 02/05/2025 | OPPOSITION filed by Plaintiff Marc Wolstenholme. (Attachments: # 1 Exhibit PLAINTIFFS Pre-Litigation Discovery Requests and Rule 26(f) Conference Preparation, # 2 Exhibit PLAINTIFFS RULE 26(f) DISCOVERY PLAN, # 3 Exhibit REFUSALS TO PROVIDE DISCOVERY)(Wolstenholme, Marc) (Entered: 02/05/2025) | View Add to request |
| 37 | 02/05/2025 | MEMORANDUM in Opposition to First MOTION IN LIMINE for Evidence PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | Bloodborg Viktor and Warwick PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Bloodborg Viktor and Warwick 30 filed by Defendant Riot Games, Inc.. (Lux, Andrew) (Entered: 02/05/2025) | |
| 36 | 02/05/2025 | MEMORANDUM in Opposition to Second NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint for Leave to File Second Amended Complaint addressing additional claims and corrections 28 filed by Defendant Riot Games, Inc.. (Attachments: # 1 Declaration Declaration of Aaron J. Moss ISO Request for Judicial Notice, # 2 Request for Judicial Notice re Lack of Copyright Registration)(Lux, Andrew) (Entered: 02/05/2025) | View Add to request |
| 35 | 02/05/2025 | NOTICE of Appearance filed by attorney Andrew Patrick Lux on behalf of Defendant Riot Games, Inc. (Attorney Andrew Patrick Lux added to party Riot Games, Inc. (pty:dft))(Lux, Andrew) (Entered: 02/05/2025) | View Add to request |
| 34 | 01/30/2025 | ORDER SETTING SCHEDULING CONFERENCE by Judge Fernando M. Olguin. Scheduling Conference set for 3/6/2025 at 10:00 AM before Judge Fernando M. Olguin. (vdr) (Entered: 01/30/2025) | View Add to request |
| 33 | 01/30/2025 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. Pursuant to the the Motion for Leave to File Second Amended Complaint 28 , the Motion to Dismiss 19 is deemed moot and terminated. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 01/30/2025) | Send Runner to Court |
| 32 | 01/30/2025 | ORDER STRIKING by Judge Fernando M. Olguin Re: Second Amended Complaint 27 . The following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reason(s): (1) Proposed Document was not submitted as separate attachment. (vdr) (Entered: 01/30/2025) | View Add to request |
| 31 | 01/30/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motion 29 , | View Add to request |

| | | | |
|---|---|---|---|
| | | Amended Complaint/Petition 27 . The following error(s) was/were found: Second Amended Complaint filed prematurely as Motion for Leave to File is pending before the Court. Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. (iv) (Entered: 01/30/2025) | |
| 30 | 01/29/2025 | NOTICE OF MOTION AND First MOTION IN LIMINE for Evidence PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Bloodborg Viktor and Warwick PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Bloodborg Viktor and Warwick filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) (Entered: 01/29/2025) | View Add to request |
| 29 | 01/29/2025 | First NOTICE OF MOTION AND MOTION for Leave of Marc Wolstenholme to Appear for Request to Appear Remotely Request to Appear Remotely filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Wolstenholme, Marc) (Entered: 01/29/2025) | View Add to request |
| 28 | 01/29/2025 | Second NOTICE OF MOTION AND MOTION for Leave to file Second Amended Complaint for Leave to File Second Amended Complaint addressing additional claims and corrections filed by plaintifff Marc Wolstenholme. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT) (Wolstenholme, Marc) (Entered: 01/29/2025) | View Add to request |
| 27 | 01/29/2025 | *STRICKEN* PLAINTIFFS SECOND AMENDED COMPLAINT (SAC) AMENDED COMPLAINT against RIOT GAMES, INC. Riot | View Add to request |

| | | | |
|---|---|---|---|
| | | Games, Inc. amending Amended Complaint 11 , filed by plaintifff Marc Wolstenholme (Attachments: # 1 Exhibit PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- The two Brothers, # 2 Exhibit PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Silco, # 3 Exhibit PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Psycho-Emotional Analysis, # 4 Exhibit PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- Neva, Ambessa, and Mel Medarda, Ref Viktor, # 5 Exhibit PLAINTIFFS MOTION IN LIMINE TO ADMIT EVIDENCE- EPISODE 1, # 6 Exhibit DECLARATION OF MARC WOLSTENHOLME- Vi Vs Rook Overview Comparison) (Wolstenholme, Marc) Modified on 1/30/2025 (vdr). (Entered: 01/29/2025) | |
| 26 | 01/28/2025 | ORDER by Judge Fernando M. Olguin: the documents listed below were improperly filed for the following reasons: Hearing information missing or not timely. Proposed orders not attached.; therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: Motions in Limine 20 , 21 , 22 . 23 , Request 24 . (iv) (Entered: 01/29/2025) | View Add to request |
| 25 | 01/28/2025 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motions 20 , 21 , 22 , 23 , Request 24 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 01/28/2025) | View Add to request |
| 22 | 01/27/2025 | **STRICKEN** PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE filed by Plaintiff Marc Wolstenholme. Motion set for | View Add to request |

| | | | |
|---|---|---|---|
| | | hearing on 2/13/2025 at 10:00 AM before Judge Fernando M. Olguin. (iv) Modified on 1/29/2025 (iv). (Entered: 01/28/2025) | |
| 19 | 01/27/2025 | NOTICE OF MOTION AND MOTION to Dismiss Case FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) filed by Defendant Riot Games, Inc.. Motion set for hearing on 2/27/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of Joshua M. Geller, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order) (Geller, Joshua) (Entered: 01/27/2025) | View Add to request |
| 24 | 01/26/2025 | **STRICKEN** PLAINTIFF'S REQUEST FOR REMOTE APPEARANCE AT CASE MANAGEMENT HEARING filed by Plaintiff Marc Wolstenholme. (iv) Modified on 1/29/2025 (iv). (Entered: 01/28/2025) | View Add to request |
| 23 | 01/26/2025 | **STRICKEN** PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE filed by Plaintiff Marc Wolstenholme. Motion set for hearing on 2/13/2025 at 10:00 AM before Judge Fernando M. Olguin. (iv) Modified on 1/29/2025 (iv). (Entered: 01/28/2025) | View Add to request |
| 21 | 01/25/2025 | **STRICKEN** PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE filed by Plaintiff Marc Wolstenholme. (iv) Modified on 1/29/2025 (iv). (Entered: 01/28/2025) | View Add to request |
| 20 | 01/24/2025 | **STRICKEN** PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE filed by Plaintiff Marc Wolstenholme. Motion set for hearing on 2/13/2025 at 10:00 AM before Judge Fernando M. Olguin. (iv) Modified on 1/29/2025 (iv). (Entered: 01/28/2025) | View Add to request |
| 18 | 01/24/2025 | ORDER by Judge Fernando M. Olguin: the documents listed below were improperly filed for the following reasons: Local Rule 6-1, notice must be 28 days before the hearing is set.; therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: Motion in Limine 17 . (iv) (Entered: 01/24/2025) | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| 15 | 01/21/2025 | ORDER by Judge Fernando M. Olguin: Granting 10 APPLICATION for Permission for Electronic Filing. Pursuant to Local Rule 5-4.1.1, the applicant must register to use the Court's CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Court's website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk. (iv) (Entered: 01/21/2025) | View Add to request |
| 17 | 01/20/2025 | **STRICKEN** PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE filed by Plaintiff Marc Wolstenholme. Motion set for hearing on 2/13/2025 at 10:00 AM before Judge Fernando M. Olguin. (iv) Modified on 1/24/2025 (iv). (Entered: 01/22/2025) | View Add to request |
| 16 | 01/17/2025 | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) FOR FAILURE TO STATE A CLAIM filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/22/2025) | View Add to request |
| 14 | 01/17/2025 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Marc Wolstenholme. (iv) (Entered: 01/21/2025) | View Add to request |
| 13 | 01/16/2025 | DECLARATION OF MARC WOLSTENHOLME OVERVIEW OF CHARACTER EVIDENCE filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/20/2025) | View Add to request |
| 12 | 01/16/2025 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. This matter has been assigned to District Judge Fernando M. Olguin. The Court refers counsel to the Court's Initial Standing Order found on the Court's Website under Judge Olguin's Procedures and Schedules. Please read this Order carefully. Pursuant to the filing of a First Amended Complaint 11 , the Motion to Dismiss 7 is terminated | Send Runner to Court |

| | | | |
|---|---|---|---|
| | | as moot.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vdr) TEXT ONLY ENTRY (Entered: 01/16/2025) | |
| 11 | 01/13/2025 | FIRST AMENDED COMPLAINT amending Notice of Removal (Attorney Civil Case Opening) 1 , filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/15/2025) | View Add to request |
| 10 | 01/13/2025 | REQUEST FOR PERMISSION TO FILE DOCUMENTS VIA EMAIL AS A PRO SE LITIGANT filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/15/2025) | View Add to request |
| 9 | 01/13/2025 | DECLARATION OF MARC WOLSTENHOLME re: Motion to Dismiss 7 filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/15/2025) | View Add to request |
| 8 | 01/13/2025 | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B) (6) AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)re: Motion to Dismiss 7 filed by Plaintiff Marc Wolstenholme. (iv) (Entered: 01/15/2025) | View Add to request |
| 7 | 01/10/2025 | NOTICE OF MOTION AND MOTION to Dismiss Case PURSUANT TO FRCP 12(B)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E) filed by Defendant Riot Games, Inc.. Motion set for hearing on 2/13/2025 at 10:00 AM before Judge Fernando M. Olguin. (Attachments: # 1 Declaration of Joshua M. Geller, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order) (Geller, Joshua) (Entered: 01/10/2025) | View Add to request |
| 6 | 01/06/2025 | ORDER TO REASSIGN CASE due to self-recusal pursuant to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges.by Magistrate Judge Jacqueline Chooljian. Case transferred from Magistrate Judge Jacqueline Chooljian to the calendar of Judge Fernando M. Olguin and Magistrate Judge Brianna Fuller Mircheff for all further proceedings. Case number | View Add to request |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | | |
|---|---|---|---|
| | | now reads as 2:25-cv-00053 FMO(BFMx). (rn) (Entered: 01/06/2025) | |
| 5 | 01/03/2025 | NOTICE TO COUNSEL RE: Copyright, Patent and Trademark Reporting Requirements. Counsel shall file the appropriate AO-120 and/or AO-121 form with the Clerk within 10 days. (Attachments: # 1 AO121 Copyright form) (et) (Entered: 01/03/2025) | View Add to request |
| 4 | 01/03/2025 | NOTICE OF ASSIGNMENT to a U.S. Magistrate Judge and Declination of Consent. This case has been randomly assigned to Magistrate Judge Jacqueline Chooljian. (et) (Entered: 01/03/2025) | View Add to request |
| 3 | 01/03/2025 | CORPORATE DISCLOSURE STATEMENT AND NOTICE OF INTERESTED PARTIES filed by Defendant Riot Games, Inc. identifying Tencent Holdings Ltd. as Corporate Parent. (Geller, Joshua) (Entered: 01/03/2025) | View Add to request |
| 2 | 01/03/2025 | CIVIL COVER SHEET filed by Defendant Riot Games, Inc.. (Geller, Joshua) (Entered: 01/03/2025) | View Add to request |
| 1 | 01/03/2025 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number 24STCV28643 Receipt No: ACACDC-38849555 - Fee: $405, filed by Defendant Riot Games, Inc.. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Civil Case Cover Sheet, # 3 Exhibit C - Alternate Dispute Resolution Packet, # 4 Exhibit D - Notice of Case Assignment, # 5 Exhibit E - Summons, # 6 Exhibit F - Order to Show Cause Failure to File Proof of Service, # 7 Exhibit G - Notice of Case Management Conference and Cert of Mailing, # 8 Exhibit H - Notice of Case Management Conference, # 9 Exhibit I - Proof of Personal Service, # 10 Exhibit J - Case No. 24STCV28643 Docket) (Attorney Joshua Michael Geller added to party Riot Games, Inc. (pty:dft))(Geller, Joshua) (Entered: 01/03/2025) | View Add to request |
| | 01/03/2025 | CONFORMED E-FILED COPY OF PROOF OF SERVICE OF SUMMONS Executed by Plaintiff Marc Wolstenholme, upon Defendant Riot Games, Inc. | Send Runner to Court |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

| | | |
|---|---|---|
| | served on 12/5/2024, answer due 12/26/2024. Service of the Summons and Complaint were executed upon Sarai Marin-Employee Authorized to Accept Service-CT Corporation System-Authorized in compliance with California Code of Civil Procedure by personal service. (FILED IN STATE COURT ON 12/9/2024 SUBMITTED ATTACHED TO EXHIBIT I TO NOTICE OF REMOVAL 1 . (et) (Entered: 01/03/2025) | |
| 01/03/2025 | CONFORMED FILED COPY OF COMPLAINT against Defendant Riot Games, Inc., filed by Plaintiff Marc Wolstenholme. (FILED IN STATE COURT ON 10/31/2024 SUBMITTED ATTACHED TO EXHIBIT A TO NOTICE OF REMOVAL 1 . (et) (Entered: 01/03/2025) | Send Runner to Court |

To order copies of any documents listed above, contact Court Express courtexpress@thomsonreuters.com, 1-877-362-7387 (Additional charges apply)

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.