Marc Wolstenholme
5 Shetland Close
Coventry, England CV5 7LS
Telephone: 044 7827964404
Email: marc@mwwolf-fiction.co.uk
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARC WOLSTENHOLME,
          Plaintiff,

vs.

RIOT GAMES, INC.,
          Defendant

CASE NO. 2:25-CV-00053-FMO-BFM HON.

*Hon. Fernando M. Olguin*

DECLARATION OF MARC WOLSTENHOLME

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

Dated this: April 15, 2025

*M.WOLSTENHOLME.*

[MARC WOLSTENHOLME]

1

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND

REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

**TO THE HONORABLE COURT:**

Plaintiff Marc Wolstenholme, appearing pro se, respectfully submits this Supplemental Motion and Notice of Defendant Riot Games, Inc.'s continued noncompliance with discovery obligations. Despite the Court's clear orders and Plaintiff's timely service of discovery requests on March 14, 2025, Defendant has now failed to produce any substantive responses, answers, or documents. Riot has instead issued broad, non-responsive objections that demonstrate no intent to meaningfully engage in discovery but continues a pattern of bad faith.

**I. NOTICE OF NONCOMPLIANCE**

Riot's responses to Plaintiff's Requests for Admission (RFAs), Requests for Production (RFPs), and Interrogatories (ROGs) contain only objections, denials, and delaying language. No documents were produced. No substantive narrative responses were provided. Riot continues to obstruct the truth-seeking process, in defiance of the discovery rules and the Court's order.

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

## II. PATTERN OF ABUSE AND PUBLIC RECORD

This conduct is not isolated. Riot Games, Inc. has a well-documented history of suppressing evidence, targeting vulnerable parties, and utilizing public relations campaigns to obscure IP theft, employee abuse, and discrimination. The Plaintiff's claims intersect with this behavior. Riot's continued concealment of project data and refusal to participate in discovery reflects a larger pattern of obstruction, cover-up, and public misrepresentation.

## III. REQUEST FOR HEIGHTENED DISCOVERY ENFORCEMENT

Plaintiff respectfully requests that the Court issue the following relief:

1. Compel Riot Games, Inc. to immediately produce all documents, communications, and responses to Plaintiff's March 14, 2025 discovery requests.

2. Order Riot to preserve and produce the following, under penalty of Rule 37(e):

- Internal metadata related to Arcane development;

- Slack logs and internal communications from Fortiche and Riot;

- AI generation logs, source control data (e.g., Git), and document authorship chains;

- Project management timelines and submission tracking from 2018 to 2024.

3. Appoint a neutral Special Master or forensic third party to oversee inspection and extraction of responsive data from Riot's systems.

4. Extend the discovery period and toll all deadlines pending full compliance.

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

5. Issue a protective order ensuring Riot does not destroy, move, or modify any internal development data.

6. Refer suspected obstruction to appropriate state or federal authorities if spoliation is uncovered.

These steps are not extreme under the circumstances. Riot has repeatedly used litigation procedure as a weapon against a vulnerable pro se litigant, and its refusal to cooperate in discovery is now a matter of record. Court intervention is essential to protect Plaintiff's right to a fair and complete adjudication.

"See Exhibits A–C, attached hereto, which show that Defendant's responses consist solely of objections and denials, with no documents or meaningful narrative answers provided."

4

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

**Declaration of Authenticity:**

I, Marc Wolstenholme, declare under penalty of perjury that the statements made are true and accurate

Executed on April 15, 2025, in Coventry, England.

Respectfully submitted,

Signature: *M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff in Pro Per

5 Shetland Close

Coventry, England CV5 7LS

marc@mwwolf-fiction.co.uk

5

SUPPLEMENT TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS, COMPEL DISCOVERY, AND REQUEST HEIGHTENED DISCOVERY ENFORCEMENT

AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, | Case No. 2:25-cv-00053-FMO-BFM |
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **DEFENDANT RIOT GAMES, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| RIOT GAMES, INC., | |
| Defendant. | |

PROPOUNDING PARTY:     PLAINTIFF MARC WOLSTENHOLME

RESPONDING PARTY:     DEFENDANT RIOT GAMES, INC.

SET NUMBER:     ONE

Mitchell
Silberberg &
Knupp LLP

1

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the Central District of California, Defendant Riot Games, Inc. ("Riot" or "Defendant") hereby responds to Plaintiff Marc Wolstenholme's ("Wolstenholme" or "Plaintiff") Requests for Production of Documents, Set Number One (the "Requests"), as follows:

## PRELIMINARY STATEMENT

Each of the responses to the individual document requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each document request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual document request, the failure to do so is not and should not be construed as a waiver thereof.

Without in any way obligating itself to do so, Riot reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Riot's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these document requests.

Riot's responses are made solely for the purposes of this action. No incidental or implied admissions are intended by these responses. Riot does not concede the relevance, materiality, propriety, or admissibility of any document request or the subject matter to which it relates. These responses are made by Riot subject to, and without in any way waiving or intending to waive:

Mitchell
Silberberg &
Knupp LLP

2

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

      i.    Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

     ii.    The right to object to other discovery proceedings involving or relating to the same subject matter as the document requests; or

    iii.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

Riot will make reasonable efforts to respond to every document request, to the extent it has not been objected to, as Riot understands and interprets the document request, provided that the document request is not so vague and ambiguous that a response is impossible.  If Wolstenholme subsequently asserts an interpretation of the document request that differs from that of Riot, Riot reserves the right to supplement its objections and responses as necessary.

A protective order has not yet been entered in this action; Riot will produce responsive documents subject to the Court's entry of an appropriate protective order.

### GENERAL OBJECTIONS

1. Riot objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad and unduly burdensome.

2. Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

3. Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are vague and ambiguous.

Mitchell
Silberberg &
Knupp LLP

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

4. Riot further objects to these Requests, and to each of the individual requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense/common interest privilege or any other applicable claim of privilege ("privileged information"). Riot does not intend to disclose any privileged information in response to these requests, and any undertaking by Riot to respond to these requests should be understood to exclude privileged information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

5. Riot further objects to the Requests in their entirety to the extent they attempt or purport to impose obligations on Riot beyond those set forth in the Federal Rules of Civil Procedure. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

6. Riot objects to each Request to the extent it calls for proprietary, confidential, and/or trade secret information of Riot, any other defendant, and/or third parties, and/or information protected by the right of privacy.

7. Riot objects to the Requests to the extent they seek information or documents that are equally available to Wolstenholme and/or within the possession, custody, or control of Wolstenholme.

8. Riot objects to each Request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or from persons who are equally accessible to Wolstenholme.

9. Riot objects to the form for producing electronically stored information described in the requests. Riot will produce information in the form or forms in which it is ordinarily maintained or in a form that is reasonably usable.

Riot's responses are made subject to all general and specific objections and it specifically reserves the right to reassert those objections by motion or at any

Mitchell
Silberberg &
Knupp LLP

4

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

time at trial.

## RESPONSES TO REQUESTS FOR PRODUCTION

### Category 1:  Development Timeline & Access to Plaintiff's Work

**Request (a):**

All documents and communications related to the development timeline of Arcane, including drafts, scripts, concept art, and storyboards.

**Response to Request (a):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing, and it reserves the right to supplement its response.

**Request (b):**

All documents showing access to Riot Forge submissions, including submissions dated April 15 and April 19, 2020, related to Bloodborg: The Harvest.

**Response to Request (b):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Subject to and without waiving the foregoing

Mitchell Silberberg & Knupp LLP

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

objections, Riot responds: After a reasonable search and diligent inquiry, Riot has not been able to locate any evidence of any submission relating to "Bloodborg: The Harvest." Riot's investigation is ongoing, and it reserves the right to supplement its response.

**Request (c):**

Internal communications (emails, Slack messages, meeting notes) discussing Riot Forge submissions and potential adaptations of external ideas.

**Response to Request (c):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing, and it reserves the right to supplement its response.

**Request (d):**

All agreements between Riot Games and Curtis Brown Group, United Talent Agency (UTA), or Fortiche Productions regarding Arcane's development

**Response to Request (d):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Riot further objects to this Request because it is so overbroad as to be

Mitchell
Silberberg &
Knupp LLP

6

unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing, and it reserves the right to supplement its response.

**Request (e):**

All documents referencing "Bloodborg" or "M.W. Wolf" or Marc Wolstenholme or any codenames related to these words within Riot Games' internal and external communications.

**Response to Request (e):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing and it reserves the right to supplement its responses.

### Category 2: Copyright Infringement & Substantial Similarities

**Request (a):**

All Riot Games communications discussing similarities between Bloodborg: The Harvest and Arcane.

**Response to Request (a):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing and it reserves the right to supplement its responses.

Mitchell
Silberberg &
Knupp LLP

7

**Request (b):**

Any internal analyses, reports, or comparisons of external works against Arcane's storyline.

**Response to Request (b):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing and it reserves the right to supplement its response.

**Request (c):**

Documents identifying all individuals involved in script revisions made at any time but more focused post-April 2020.

**Response to Request (c):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing and it reserves the right to supplement its response.

Mitchell
Silberberg &
Knupp LLP

8

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**Category 3: Casting, Contracts, and Financial Records**

**<u>Response to Request (a):</u>**

Contracts, NDAs, and agreements signed by Arcane's voice actors.

**<u>Response to Request (a):</u>**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing.

**<u>Request (b):</u>**

Documents reflecting Riot Games' financial transactions with Curtis Brown, UTA, and Fortiche Productions.

**<u>Response to Request (b):</u>**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing.

**<u>Request (c):</u>**

Records of casting decisions, including discussions of potential intellectual property conflicts.

**<u>Response to Request (c):</u>**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request on the

Mitchell
Silberberg &
Knupp LLP

9

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

ground that it is vague and ambiguous. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

**Request (d):**

All documents regarding deals, bargaining and quid pro quo deals.

**Response to Request (d):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request on the ground that it is vague and ambiguous. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request because it is so overbroad as to be unduly burdensome and harassing. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

**Category 4: Corporate Conduct & Bad Faith Actions**

**Request (a):**

Internal Riot Games communications discussing Plaintiff's copyright claim.

**Response to Request (a):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client

Mitchell
Silberberg &
Knupp LLP

10

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, Riot responds: Riot is willing to meet and confer with Wolstenholme regarding whether this Request can be reasonably narrowed. Riot's investigation is ongoing and it reserves the right to supplement its response.

**Request (b):**

All documents related to Riot Games' responses to Plaintiff's cease-and-desist demands.

**Response to Request (b):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, Riot responds: Riot is unaware of any non-privileged documents that are responsive to this request. Riot's investigation is ongoing and it reserves the right to supplement its responses as necessary.

**Request (c):**

All records showing Riot Games' compliance with litigation hold notices and evidence preservation.

**Response to Request (c):**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Riot further

Mitchell
Silberberg &
Knupp LLP

11

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

objects to this Request because it is so overbroad as to be unduly burdensome and harassing.

DATED: April 14, 2025                    MITCHELL SILBERBERG & KNUPP LLP


                                         By: _____
                                             AARON J. MOSS (SBN 190625)
                                             JOSHUA M. GELLER (SBN 295412)
                                             HANNAH G. SHEPHERD (SBN 347611)
                                             Attorneys for Defendant Riot Games, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

On April 14, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT RIOT GAMES, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc Wolstenholme                           *Plaintiff in Pro Per*
5 Shetland Close
Coventry, England CV5 7LS
Tel: 044 7827964404
Email: marc@mvwolf-fiction.co.uk

☑ **BY MAIL**:  I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 14, 2025, at Los Angeles, California.

_____
Monica Bowdre

ARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME,<br><br>       Plaintiff,<br><br>       v.<br><br>RIOT GAMES, INC.,<br><br>       Defendant. | CASE NO. 2:25-cv-00053-FMO-BFM<br><br>*Hon. Fernando M. Olguin*<br><br>**DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:      PLAINTIFF MARC WOLSTENHOLME

RESPONDING PARTY:        DEFENDANT RIOT GAMES, INC.

SET NO.:                              ONE

Mitchell
Silberberg &
Knupp LLP

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the Central District of California, Defendant Riot Games, Inc. ("Defendant" or "Riot") hereby responds to Plaintiff Marc Wolstenholme's ("Plaintiff" or "Wolstenholme") Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

Each of the responses to the individual interrogatories herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each interrogatory and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual interrogatory, the failure to do so is not and should not be construed as a waiver thereof.

Without in any way obligating itself to do so, Riot reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Riot's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these document requests.

Riot's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Riot does not concede the relevance, materiality, propriety, or admissibility of any interrogatory or the subject matter to which it relates. These responses are made by Riot subject to, and without in any way waiving or intending to waive:

Mitchell
Silberberg &
Knupp LLP

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

    i.     Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

    ii.    The right to object to other discovery proceedings involving or relating to the same subject matter as the interrogatories; or

    iii.    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

Riot will make reasonable efforts to respond to every interrogatory, to the extent it has not been objected to, as Riot understands and interprets it, provided that the interrogatory is not so vague and ambiguous that a response is impossible. If Wolstenholme subsequently asserts an interpretation of the interrogatory that differs from that of Riot, Riot reserves the right to supplement its objections and responses as necessary.

### **GENERAL OBJECTIONS**

1.    Riot further objects to these interrogatories, and to each of them, on the grounds that they are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

2.    Riot further objects to these interrogatories, and to each of them, on the grounds that they are vague and ambiguous.

3.    Riot further objects to these interrogatories, and to each of them, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense/common interest privilege or any other applicable claim of privilege ("privileged information").  Riot does not intend to disclose any privileged information in response to these interrogatories, and any undertaking by Riot to respond should be understood to exclude privileged

Mitchell
Silberberg &
Knupp LLP

3

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

information.  Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

4.    Riot further objects to the interrogatories in their entirety to the extent they attempt or purport to impose obligations on Riot beyond those set forth in the Federal Rules of Civil Procedure.  In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

5.    Riot objects to each interrogatory to the extent it calls for proprietary, confidential, and/or trade secret information of Riot, any other defendant, and/or third parties, and/or information protected by the right of privacy.

6.    Riot objects to the interrogatories to the extent they seek information or documents that are equally available to Wolstenholme and/or within the possession, custody, or control of Wolstenholme or any non-party.

7.    Riot objects to each interrogatory to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or from persons who are equally accessible to Wolstenholme.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Riot Games employees, contractors, or agents who had access to Riot Forge submissions in April 2020.

**RESPONSE TO INTERROGATORY NO. 1:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory on the ground that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs

Mitchell
Silberberg &
Knupp LLP

4

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

of the case. Subject to and without waiving the foregoing objections, Riot responds that its investigation in this matter is ongoing. Riot reserves the right to supplement this response, subject to the Court's entry of an appropriate protective order.

**INTERROGATORY NO. 2:**

Identify all individuals involved in reviewing, discussing, or considering Bloodborg: The Harvest and all other manuscripts, as potential adaptations.

**RESPONSE TO INTERROGATORY NO. 2:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory on the ground that it assumes facts that are not true, including that any individuals were "involved in reviewing, discussing, or considering Bloodborg: The Harvest." Subject to and without waiving the foregoing objections, Riot responds that it never considered Bloodborg: The Harvest, or any other manuscript identified by Wolstenholme in this matter, as a potential adaptation.

**INTERROGATORY NO. 3:**

Provide the exact timeline of Riot's contact with Fortiche Productions regarding Arcane's development along with a list of the 530 employees who worked on Arcane, with their roles and periods of work on Arcane.

**RESPONSE TO INTERROGATORY NO. 3:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory as so overbroad and unduly burdensome as to be harassing. Riot further objects to this interrogatory as containing improper subparts.

Mitchell
Silberberg &
Knupp LLP

5

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 4:**

State whether Riot Games received any feedback indicating similarities between Arcane and Bloodborg.

**RESPONSE TO INTERROGATORY NO. 4:**

Riot incorporates by reference the Preliminary Statement and General objections as though fully set forth here. Riot further objects to this interrogatory on the grounds it fails to specify any reasonable temporal scope, thereby rendering the interrogatory overly broad and disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Riot responds that it has never received any feedback indicating similarities between Arcane and Bloodborg other than from Wolstenholme in this lawsuit, which Riot disputes.

**INTERROGATORY NO. 5:**

Identify all litigation hold notices related to document preservation in response to this lawsuit.

**RESPONSE TO INTERROGATORY NO. 5:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

DATED: April 14, 2025                  MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

Mitchell Silberberg & Knupp LLP

6

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

On April 14, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc Wolstenholme                    *Plaintiff in Pro Per*
5 Shetland Close
Coventry, England CV5 7LS
Tel: 044 7827964404
Email: marc@mvwolf-fiction.co.uk

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 14, 2025, at Los Angeles, California.

_____
Monica Bowdre

Mitchell
Silberberg &
Knupp LLP

7

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

AARON J. MOSS (SBN 190625)
Aaron.Moss@msk.com
JOSHUA M. GELLER (SBN 295412)
Josh.Geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
Hannah.Shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WOLSTENHOLME, | Case No. 2:25-cv-00053-FMO-BFM |
| Plaintiff, | *Hon. Fernando M. Olguin* |
| v. | **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| RIOT GAMES, INC., | |
| Defendant. | |

PROPOUNDING PARTY:     PLAINTIFF MARC WOLSTENHOLME

RESPONDING PARTY:     DEFENDANT RIOT GAMES, INC.

SET NUMBER:     ONE

Pursuant to Federal Rule of Civil Procedure 36 and the corresponding Local Rules of the Central District of California, Defendant Riot Games, Inc. ("Riot" or "Defendant") hereby responds to Plaintiff Marc Wolstenholme's ("Wolstenholme" or "Plaintiff") Requests for Admission, Set Number One (the "Requests"), as follows:

## PRELIMINARY STATEMENT

Each of the responses to the individual requests herein incorporates and is subject to this preliminary statement and the general and specific objections set forth below. The preliminary statement and objections form a part of the response to each request and are set forth in this manner to avoid repetition. While the preliminary statement and objections may be referred to specifically in response to an individual request, the failure to do so is not and should not be construed as a waiver thereof.

Without in any way obligating itself to do so, Riot reserves the right to modify or supplement its responses and to produce, introduce or rely upon subsequently acquired or discovered information or documents at trial or in any pretrial proceedings held herein as additional facts are ascertained, as documents are obtained, as additional contentions are formulated, and as additional discovery, analysis, or research may reveal. Riot's responses are not in any way to be deemed an admission or representation that there are no further facts, documents, or witnesses with knowledge or information relevant to the subject matter of these document requests.

Riot's responses are made solely for the purposes of this action. Except for express admissions set forth herein, no incidental or implied admissions are intended by these responses. Riot does not concede the relevance, materiality, propriety, or admissibility of any request or the subject matter to which it relates. These responses are made by Riot subject to, and without in any way waiving or intending to waive:

Mitchell Silberberg & Knupp LLP

2

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

     i.     Any objections as to competency, materiality, privilege, relevancy, propriety, confidentiality/trade secrecy, admissibility and/or any other objections on grounds which would require exclusion of any information contained herein;

     ii.    The right to object to other discovery proceedings involving or relating to the same subject matter as the requests; or

     iii.   The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.  Furthermore, these responses are given subject to correction of any omissions or errors.

Riot will make reasonable efforts to respond to every request, to the extent it has not been objected to, as Riot understands and interprets the request, provided that the request is not so vague and ambiguous that a response is impossible.  If Wolstenholme subsequently asserts an interpretation of the document request that differs from that of Riot, Riot reserves the right to supplement its objections and responses as necessary.

## **GENERAL OBJECTIONS**

1.    Riot objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad and unduly burdensome.

2.    Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

3.    Riot further objects to these Requests, and to each of the individual requests, on the grounds that they are vague and ambiguous.

4.    Riot further objects to these Requests, and to each of the individual requests, to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense/common

Mitchell
Silberberg &
Knupp LLP

3

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

interest privilege or any other applicable claim of privilege ("privileged information"). Riot does not intend to disclose any privileged information in response to these requests, and any undertaking by Riot to respond to these requests should be understood to exclude privileged information. Any disclosure of privileged information is inadvertent and shall not be deemed to constitute a waiver of any privilege or protection.

5. Riot further objects to the Requests in their entirety to the extent they attempt or purport to impose obligations on Riot beyond those set forth in the Federal Rules of Civil Procedure. In the following responses, all definitions and other instructions shall be treated as having no force or effect to the extent that they exceed those duties.

6. Riot objects to each Request to the extent it calls for proprietary, confidential, and/or trade secret information of Riot, any other defendant, and/or third parties, and/or information protected by the right of privacy.

7. Riot objects to the Requests to the extent they seek information that is equally available to Wolstenholme and/or within the possession, custody, or control of Wolstenholme.

8. Riot objects to each Request to the extent it attempts or purports to impose an obligation to investigate or discover information from third parties not under its control and/or from persons who are equally accessible to Wolstenholme.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Riot Games reviewed Bloodborg: The Harvest as part of Riot Forge submissions in 2020.

Mitchell
Silberberg &
Knupp LLP

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here.  Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Riot Games worked with, or made deals with agents and people at Curtis Brown Group and / or United Talent Agency (CBG & UTA) regarding Bloodborg and Arcane.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Riot further objects to this Request on the ground that it is compound. Subject to and without waiving the foregoing objections, Riot responds: Riot denies that there is any connection between "Bloodborg" and "Arcane," and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Jonny Geller, Felicity Blunt or any other representatives of CBG & UTA were involved with the deals and business transactions and translation regarding Bloodborg and / or Arcane, or any codenames given to these products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here.  Riot further objects to this request on the ground that it is vague and ambiguous. Riot further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in

Mitchell
Silberberg &
Knupp LLP

5

this action nor reasonably calculated to lead to the discovery of admissible evidence. Riot further objects to this Request on the ground that it is compound. Subject to and without waiving the foregoing objections, Riot responds: Riot denies that there is any connection between "Bloodborg" and "Arcane," and on that basis denies the Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Riot Games discussed or considered Bloodborg: The Harvest in Arcane's development.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that characters and plotlines in Arcane bear substantial similarities to Bloodborg: The Harvest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Arcane's scripts were modified after April 2020

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request on the ground that it is vague and ambiguous, including as to the words "modified." Riot

Mitchell
Silberberg &
Knupp LLP

6

further objects to this Request on the ground that it calls for information that is not relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Riot responds: Riot is unable to respond to the Request as written, including because it is too vague and ambiguous. To the extent that the Request intends to imply that any "scripts" for Arcane were "modified" as a result of any connection to, or use of, Wolstenholme's alleged manuscript "Bloodborg: The Harvest," Riot denies that.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Riot Games employees communicated about Bloodborg: The Harvest internally.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Riot further objects to the extent that the Request intends to imply that Riot employees communicated about Bloodborg: The Harvest internally to create Arcane. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Riot Games' legal team discussed strategies to suppress evidence related to Bloodborg: The Harvest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Riot further objects to this request to the extent it calls for information protected from disclosure by the attorney-client

Mitchell Silberberg & Knupp LLP

7

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that co-creators Alex Yee and Christian Linke did not write Arcane.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here. Subject to and without waiving the foregoing objections, Riot responds: Deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Bloodborg was directly used to build Arcane narratives at any point.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Riot incorporates by reference the Preliminary Statement and General Objections as though fully set forth here.  Subject to and without waiving the foregoing objections, Riot responds: Deny.

DATED: April 14, 2025                    MITCHELL SILBERBERG & KNUPP LLP

By: _____
AARON J. MOSS (SBN 190625)
JOSHUA M. GELLER (SBN 295412)
HANNAH G. SHEPHERD (SBN 347611)
Attorneys for Defendant Riot Games, Inc.

Mitchell
Silberberg &
Knupp LLP

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is mxb@msk.com.

On April 14, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT RIOT GAMES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc Wolstenholme                    *Plaintiff in Pro Per*
5 Shetland Close
Coventry, England CV5 7LS
Tel: 044 7827964404
Email: marc@mvwolf-fiction.co.uk

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 14, 2025, at Los Angeles, California.

_____
Monica Bowdre

Mitchell
Silberberg &
Knupp LLP

20653012.1

9

RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION