Case No. 25-3163

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARC WOLSTENHOLME,

*Plaintiff-Appellant,*

v.

RIOT GAMES, INC.,

*Defendant-Appellee.*

---

## PLAINTIFF-APPELLANT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO SEAL

---

Appeal from the United States District Court For The Central District

Marc Wolstenholme

5 Shetland Close

Coventry, England CV5 7LS

Tel: 044-782-796-4404

Email: marc@mwwolf-fiction.co.uk


September the 4th, 2025

Clerk of the Court

United States Court of Appeals for the Ninth Circuit

95 Seventh Street

San Francisco, CA 94103

1

Plaintiff-Appellant respectfully submits this reply in response to Riot Games, Inc.'s Opposition to motion to seal (Dkt. 34.1).

### 1. Irreparable Harm and Safety Risks.

Riot argues that I have not shown irreparable injury. This is incorrect. My filings under seal document repeated hacking and targeted cyberattacks against my personal accounts, confirmed by Malwarebytes breach reports. These same accounts contained my submissions to Curtis Brown Group (CBG), including *Bloodborg: The Harvest* (April 2020) and my 2021 email notifying Jonny Geller of infringement. These files have been repeatedly deleted, then recovered, only to be deleted again.

Further, Riot's wider online community has subjected me to harassment and credible death threats, including messages threatening to set me on fire, stab me, and to pay a crackhead to kill me. Advertising the exact anti-virus programs and breach reports I rely upon would expose me to greater danger by enabling hostile actors and Riot's extremist cult like following to circumvent them. These threats and the targeting of my family have already led to CAFCASS (the Children and Family Court Advisory and Support Service), UK family court and MOJ involvement.

As someone with a diagnosed anxiety-based disorder and PTSD, public disclosure of these materials would exacerbate harm and make it easier for a wider forum of Riot's cult-like community to target my system. Even if they didn't, it would still put me in an uneasy state knowing that they could.

The sealing request is made purely for safety reasons and to protect myself, my computer systems, and the evidentiary record. No party acting in good faith would file a motion against this, knowing of my PTSD, the history of spoliation of evidence and intrusions, the long record of harassment and death threats, and Riot's wider history of abuse. That Riot's legal team nevertheless chose to oppose this motion is itself reason to grant sealing and reason to question the motives of counsel acting in an unethical manner.

Courts in this Circuit recognize that "compelling reasons" exist to seal when disclosure could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements" or "release trade secrets" (*Kamakana v. City &*

*Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Here, disclosure would not only gratify a hostile online mob but would directly enable further cyberattacks and threats to my personal safety.

## 2. Narrow Tailoring.

The sealing request is narrowly tailored. I do not seek to seal the entire record, only breach reports, recovery evidence, and intrusion logs that, if made public, would aid further hacking attempts and jeopardize my safety. This is consistent with Circuit Rule 27-13(e)'s requirement that sealing be the "least restrictive" measure.

The Ninth Circuit has emphasized that courts must balance the "compelling reasons" for secrecy with the public's right of access, ensuring that sealing is limited to genuinely sensitive material (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)). My request is consistent with this principle: only cybersecurity evidence that could expose me to further harm is at issue.

These matters are also under investigation for other criminal matters.

## 3. Relevance to the Proceedings.

Contrary to Riot's claim of irrelevance, these materials are directly relevant. The breach evidence establishes a pattern:

- Submissions and warnings (to CBG and Jonny Geller) were sent from the very accounts later hacked.

- CBG's incomplete SARs correspond with the compromised data and the auditors resignation soon after a pre-litigation hold was placed on them in connection to these matters.

- The timing of breaches aligns with Riot's derivative releases and these litigations.

- These facts go to access, spoliation of evidence, and obstruction, issues central to the litigation pipeline connecting CBG, UTA, and Riot.

The Ninth Circuit has recognized that materials "more than tangentially related to the merits of a case" fall under the compelling reasons standard (*Ctr. for Auto Safety*, 809 F.3d at 1101). The documents I seek to seal meet this threshold, they directly address access to my works, deletion of evidence, and Riot's derivative exploitation.

**Conclusion.**

Plaintiff-Appellant has demonstrated compelling reasons and irreparable harm sufficient to justify sealing. The materials in question are both sensitive and directly relevant. I respectfully request that the Court grant the Motion to Seal.

Dated: September 4th 2025
Coventry, England

**Marc Wolstenholme**
Plaintiff-Appellant, Pro Se

M.WOLSTENHOLME.

**[PROPOSED] ORDER GRANTING PLAINTIFF-APPELLANT'S MOTION TO FILE UNDER SEAL**

Having considered Plaintiff-Appellant Marc Wolstenholme's Motion to File Under Seal, Riot Games, Inc.'s Opposition, and Plaintiff-Appellant's Reply, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff-Appellant's Motion to File Under Seal is GRANTED.

The Court finds that the materials Plaintiff-Appellant seeks to file under seal contain sensitive evidence relating to repeated cyber intrusions, harassment, and threats that place his safety and the integrity of his evidence at risk. The sealing request is made purely for safety reasons and to protect Plaintiff-Appellant, his family, his computer systems, and the evidentiary record of this case.

The Court further observes that no party acting in good faith would oppose such a narrowly tailored safety measure, particularly where there is clear knowledge of Plaintiff-Appellant's PTSD diagnosis, the history of spoliation of evidence, prior intrusions, harassment, and death threats, as well as Riot's broader record of abuse. That Riot's legal team nevertheless chose to oppose this motion itself provides compelling reason to grant sealing and calls into question the motives of counsel acting in an apparently unethical manner.

The Court therefore accepts Plaintiff-Appellant's Supplemental Notice of Breach & Missing Evidence and its exhibits for filing under seal.

IT IS SO ORDERED.

DATED: _____

**Certificate of Compliance**

CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULE 32-1

I hereby certify that pursuant to Federal Rule of Appellate Procedure 27(d) and Ninth Circuit Rule 32-1, the enclosed reply is proportionately spaced, has a typeface of 14-point Times New Roman including footnotes, and contains approximately 712 words. The word count is based on the computer program used to prepare this brief.

DATED: September 4th, 2025

Coventry, England

*M.WOLSTENHOLME.*

Marc Wolstenholme

Plaintiff-Appellant, Pro Se

7