Case No. 25-3163

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARC WOLSTENHOLME,

*Plaintiff-Appellant,*

v.

RIOT GAMES, INC.,

*Defendant-Appellee.*

---

**Appellant's Motion to Hold Appeal in Abeyance Until 30 June 2026**

---

Appeal from the United States District Court For The Central District

Marc Wolstenholme

5 Shetland Close

Coventry, England CV5 7LS

Tel: 044-782-796-4404

Email: marc@mwwolf-fiction.co.uk

August 6th, 2025

Clerk of the Court

United States Court of Appeals for the Ninth Circuit

95 Seventh Street

San Francisco, CA 94103

**Legal Basis for Relief**

This Court has authority to manage its docket and to grant appropriate interim relief. Appellant further submits that where the record reflects substantial concerns regarding misrepresentation, evidentiary suppression, and prejudice, the Court retains inherent authority to protect the integrity of its proceedings. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Appellant also respectfully notes that pro se filings are to be construed liberally. See *Erickson v. Pardus*, 551 U.S. 89 (2007).

**Appellant Marc Wolstenholme, appearing pro se, respectfully moves this Court to hold the above appeal in abeyance until 30 June 2026.**

In support of this motion, Appellant states as follows:

1. Appellant has now served a custodial sentence arising from an historic incident. He has been released from custody, but remains subject to tag conditions until June 2026.

2. Appellant is presently working with a probation officer and with Op NOVA, a British military support organisation, as part of his reintegration and stabilisation following release.

3. Appellant has today also filed an application in family court concerning shared contact and living arrangements with his daughter. His daughter remains his sole priority. Appellant is attempting to stabilise his circumstances and comply properly with the advice and guidance of the professionals currently assisting him.

4. Both of the professionals with whom Appellant is presently working have advised that he should ask this Court to keep the present appeal on litigation hold, or in abeyance, until the end of June 2026.

5. Appellant therefore respectfully requests that this Court hold the appeal in abeyance until 30 June 2026, to allow him a short and defined period in which to complete the present stage of supervision, reintegration, and family proceedings.

6. In the meantime, Appellant will continue to investigate matters that he believes may be pertinent to this case. Appellant believes that lines of investigation, developments in communications, and related factual developments may bear upon the issues surrounding this appeal and the wider circumstances in which it arises.

7. Appellant further states that he is in the process of building what he describes as a wider RECO case, because he does not believe this appeal concerns the only alleged crimes, abuses, or misuse affecting the M.W. Wolf Megaverse of Fiction. Appellant states that, in his view, the present appeal forms only one part of a larger pattern.

8. Appellant also states that a number of organisations and agencies, both in the United Kingdom and potentially in the United States, are examining related matters. Appellant does not present that statement as a completed finding of this Court, but as part of the present context in which he seeks a short pause.

9. Appellant further notes that, as of March 2026, public reporting stated that the Trump administration was reviewing Tencent's investments in gaming companies, including Riot Games, in light of national security concerns, and that the U.S. Department of Defense had previously designated Tencent as a Chinese military-affiliated company. Appellant raises these matters as part of the wider context he is investigating, and not to suggest that this Court need resolve such issues in the present motion.

10. Appellant further notes that his website and litigation-related content are being monitored on a recurring daily basis and, according to Appellant's analytics and attribution records, this traffic appears to include entities or networks associated with Tencent, ByteDance, and certain global risk-assessment and auditing-related organisations. Appellant does not present this paragraph as a request for immediate factual findings on those entities, but as part of the wider context in which Appellant seeks a temporary hold and preservation of the record.

11. Appellant is also in communications with other individuals who presently wish to remain anonymous and who, according to Appellant, have reported similar abuses of their intellectual property and have mentioned this case to state senators. Appellant understands those matters to be sensitive and developing.

12. Appellant wishes to preserve his ability to continue investigating and organising relevant material in a proper and orderly way during this defined period, rather than attempting to proceed while under current restrictions, probation-related demands, and active family-court proceedings.

13. This request is made in good faith and not for purposes of delay. Appellant respectfully requests only a limited period of abeyance until 30 June 2026. Appellant is willing to provide a status update to the Court at that time, or sooner if the Court so directs.

14. Although Appellant is medically retired from the British military, he remains morally and duty-bound by oath to uphold national and international security and to act in accordance with his oath of allegiance to the Crown, now His Majesty the King. Appellant considers himself under a continuing duty to report matters which, in his view, may constitute threats involving non-kinetic warfare, economic warfare, or neurocognitive warfare affecting the United Kingdom and its allies, including the Five Eyes partnership. Appellant respectfully submits that some of the matters he is investigating may require review through that broader defensive and criminal lens.

15. In support of this motion, Appellant attaches the following:

a. **Exhibit A** – Schedule of Documented Contradictions, Misrepresentations, Obstruction, Harassment, Digital Interference, and Resulting Prejudice.

b. **Exhibit B –** Reserved for supplemental filing. Appellant has retained a substantial bundle of additional harassment and intimidation materials, including further abusive email and message traffic received during the course of this appeal. Appellant does not burden the Court with the full bundle at this stage but respectfully reserves the right to file it in due course if necessary.

**CONCLUSION**

WHEREFORE, Appellant respectfully requests that this Court hold this appeal in abeyance until **30 June 2026**, preserve Appellant's ability to provide further updates and supporting materials during that period if necessary, and grant such other and further relief as the Court deems just and proper.

**DECLARATION OF TRUTH**

I, Marc Wolstenholme, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 04 May 2026
at Coventry, England, United Kingdom.

Respectfully submitted,

**Marc Wolstenholme**
Appellant, Pro Se
5 Shetland Close
Coventry, England CV5 7LS
United Kingdom
marc@mwwolf-fiction.co.uk
+44 7827 964404