NOT FOR PUBLICATION

FILED

AUG 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARC WOLSTENHOLME,

Plaintiff - Appellant,

v.

RIOT GAMES, INC.,

Defendant - Appellee.

No. 25-3163

D.C. No.
2:25-cv-00053-FMO-BFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 25, 2026**

Before: SILVERMAN, N.R. SMITH, and DE ALBA, Circuit Judges

Marc Wolstenholme appeals pro se from the district court's judgment dismissing his copyright infringement action against Riot Games, Inc. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *United States ex rel. Adventist Health Sys.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of W. v. AbbVie Inc.*, 169 F.4th 1137, 1142 (9th Cir. 2026). We affirm.

The district court properly dismissed Wolstenholme's action because Wolstenholme failed to allege facts sufficient to show that Riot Games had access to his copyrighted material. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (explaining requirements for a plaintiff to prove copying circumstantially, including showing "that the defendant had access to the plaintiff's work" (citation and internal quotation marks omitted)); *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (explaining that access cannot be shown by "showing bare corporate receipt of [the subject] work by an individual who shares a common employer with the alleged copier." (citation and internal quotation marks omitted)); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), overruled in part on other grounds by *Skidmore*, 952 F.3d at 1066-69) ("Access may not be inferred through mere speculation or conjecture." (citation and internal quotation marks omitted)).

We reject as meritless Wolstenholme's contentions regarding discovery.

We do not consider issues not specifically and distinctly argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

All pending motions are denied.

**AFFIRMED.**