UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARC WOLSTENHOLME,
Plaintiff-Appellant,
v.
RIOT GAMES, INC.,
Defendant-Appellee.

No. 25-3163
D.C. No. 2:25-cv-00053-FMO-BFM

# APPELLANT'S MOTION FOR LEAVE TO LODGE EXHIBITS A AND B IN SUPPORT OF PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC (DE 38)

## MOTION

Plaintiff-Appellant Marc Wolstenholme, proceeding pro se, respectfully moves under Federal Rule of Appellate Procedure 27 for leave to lodge Exhibits A and B in connection with his Petition for Panel Rehearing and Petition for Rehearing En Banc, filed September 10, 2026 as Docket Entry 38.

Exhibits A and B were electronically submitted with DE 38 as separately identified exhibits. Appellant files this motion to clarify their intended procedural use and to request express leave for the exhibits to remain lodged with the rehearing petition.

## GROUNDS FOR RELIEF

The panel memorandum affirmed dismissal on the ground that Appellant failed to allege facts sufficient to show Riot Games had access to his copyrighted material. DE 37. The rehearing petition challenges the panel's treatment of access

and identifies access routes Appellant contends were pleaded below and presented on appeal, including the alleged Riot Forge submission route and the Curtis Brown Group professional-intermediary route.

Exhibit A visually organizes the CBG/professional-intermediary access route. Exhibit B visually organizes the alleged direct Riot Forge/Riot access route. They are intended to assist the Court in following the relationships, chronology, record allegations, and evidentiary material relevant to the access question. They do not replace the arguments contained in DE 38, and the rehearing petition is intended to stand independently if the Court declines to consider either exhibit.

Appellant recognizes the distinction between material contained in the District Court record and material obtained later. To the extent Exhibits A or B contain subsequently obtained material, Appellant does not represent such material as having formed part of the record before the District Court or the original appellate record. Such material is offered only as subsequent corroboration or particularization of access routes previously alleged, and only to the extent the Court determines consideration is procedurally permissible.

This motion therefore does not ask the Court to treat later material as though it were evidence considered by the District Court, to enlarge the appellate record by characterization, or to decide disputed facts on rehearing. Appellant instead seeks permission to lodge the two exhibits with transparent limitations on their use,

while preserving the Court's authority to disregard any page, statement, or later-obtained item it determines may not properly be considered.

This limited treatment is particularly appropriate because the exhibits separate and organize the two access routes addressed in the rehearing petition. Allowing them to remain lodged will permit the Court to use the visual organization where helpful without requiring the Court to accept later material as part of the original record.

## RELIEF REQUESTED

Appellant respectfully requests that the Court grant leave for Exhibits A and B, submitted with DE 38, to remain lodged in support of the Petition for Panel Rehearing and Petition for Rehearing En Banc; consider those exhibits only to the extent the Court determines procedurally permissible; disregard any subsequently obtained material the Court determines may not properly be considered; and permit DE 38 to remain fully operative regardless of the Court's treatment of Exhibits A and B.

## POSITION OF APPELLEE

Appellant is proceeding pro se and has not obtained Appellee's position on this motion. Appellee may respond within the time provided by the Federal Rules of Appellate Procedure and the Rules of this Court.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant this motion and permit Exhibits A and B submitted with DE 38 to remain lodged subject to the limitations stated above.

Dated: September 10, 2026

Respectfully submitted,

s/Marc Wolstenholme
Marc Wolstenholme
Plaintiff-Appellant, Pro Se