# EXHIBIT F

## CHRONOLOGY OF PLAINTIFF'S TRIAL, JURY-TRIAL, DISCOVERY REQUESTS, DEMANDS, AND COURT ORDERS

Wolstenholme v. Riot Games, Inc.
Case No. 2:25-cv-00053-FMO-BFM

## Purpose

This exhibit consolidates the presently located record showing the procedural course toward discovery and trial, including Plaintiff's repeated requests for discovery, the Court's discovery directions, the parties' Rule 26(f) positions, Plaintiff's formal discovery requests, the Court's jury-trial scheduling entry, and later disputes concerning access discovery. It does not assert that an express Rule 38 jury-demand filing has been located. The chronology distinguishes an express jury demand from documents showing that jury proceedings were contemplated and that the Court placed the action on a jury-trial track.

# Chronology

The following chronology is limited to materials presently located in the case files and project record. Quotations are retained where they materially establish the procedural position.

### 4 December 2024 - Updated California complaint

Plaintiff's updated complaint expressly framed litigation discovery as necessary before trial. It stated that, without safeguards against concealment or witness control, it would be impossible to receive a "fair and timely trial." It also asked for lenient procedural treatment so the claims would not be struck before they had been properly investigated and before litigation discovery had an opportunity to establish the true production timeline and use of allegedly unauthorized intellectual property.

Source: Updated complaint, Case No. 24STCV28643, updated 4 Dec. 2024, pp. 10 and 23.

### 1 January 2025 - Discovery understood as part of the pleading process

In correspondence later reproduced in Defendant Joshua Geller's declaration, Plaintiff stated: "As I understand it, the long form didn't need to be filed in the final form till after the litigation discovery plan? I can file the long form . . . ." This predates the federal discovery conference and shows Plaintiff was already treating discovery as a necessary procedural stage rather than an afterthought.

Source: Declaration of Joshua M. Geller, Dkt. 7-1, as reproduced in Supplemental Excerpts of Record, SER 1334.

### 10 January 2025 - Opposition expressly invokes pretrial discovery

Plaintiff's opposition to Riot's first motion to dismiss stated that the motion did not honestly reflect Plaintiff's efforts "to engage with pretrial discovery as the primary means for clarifying claims" and alleged that Riot had obstructed those efforts. The opposition separately argued that any additional clarification required by the pleadings could be achieved through discovery, consistent with the Federal Rules.

Source: Plaintiff's Opposition to Defendant's Motion to Dismiss, dated 10 Jan. 2025, pp. 2 and 6.

### 26 January 2025 - Plaintiff expressly anticipates jury proceedings

Plaintiff requested remote appearance at the case-management hearing and future hearings because he resided in England. The request carved out "Jury (Final) hearings," stating that remote appearance was requested for hearings thereafter "unless ordered otherwise, or Jury (Final) hearings." This is not itself a formal Rule 38 jury demand, but it is a contemporaneous filing showing Plaintiff expected final jury proceedings.

Source: Plaintiff's Request for Remote Appearance at Case Management Hearing, dated 26 Jan. 2025, p. 2.

### 30 January 2025 - District Court directs discovery to proceed despite motions

Judge Fernando M. Olguin's Order Setting Scheduling Conference required a Rule 26(f) conference and Joint Rule 26(f) Report. The Order stated that pro se litigants are entitled to discovery to the same extent as represented litigants; discovery could commence as soon as the first answer or motion to dismiss was filed; discovery would not be stayed while any motion was pending, including a motion to dismiss or protective order; and the parties were directed to conduct necessary discovery as soon as possible.

Source: Dkt. 34, Order Setting Scheduling Conference, filed 30 Jan. 2025, p. 5.

### 13 February 2025 - Rule 26(f) conference identifies access as a discovery issue

Plaintiff's contemporaneous conference notes record counsel discussing the manner in which Riot allegedly received and accessed Bloodborg. The notes record Riot counsel acknowledging that formal discovery could be served under Rules 33 and 34 and later stating that, if the case proceeded, Plaintiff's allegations concerning copying and development would be the subject of discovery. Counsel identified five overarching legal issues, including "Whether Riot had access."

Source: Plaintiff's Conference Notes - Rule 26(f) Conference, conference held 13 Feb. 2025; notes filed as Exhibit S.

### 13 February 2025 - Riot proposes access-first discovery; Plaintiff objects

The same conference notes record Riot's proposal to bifurcate the case so that discovery would initially be limited to access, followed by a motion on access before remaining discovery. Plaintiff responded that he "absolutely" disagreed and stated that the issue would have to go to the judge. This is important because both sides were treating access as an issue for evidentiary development, while disputing the scope and sequence of that discovery.

Source: Plaintiff's Conference Notes - Rule 26(f) Conference, pp. 13-14.

### 23 February 2025 - Second Amended Complaint continues discovery-based framing

The Second Amended Complaint included a section devoted to Riot's alleged access and wide dissemination of Bloodborg and attached a chronology of dissemination and access. It also repeated the proposition that pretrial discovery is the primary means for clarifying claims. The SAC therefore placed access routes and the need for factual development squarely into the operative pleading record.

Source: Dkt. 58, Plaintiff's Second Amended Complaint, filed 23 Feb. 2025, including pp. 29 and 36.

### Late February 2025 - Joint Rule 26(f) Report prepares case for discovery and trial

The Joint Rule 26(f) process recorded competing positions on discovery, access, scheduling, and trial. The parties did not consent to a magistrate judge for all purposes, including trial. Riot proposed an October 19, 2026 trial date; Plaintiff's position was that the Court could set the trial date after discovery. The report and related conference materials therefore show an active discovery plan linked to an eventual trial.

Source: Joint Rule 26(f) Report and related drafts/positions, February 2025.

### 4 March 2025 - Court enters Scheduling and Case Management Order re Jury Trial

The District Court docket records Dkt. 66 as: "SCHEDULING AND CASE MANAGEMENT ORDER RE: JURY TRIAL by Judge Fernando M. Olguin." The entry states: "Jury Trial set for 3/10/2026 at 9:00 AM before Judge Fernando M. Olguin." This is the clearest located court record establishing that the action was placed on a jury-trial track.

Source: District Court docket, Dkt. 66, entered 4 Mar. 2025; Supplemental Excerpts of Record, SER 1411.

### 14 March 2025 - Plaintiff serves First Set of Discovery Requests

Plaintiff formally served discovery under Rules 26, 33, 34 and 36. The requests sought, among other things: all documents concerning Arcane's development timeline; records showing access to Riot Forge submissions dated April 15 and April 19, 2020; internal emails, Slack messages and meeting notes concerning Riot Forge submissions; agreements involving Riot, Curtis Brown Group, UTA or Fortiche; and all internal or external communications referencing Bloodborg, M.W. Wolf or Marc Wolstenholme.

Source: Plaintiff's First Set of Discovery Requests, dated 14 Mar. 2025, Category 1.

### 14 March 2025 - Interrogatories, admissions, depositions, subpoenas and forensic categories

The same discovery package demanded identification of employees, contractors or agents who had access to Riot Forge submissions in April 2020; identification of persons who reviewed or discussed Bloodborg; production chronology; litigation-hold information; requests for admission concerning receipt, access, script modification and internal communications; depositions of Riot personnel and agency representatives; subpoenas to CBG, UTA, Fortiche and Netflix; Riot Forge server metadata; internal server logs; project folders; and records identifying who was granted access to Bloodborg materials.

Source: Plaintiff's First Set of Discovery Requests, dated 14 Mar. 2025, Sections II-VII.

### 17-19 March 2025 - Further notices concerning discovery and settlement prerequisites

The docket records Plaintiff's supplemental notices regarding discovery and the departure of defense counsel, and Dkt. 73, Plaintiff's Notice to Comply with Prerequisite Requirements for Settlement Discussions and Notice concerning alleged manipulation of court proceedings. The settlement prerequisites included preservation of relevant evidence, disclosure obligations, and Plaintiff's stated intention to continue with discovery and litigation if meaningful settlement conditions were not met.

Source: District Court docket entries 68, 69 and 73; Plaintiff's Prerequisite Requirements for Settlement Discussions.

### 26 March 2025 - Plaintiff reports outstanding discovery to the Court

Plaintiff filed a Notice of Concern regarding litigation conduct and requested Court guidance and protection. It stated that the March 14 discovery had included Requests for Production, Interrogatories, Requests for Admission, Deposition Notices and Subpoena Requests. Plaintiff reported that Riot had not responded and requested guidance concerning enforcement, including whether a motion to compel was required. The filing also stated that Plaintiff was prepared to move forward with discovery and trial.

Source: Dkt. 79, Plaintiff's Notice of Concern, filed 26 Mar. 2025, Sections 5 and 7.

### 4 April 2025 - Riot moves to bifurcate discovery and seek summary judgment on access

The docket records Riot's motion "to Bifurcate Discovery and Permit Initial Summary Judgment Motion on Access." This confirms that access remained a specifically identified factual and procedural issue tied to discovery. Riot simultaneously filed its motion to dismiss the SAC and a motion requiring Plaintiff to post a costs bond.

Source: District Court docket entries 80-82, filed 4 Apr. 2025; Supplemental Excerpts of Record, SER 1408.

### 16 April 2025 - Plaintiff's attempted motion to compel additional discovery is struck

The docket records an order by Magistrate Judge Brianna Fuller Mircheff stating that Plaintiff's supplement appeared to be a motion to compel additional discovery and striking it. Whatever the procedural defect, the entry further documents Plaintiff's continuing attempt to obtain discovery before dismissal.

Source: District Court docket entry 95, entered 16 Apr. 2025; Supplemental Excerpts of Record, SER 1404.

### 24-25 April 2025 - Settlement conference and immediate preservation of Riot Forge portal demonstration

At the April 24 settlement conference, historical Riot Forge submission material was presented. Plaintiff challenged the asserted limitation on the submission mechanism and, using the historical URL, demonstrated that the whole Bloodborg manuscript could be entered into the submission field and that the field extended. Within hours, Plaintiff sent the video demonstration to Riot's counsel and Magistrate Judge chambers. This occurred against the background of the already scheduled jury trial and the unresolved access-discovery dispute.

Source: Exhibit E, Riot Forge Submission Window, Wayback Material and Video Demonstration; email dated 25 Apr. 2025 attaching "Bloodborg in the Portal.mp4."

## Consolidated Evidentiary Significance

Taken together, the located materials establish a continuous procedural record in which Plaintiff sought factual development through discovery, access was expressly identified as a disputed issue for discovery, the District Court directed discovery to proceed notwithstanding pending motions, Plaintiff served formal access-focused discovery, and the District Court subsequently entered a scheduling order expressly captioned as concerning a jury trial and set a jury-trial date.

The materials do not presently establish that a separate filing containing the exact words "Plaintiff demands trial by jury" or an equivalent formal Rule 38 jury demand has been located. Accordingly, this exhibit does not characterize the presently located record as proof of the date or form of a formal jury demand. It instead preserves the narrower documentary proposition actually supported by the record: discovery and trial were repeatedly contemplated, Plaintiff repeatedly pursued discovery, and the District Court placed the case on a jury-trial schedule before the later dismissal.

## Key Discovery Categories Repeatedly Sought

| Category | Located request / issue |
|---|---|
| Access / receipt | Riot Forge submissions of April 15 and 19, 2020; receipt, handling, access and internal circulation. |
| Production chronology | Scripts, drafts, storyboards, concept art, revisions, greenlighting and development timeline. |
| Internal communications | Email, Slack, meeting notes and communications concerning submissions, Bloodborg and external material. |
| Personnel | Identification and testimony of employees, contractors, writers, producers and agency representatives with relevant access. |
| Third parties | CBG, UTA, Fortiche and Netflix records, agreements, communications and subpoenas. |
| Digital evidence | Riot Forge metadata, server logs, project folders, access logs and records identifying who accessed relevant material. |
| Preservation | Litigation holds, evidence-preservation records and information concerning document collection. |
| Access adjudication | Riot proposed access-first discovery and summary judgment; Plaintiff opposed bifurcation and sought broader discovery. |

## Source Index

1. Updated California Complaint, updated 4 Dec. 2024, Case No. 24STCV28643.

2. Plaintiff's Opposition to Defendant's Motion to Dismiss, dated 10 Jan. 2025.

3. Plaintiff's Request for Remote Appearance at Case Management Hearing, dated 26 Jan. 2025.

4. Dkt. 34, Order Setting Scheduling Conference, filed 30 Jan. 2025.

5. Plaintiff's Conference Notes - Rule 26(f) Conference, conference held 13 Feb. 2025.

6. Dkt. 58, Plaintiff's Second Amended Complaint, filed 23 Feb. 2025.

7. Joint Rule 26(f) Report and related Rule 26(f) materials, February 2025.

8. Dkt. 66, Scheduling and Case Management Order re: Jury Trial, entered 4 Mar. 2025.

9. Plaintiff's First Set of Discovery Requests, dated 14 Mar. 2025.

10. Docket entries 68, 69 and 73, March 2025.

11. Dkt. 79, Plaintiff's Notice of Concern, filed 26 Mar. 2025.

12. Docket entries 80-82, filed 4 Apr. 2025.

13. Docket entry 95, entered 16 Apr. 2025.

14. Exhibit E, Riot Forge Submission Window, Wayback Material and Video Demonstration, 24-25 Apr. 2025.